1  CHARLES G. LA BELLA (State Bar No. 183448)
   STEVEN T. COOPERSMITH (State Bar No. 184646)
2  LA BELLA & MCNAMARA LLP
   401 West "A" Street, Suite 1150
3  San Diego, California 92101
   Telephone: (619) 696-9200
4  Facsimile:   (619) 696-9269

5  TODD D. THIBODO (State Bar No. 171655)
   LAW OFFICES OF TODD D. THIBODO
6  A PROFESSIONAL CORPORATION
   16133 Ventura Boulevard, Suite 580
7  Encino, California 91436
   Telephone: (818) 907-5769
8  Facsimile: (818) 907-5793

9  Attorneys for PLAINTIFFS
   JIM MAXWELL and KAY MAXWELL,
10 individually and as guardians of TREVER
   ALLEN BRUCE and KELTEN TANNER
11 BRUCE; and JIM MAXWELL, as executor
   Of the ESTATE OF KRISTIN MARIE
12 MAXWELL-BRUCE

FILED

2007 DEC 19  PM 3: 44

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

13              UNITED STATES DISTRICT COURT

14             SOUTHERN DISTRICT OF CALIFORNIA

15 JIM MAXWELL and KAY MAXWELL,          ) CASE NO. '07 CV 2385 JAH WMc
   individually and as guardians of TREVER )
16 ALLEN BRUCE and KELTEN TANNER         )
   BRUCE; and JIM MAXWELL, as executor   ) COMPLAINT FOR:
17 of the ESTATE OF KRISTIN MARIE        ) (1) 14 U.S.C. § 1983 (right of association);
   MAXWELL-BRUCE,                        ) (2) 14 U.S.C. § 1983 (*Monell* liability)
18                                       ) (3) Wrongful death;
                                         ) (4) Survival action;
19              Plaintiff,               ) (5) Gross negligence;
                                         ) (6) 14 U.S.C. § 1983 (excessive force);
20      v.                               ) (7) Battery;
                                         ) (8) Intentional Infliction of Emotional
21                                       ) Distress;
   COUNTY OF SAN DIEGO; ALPINE FIRE      ) (9) Negligent Infliction of Emotional Distress
22 PROTECTION DISTRICT; VIEJAS FIRE      )
   DEPARTMENT; DEPUTY LOWELL             )
23 BRYAN "SAM" BRUCE; DOES 1-50,         )
                                         )
24              Defendants.              )
                                         )
25                                       ) DEMAND FOR JURY TRIAL
                                         )
26                                       )

27

28

22224

1        JIM MAXWELL and KAY MAXWELL, individually and as guardians of TREVER

2 ALLEN BRUCE and KELTEN TANNER BRUCE; and JIM MAXWELL, as executor of the

3 ESTATE OF KRISTIN MARIE MAXWELL-BRUCE (collectively "Plaintiffs"), for the

4 Complaint against defendants County of San Diego (the "County"), Alpine Fire Department

5 ("Alpine Fire"), Viejas Fire Department ("Viejas Fire"), Deputy Lowell Bryan "Sam" Bruce,

6 DOES 1-15 San Diego County Employees, DOES 26-100 (all defendants collectively,

7 "Defendants") allege as follows:

8                                **INTRODUCTION**

9        1.     As of December 14, 2006, Lowell Bryan "Sam" Bruce ("Bruce" or "Deputy

10 Bruce") was a San Diego County Deputy Sheriff assigned to the Las Colinas Detention

11 Facility ("Las Colinas") in San Diego. On the evening of December 14, 2006, Bruce left Las

12 Colinas and took his County-issued weapon home. Later that same evening, Bruce shot his

13 38-year old wife Kristin Marie Maxwell-Bruce ("Kristin") in the jaw. Bruce shot his wife

14 Kristin in front of their 4-year old son, Kelten, in the home owned by Kristin's parents, Jim

15 and Kay Maxwell ("Jim" and "Kay" or, collectively, the "Maxwells").

16        2.     The County hired Bruce as a Deputy Sheriff after Bruce twice failed the

17 County's psychological evaluation in order to fill a vacancy at Las Colinas. Prior to hiring

18 Bruce, the County was experiencing difficulties in filling vacancies in the County's jail

19 facilities. The County clearly understood and appreciated that he was unfit for duty and prone

20 to violence, but hired him anyway. Not only did the County recklessly hire Bruce, but

21 thereafter provided him with a Glock handgun, and allowed him to take it home with him.

22 December 14 was one of the nights Bruce was permitted to take that weapon home, and, as a

23 result, at least six lives were forever altered.

24        3.     After Bruce fired his shot, Kristin was seriously injured, but able to walk to the

25 telephone and call "911." The San Diego Sheriff's Department (the "Sheriff's Department")

26 responded, but the scene of the shooting quickly became a scene of chaos and disorder

27 under the direction and control of the Sheriff's Department after Sheriff's Deputies

28 learned one of their own was the shooter. Sheriff's Deputies locked down the scene and

                   COMPLAINT

1  refused to let Kristin be taken to the hospital.  Meanwhile, emergency medical responders

2  from Alpine Fire and Viejas Fire – organizations under contract with the County to provide

3  emergency services – as well as from the Sheriff's Department allowed Kristin to suffocate

4  and drown in her own blood.  Kristin died nearly an hour after dialing "911."

5       4.     Defendants also prevented Kristin's parents – Jim and Kay Maxwell - from

6  seeing, speaking to, or comforting Kristin during the last hour of her life.  Moreover, they

7  kept Jim and Kay Maxwell from each other in this critical time.  In fact, after Jim Maxwell

8  learned that his daughter had died he attempted to walk to where his wife was being held by

9  Sheriff's Deputies.  As Jim Maxwell attempted to walk down his driveway to see his wife,

10 one of the Sheriff's Deputies pepper-sprayed him in the face and then clubbed him in order to

11 keep him from his wife in this critical time.  As a result, Kay Maxwell found out only after the

12 news media already knew that her daughter had died.

13      5.     Plaintiffs assert numerous claims arising from these gruesome and unsettling

14 facts, based upon both tort and statutory law, and upon both federal and state law.  Plaintiffs –

15 Kristin's two sons, Kristin's parents, and, upon a wrongful death claim, Kristin herself – pray

16 for damages against Defendants, and hope to obtain at least some relief from the catastrophe

17 Defendants caused.

18                              **THE PARTIES**

19      6.     Plaintiffs Jim and Kay Maxwell are residents of the County of San Diego,

20 within this judicial district.  Jim Maxwell is the legal guardian of Trever Allen Bruce and

21 Kelten Tanner Bruce, Kristin's children.  The Maxwells are also Kristin's successors-in-

22 interest under Cal. Code Civ. Proc. § 377.11.

23      7.     Plaintiffs are informed and believe and on that basis allege that the County of

24 San Diego is, and at all relevant times was, a political subdivision of the State of California,

25 and that the County is within this judicial district.

26      8.     Plaintiffs are informed and believe and on that basis allege that Defendant

27 Alpine Fire Protection District ("Alpine Fire") is a fire department organized and existing

28

---

3                                                        COMPLAINT

1    pursuant to California Health and Safety Code §§ 13800 *et seq.*, and that it is headquartered

2    within this judicial district.

3        9.    Plaintiffs are informed and believe and on that basis allege that Defendant

4    Viejas Fire Department ("Viejas Fire") is a fire department wholly-owned and operated by the

5    Viejas Band of Kumeyaay Indians, a federally recognized Indian tribe, and that it operates

6    within this judicial district.

7        10.    Plaintiffs are informed and believe and on that basis allege that, at all relevant

8    times, Defendant Lowell Bryan "Sam" Bruce ("Bruce" or "Deputy Bruce") was a Deputy

9    Sheriff employed by the County of San Diego Sheriff's Department and an agent and

10   employee of the County, and that he has resided, at all times relevant to this action, within this

11   judicial district.

12       11.    Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1-

13   25 San Diego County Employees and DOES 26-50, inclusive, and therefore sue these

14   defendants by such fictitious names. Plaintiffs will amend their complaint to allege the true

15   names and capacities of those defendants when the same has been ascertained.

16       12.    Plaintiffs are informed and believe, and on that basis allege, that DOES 1-25

17   San Diego County Employees and DOES 26-50, and each of them, are responsible in some

18   manner for the occurrences alleged herein and proximately caused Plaintiffs' damages.

19   Plaintiffs are further informed and believe, and on that basis allege, that Defendants acted at

20   all times mentioned herein as the actual and/or ostensible agents, employees, servants or

21   representatives of each other and, in doing the activities alleged herein, acted within the scope

22   of their authority as agents and employees, and with the permission and consent of each other.

23       13.    Plaintiffs are informed and believe, and on that basis allege, that at all times

24   mentioned herein all Defendants acted under color of law, statute, ordinance, regulations,

25   customs and usages of the State of California and County of San Diego.

26   ///

27   ///

28   ///

        COMPLAINT

**JURISDICTION AND VENUE**

14.   The Court has jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

15.   Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), as Defendants reside within this judicial district and the acts that form the basis of Plaintiffs' claims occurred in this judicial district.

16.   Plaintiffs have timely complied with all government claim requirements, as set forth in California Government Code §§ 900 *et seq.* Plaintiffs received written rejection of their claims within six months of the filing of this complaint.

**GENERAL ALLEGATIONS**

17.   Plaintiffs are informed and believe that in or about 1993, Bruce submitted an application for employment with the County for the position of Corrections Deputy Sheriff. As part of the application process, the County performed a background investigation and psychological evaluation of Bruce.

18.   Plaintiffs are informed and believe that as part of the application process, Bruce underwent and failed the psychological evaluation, and, for that reason, the County denied employment to Bruce.  Plaintiffs are informed and believe that pursuant to civil service rules established by the County, Bruce underwent a second psychological evaluation, which he also failed.

19.   Plaintiffs are informed and believe that the psychological evaluations administered by the County revealed a history of physical violence on the part of Bruce and test results that indicated to the County that Bruce would tend to resort to violence as a way of resolving interpersonal differences with others.

20.   Plaintiffs are informed and believe that after his failure of the psychological evaluation administered by the County, Bruce applied for and was rejected for a position with the San Diego Police Department.

COMPLAINT

21.    Plaintiffs are informed and believe that after his failure of the psychological evaluation administered by the County, Bruce applied for and was rejected for a position with the San Diego Harbor Police.

22.    Plaintiffs are informed and believe that after his failure of the psychological evaluation administered by the County, Bruce applied for and was rejected for a position with the California Highway Patrol.

23.    Plaintiffs are informed and believe that after his failure of the psychological evaluation administered by the County, Bruce applied for and was rejected for a position with the San Diego Sheriff's Department a second time.

24.    Plaintiffs are informed and believe that after his failure of the psychological evaluation administered by the County, Bruce applied for and was rejected for a position with the Los Angeles Police Department.

25.    Plaintiffs are informed and believe that after his failure of the psychological evaluation administered by the County, Bruce applied for and was rejected for a position with the Chula Vista Police Department.

26.    Plaintiffs are informed and believe that after his failure of the psychological evaluation administered by the County, Bruce applied for and was rejected for a position with the California Highway Patrol a second time.

27.    Plaintiffs are informed and believe that after his failure of the psychological evaluation administered by the County, Bruce applied for and was rejected for a position with the Everett, Washington Police Department.

28.    Plaintiffs are informed and believe that after his failure of the psychological evaluation administered by the County, Bruce applied for and was rejected for a position with the Kent, Washington Police Department.

29.    Plaintiffs are informed and believe that after his failure of the psychological evaluation administered by the County, Bruce applied for and was rejected for a position with the Washington State Patrol.

COMPLAINT

30.     Plaintiffs are informed and believe that despite its knowledge of Bruce's prior failure of two psychological evaluations and his lack of psychological fitness, and despite its knowledge that Bruce had applied to and been rejected for employment by at least eight other law enforcement agencies, the County decided to hire Bruce as a San Diego County Sheriff's Deputy and provide him with a deadly weapon which he ultimately used to shoot his wife.

## THE NIGHT OF DECEMBER 14, 2006

31.     On December 14, 2006, Bruce took his County-issued service weapon home with him from Las Colinas and fired a shot at his wife Kristin. His County-issued bullet hit Kristin in the jaw, severely injuring her. At the time, Kristin and Bruce were living at the Maxwells' home in Alpine, California. At the time Bruce shot Kristin, Jim and Kay, as well as Kristin and Bruce's two young sons, Trever Allen Bruce, and Kelten Tanner Bruce, ages seven and four respectively, were home. In fact, Bruce shot Kristin directly in front of Kelten, one of their two sons.

32.     With her jaw bleeding, Kristin was able to walk to a telephone and dial "911."

33.     Shortly after Bruce shot Kristin with his County-issued weapon, Jim Maxwell – seeing his daughter bleeding – confronted Bruce about the seriousness of the injury to which Bruce responded in substance that the injury was not a life-threatening injury.

34.     Bruce – rather than calling "911" or requesting medical assistance for his victim wife – instead called a supervisor at the Sheriff's Department and confessed to his employer that he had just shot his wife.

35.     The Sheriff's Department and emergency medical responders from Alpine Fire and Viejas Fire responded to the Maxwell home. At the time they responded, Kristin was still alive.

36.     Sheriff's Deputies locked down the scene of the shooting and refused to let Kristin be taken to the hospital. As a result, Kristin died at the scene, nearly an hour after she called for help.

37.     During the last hour of Kristin's life, Defendants refused to let her parents see her, refused to let them speak to her or comfort her, and refused to let Jim and Kay Maxwell

1    see, speak to or comfort each other. Sheriff's Deputies and/or other County employees and

2    agents, acting within the course and scope of their employment, assaulted, restrained, and

3    otherwise mistreated the Maxwells as they sought to find out the status of their daughter's

4    condition. Jim Maxwell was pepper-sprayed in the face and clubbed while he sought

5    information about his daughter. Defendants' incompetence or arrogance even caused the

6    news media to believe Jim was a "suspect," despite that Sheriff's Deputies clearly understood

7    that Bruce had been Kristin's shooter. Meanwhile, Kay Maxwell was kept without any

8    information and away from her daughter, learning that she died only after the news media

9    knew that her daughter was dead. The Maxwells were unlawfully detained and falsely

10    imprisoned, kept away from their daughter by Defendants acting in the course and scope of

11    their employment. Kristin's young boys were also mistreated by Defendants. These actions

12    caused emotional distress to these Plaintiffs.

13         38.    Sheriff's Department employees, Alpine Fire and Viejas Fire employees,

14    and/or agents of these organizations – all acting within the course and scope of their

15    employment as emergency medical services providers – caused Kristin's death by performing

16    emergency medical services, including but not limited to first aid, medical treatment, rescue

17    procedures, transportation, and other necessary and related activities in a grossly negligent

18    manner.

19         39.    Last but certainly not least, Bruce himself acted with a willful and conscious

20    disregard of the rights and safety of his wife Kristin, the Maxwells, and his sons Trever Allen

21    Bruce and Kelten Tanner Bruce. He subjected these members of his own family to cruel and

22    unjust hardship in conscious disregard of their rights.

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

COMPLAINT

## FIRST CAUSE OF ACTION

(Violation of 42 U.S.C. § 1983 (Right of Association) –

against Defendants County of San Diego, DOES 1-25

San Diego County Employees and DOES 26-100)

40.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 39 of this Complaint, as if fully set forth at this point.

41.    Plaintiffs are informed and believe, and on that basis allege, that Defendants, acting under color of state law, deprived Plaintiffs of the right to familial relationships in violation of the Fourth Amendment, and without due process in violation of the Fourteenth Amendment, by use of unreasonable, unjustified force and violence, and by deliberate indifference to medical needs, causing injuries and failing to treat injuries, which resulted in the death of Kristin Maxwell-Bruce, in violation of the rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution.

42.    As a result of the wrongful acts of Defendants, and each of them, Plaintiffs have suffered and continue to suffer general damages, including grief, emotional distress, loss of the care, comfort, affection and society, and special damages, including loss of protection and support, in an amount to be determined according to proof at trial.

43.    In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Kristin Maxwell-Bruce. The wrongful acts were willful, oppressive, fraudulent, and malicious, thus warranting the award of exemplary and punitive damages against each defendant, except for governmental entity defendants, in an amount adequate to punish the wrongdoers and deter future misconduct.

## SECOND CAUSE OF ACTION

(Violation of 42 U.S.C. § 1983

(Monell Liability) –

against Defendant County of San Diego)

44.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 43 of this Complaint, as if fully set forth at this point.

COMPLAINT

1    45.    Plaintiffs are informed and believe, and on that basis allege, that Defendant

2  County, acting under color of state law, implicitly or explicitly adopted and implemented

3  careless and reckless hiring policies or practices, that enabled the hiring of an individual as a

4  Sheriff's Deputy, such as Defendant Bruce, who had previously failed two psychological

5  evaluations which revealed a history of physical violence and a tendency to resort to violence

6  as a way of resolving interpersonal differences with others.

7    46.    Plaintiffs are informed and believe, and on that basis allege, that Defendant

8  County's hiring policies or practices permitted the hiring of an individual as a Sheriff's

9  Deputy, such as Defendant Bruce, that it knew had applied to and been rejected for

10  employment by at least eight other law enforcement agencies due to the individual's prior

11  failure of two psychological evaluations and demonstrated lack of psychological fitness.

12    47.    Upon being hired as a Sheriff's Deputy under these careless and reckless

13  policies or practices, Defendant Bruce was furnished with a firearm by Defendant County.

14    48.    Utilizing the firearm furnished by Defendant County, Defendant Bruce shot his

15  wife Kristin Maxwell-Bruce and proximately caused her death, thereby violating her rights

16  under the Fifth and Fourteenth Amendments to the United States Constitution.

17    49.    In general, the failure of the San Diego Sheriff's Department to implement safe

18  and reasonable hiring policies and practices amounts to deliberate indifference of the rights of

19  the individuals its officers come into contact with.

20    50.    In particular, the failure of the San Diego Sheriff's Department to implement

21  safe and reasonable hiring policies and practices amounted to deliberate indifference of the

22  rights of Kristin Maxwell-Bruce to be free from excessive force and deprivation of life

23  without due process of law under the Fifth and Fourteenth Amendments to the United States

24  Constitution.

25    51.    As a result of the wrongful act of Defendant County, Plaintiffs have suffered

26  and continue to suffer general damages, including grief, emotional distress, loss of the care,

27  comfort, affection and society, and special damages, including loss of protection and support,

28  in an amount to be determined according to proof at trial.

## THIRD CAUSE OF ACTION

(Wrongful death – By Jim Maxwell and Kay Maxwell, as guardians

of Trever Allen Bruce and Kelten Tanner Bruce – against all Defendants)

52.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 51 of this Complaint, as if fully set forth at this point.

53.    Plaintiffs are informed and believe, and on that basis allege, that as a proximate result of the acts and omissions of Defendants, including gross negligence in the provision of emergency services, Kristin Maxwell-Bruce suffered loss of life.

54.    As a proximate result of the acts and omissions of Defendants, including gross negligence in the provision of emergency services, and the death of Kristin Maxwell-Bruce, Trever Allen Bruce and Kelten Tanner Bruce have suffered and continue to suffer loss of the care, comfort, affection, society, protection and support of their mother, Kristin Maxwell-Bruce, in an amount to be determined according to proof at trial.

## FOURTH CAUSE OF ACTION

(Survival action - By Jim Maxwell, as executor of the

Estate of Kristin Marie Maxwell-Bruce – against all Defendants)

55.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 54 of this Complaint, as if fully set forth at this point.

56.    Plaintiffs are informed and believe, and on that basis allege, that as a proximate result of the acts and omissions of Defendants, including gross negligence in the provision of emergency services, Kristin Maxwell-Bruce died of injuries she sustained on December 14, 2006.

57.    As a proximate result of the acts and omissions of Defendants, including gross negligence in the provision of emergency services, Kristin Maxwell-Bruce suffered compensable damages prior to her death, in an amount to be determined at trial according to proof.

///

///

COMPLAINT

# FIFTH CAUSE OF ACTION

(Gross Negligence – against Defendants

Alpine and Viejas and DOES 26-35)

58.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 57 of this Complaint, as if fully set forth at this point.

59.    Plaintiffs are informed and believe and on that basis allege that, at all relevant times, Defendant Viejas was a party to a mutual aid agreement with Defendant Alpine pursuant to California Health and Safety Code § 13863, and was operating an ambulance service pursuant to the mutual aid agreement at the time of the incident, and outside of federally recognized tribal land.

60.    California Health and Safety Code § 13863(a) provides: "A district may enter into mutual aid agreements with any ... federally recognized Indian tribe."  California Health and Safety Code § 13863(b) provides: "The ... federally recognized Indian tribe ... shall have the same immunity from liability for civil damages on account of personal injury to or death of any person ... resulting from acts or omissions of its fire department personnel in the performance of the provisions of the mutual aid agreement as is provided by law for the district ..., except when the act or omission occurs on property under the control of the ... federally recognized Indian tribe."

61.    Plaintiffs are informed and believe, and on that basis allege, that Defendants Alpine and Viejas, and each of them, had a duty to provide emergency medical services to Kristin Maxwell-Bruce upon arriving at her home.

62.    Plaintiffs are informed and believe, and on that basis allege, that Defendants Alpine and Viejas, and each of them, were grossly negligent in their treatment of Kristin Maxwell-Bruce.

63.    As a proximate result of the acts and omissions of Defendants Alpine and Viejas, and each of them, Kristin Maxwell-Bruce suffered loss of life.

64.    As a further proximate result of the acts and omissions of Defendants Alpine and Viejas, including the grossly negligent provision of emergency medical services, and the

COMPLAINT

1  death of Kristin Maxwell-Bruce, Jim Maxwell, Kay Maxwell, Trever Allen Bruce and Kelten

2  Tanner Bruce have suffered and continue to suffer loss of the care, comfort, affection, society,

3  protection and support of their daughter and mother, Kristin Maxwell-Bruce, in an amount to

4  be determined according to proof at trial.

5  **SIXTH CAUSE OF ACTION**

6  (42 U.S.C. § 1983 (Excessive Force) – by

7  Jim Maxwell against Defendant County of San Diego and

8  DOES 1-25 San Diego County employees)

9       65.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 64 of this

10  Complaint, as if fully set forth at this point.

11       66.    Plaintiffs are informed and believe, and on that basis allege, that Defendant

12  County has adopted policies, procedures, practices or customs within the San Diego County

13  Sheriff's Department that allow, among other things, the use of excessive force when other

14  more reasonable and less drastic methods are available.

15       67.    On or about December 14, 2006, Defendant DOES 1-25 San Diego County

16  Employees, acting under color of state law, sprayed Jim Maxwell in the face with pepper

17  spray and clubbed him as he was walking down his driveway in order to prevent him from

18  seeing and comforting his wife.

19       68.    The actions of Defendant County amounted to deliberate indifference to the

20  rights of Jim Maxwell to be free of excessive force and unreasonable seizure under the Fourth

21  and Fourteenth Amendments to the United States Constitution.

22       69.    As a result of the deliberate indifference to Jim Maxwell's rights by Defendant

23  County and its agents, servants and employees, including, but not limited to Defendant DOES

24  1-25 San Diego County Employees, and each of them, Jim Maxwell suffered great mental and

25  physical pain and suffering, in an amount to be determined according to proof at trial.

26  ///

27  ///

28  ///

## SEVENTH CAUSE OF ACTION

(Battery - by Jim Maxwell against Defendants

County of San Diego and DOES 1-25 San

Diego County Employees)

70.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 71 of this Complaint, as if fully set forth at this point.

71.     Plaintiffs are informed and believe, and on that basis allege, that each of the Defendants sued herein as DOES 1-25 San Diego County Employees, inclusive, was the agent and employee of Defendant County and was at all times acting within the purpose and scope of such agency and employment on or about December 14, 2006 when they responded to a 911 call at Jim Maxwell's home in response to the claim that Defendant Bruce shot his wife Kristin Maxwell-Bruce.

72.     Plaintiffs are informed and believe, and on that basis allege, that DOES 1-25 San Diego County Employees, in the course of responding to the 911 call, intentionally sprayed Jim Maxwell in the face with pepper spray and then clubbed him.

73.     At no time did Jim Maxwell consent to any of the acts of DOES 1-25 San Diego County Employees alleged above.

74.     As a proximate result of the acts of DOES 1-25 San Diego County Employees, Jim Maxwell has suffered physical injuries, pain and mental suffering.

75.     The foregoing wrongful acts were willful, oppressive, fraudulent, and malicious, thus warranting the award of exemplary and punitive damages against each defendant, except for governmental entity defendants, in an amount adequate to punish the wrongdoers and deter future misconduct.

## EIGHTH CAUSE OF ACTION

(Intentional Infliction of Emotional

Distress - against all Defendants)

76.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 75 of this Complaint, as if fully set forth at this point.

COMPLAINT

77.     Plaintiffs are informed and believe, and on that basis allege, that Defendant Bruce, by shooting his wife, Kristin Maxwell-Bruce, in their home, which resulted in her eventual death, intended to cause, or recklessly disregarded the probability of causing, mental anguish and emotional and physical distress to Kristin Maxwell-Bruce, Jim Maxwell, Kay Maxwell, Trever Allen Bruce and Kelten Tanner Bruce, all of whom resided in the home where Defendant's act occurred, and were present in the home at the time it occurred.

78.     Plaintiffs are informed and believe, and on that basis further allege, that all remaining Defendants, by their acts and omissions, including gross negligence in the provision of emergency services to Kristin Maxwell-Bruce, unlawful detainment and false imprisonment of Jim Maxwell and Kay Maxwell, and causing the media to believe that Jim Maxwell was a suspect who had been arrested for the shooting of his daughter, engaged in outrageous, non-privileged conduct with reckless disregard of the probability of causing mental anguish, and emotional and physical distress to Kristin Maxwell-Bruce, Jim Maxwell, Kay Maxwell, Trever Allen Bruce and Kelten Tanner Bruce, all of whom resided in the home where Defendant's conduct occurred, and all of whom were present in the home at the time and witnessed Defendants' conduct.

79.     As a proximate result of Defendants' conduct, Kristin Maxwell-Bruce, Jim Maxwell, Kay Maxwell, Trever Allen Bruce and Kelten Tanner Bruce suffered severe physical and emotional distress and mental suffering; and Jim Maxwell, Kay Maxwell, Trever Allen Bruce and Kelten Tanner Bruce continue to suffer severe physical and emotional distress and mental suffering.

80.     As a further direct and proximate result of Defendants' conduct, Plaintiffs were, and will be, caused to retain the services of other medical professionals and to incur reasonable expenses for the care and treatment of said injuries sustained, in an amount presently unknown to Plaintiffs, but to be proven at trial.

81.     The foregoing wrongful acts were willful, oppressive, fraudulent, and malicious, thus warranting the award of exemplary and punitive damages against each

1  defendant, except for governmental entity defendants, in an amount adequate to punish the

2  wrongdoers and deter future misconduct.

3  ### **NINTH CAUSE OF ACTION**

4  (Negligent Infliction of Emotional

5  Distress - against all Defendants)

6  82.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 81 of this

7  Complaint, as if fully set forth at this point.

8  83.    Plaintiffs are informed and believe, and on that basis allege, that Defendant

9  Bruce knew or should have known that by shooting his wife, Kristin Maxwell-Bruce, in their

10  home, which resulted in her eventual death, would cause Kristin Maxwell-Bruce, Jim

11  Maxwell, Kay Maxwell, Trever Allen Bruce and Kelten Tanner Bruce, all of whom resided in

12  the home where Defendant's act occurred, and all of whom were present in the home at the

13  time and witnessed Defendants' conduct, to suffer mental anguish and emotional and physical

14  distress.

15  84.    Plaintiffs are informed and believe, and on that basis further allege, that

16  remaining Defendants knew or should have known that their acts and omissions, including

17  gross negligence in the provision of emergency services to Kristin Maxwell-Bruce, unlawful

18  detainment and false imprisonment of Jim and Kay Maxwell, and causing the media to

19  believe that Jim Maxwell was a suspect who had been arrested for the shooting of his

20  daughter, would cause Kristin Maxwell-Bruce, Jim Maxwell, Kay Maxwell, Trever Allen

21  Bruce and Kelten Tanner Bruce, all of whom resided in the home where Defendant's ongoing

22  acts and omissions occurred, and all of whom were present in the home at the time and

23  witnessed Defendants' conduct, to suffer mental anguish and emotional and physical distress.

24  85.    As a proximate result of the acts and omissions of Defendants, Kristin

25  Maxwell-Bruce, Jim Maxwell, Kay Maxwell, Trever Allen Bruce and Kelten Tanner Bruce

26  suffered shock, fear and mental anguish; and Jim Maxwell, Kay Maxwell, Trever Allen Bruce

27  and Kelten Tanner Bruce continue to suffer severe physical and emotional distress and mental

28  suffering.

1    WHEREFORE, Plaintiffs pray for judgment as follows:

2

3    FOR THE FIRST, SECOND AND SIXTH CAUSES OF ACTION:

4         1.    For compensatory damages, according to proof at trial;

5         2.    For exemplary and punitive damages;

6         3.    For attorneys fees;

7         4.    For costs of suit incurred herein; and

8         5.    For such other and further relief as the Court may deem just and proper.

9

10   FOR THE THIRD CAUSE OF ACTION:

11        1.    For damages for the loss of care, comfort, affection, society, protection and

12              support of Kristin Maxwell-Bruce;

13        2.    For exemplary and punitive damages;

14        3.    For costs of suit incurred herein; and

15        4.    For such other and further relief as the Court may deem just and proper.

16

17   FOR THE FOURTH, SEVENTH AND EIGHTH CAUSES OF ACTION:

18        1.    For general and special damages, according to proof at trial;

19        2.    For exemplary and punitive damages;

20        3.    For costs of suit incurred herein; and

21        4.    For such other and further relief as the Court may deem just and proper.

22

23   FOR THE FIFTH AND NINTH CAUSES OF ACTION:

24        1.    For compensatory damages, according to proof at trial;

25        2.    For costs of suit incurred herein; and

26        3.    For such other and further relief as the Court may deem just and proper.

27

28

1

## DEMAND FOR JURY TRIAL

2  Plaintiffs hereby submit this demand that this action be tried in front of a jury, pursuant to

3  Federal Rule of Civil Procedure 38 and Civil L.R. 38.1.

4

5  Dated:  December 19, 2007

CHARLES G. LA BELLA
STEVEN T. COOPERSMITH
LA BELLA & MCNAMARA, LLP

6

7

TODD D. THIBODO
LAW OFFICES OF TODD D. THIBODO
A PROFESSIONAL CORPORATION

8

9

10

11  By: _____

12  Steven T. Coopersmith
Charles G. La Bella
Attorney for PLAINTIFFS

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS

JIM MAXWELL and KAY MAXWELL, individually and as guardians of TREVER ALLEN BRUCE and KELTEN TANNER BRUCE; and JIM MAXWELL, as executor of the ESTATE OF KRISTIN MARIE MAXWELL-BRUCE

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

COUNTY OF SAN DIEGO; ALPINE FIRE PROTECTION DISTRICT; VIEJAS FIRE DEPARTMENT; DEPUTY LOWELL BRYAN "SAM" BRUCE; DOES 1-50

FILED
2007 DEC 19 PM 4 47
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  SAN DIEGO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Charles G. La Bella
Steven T. Coopersmith
La Bella & McNamara, LLP
401 West A Street, Suite 1150
San Diego, CA 92101, (619) 696-9200

ATTORNEYS (IF KNOWN)

**'07 CV 2385 JAH WMc**

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. § 1983 and other causes of action arising from the treatment and death of Kristin Maxwell-Bruce

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reappointment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Medical Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **HABEAS CORPUS:** | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [X] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Conditions | | | |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ to be proven at trial
- CHECK YES only if demanded in complaint: JURY DEMAND: [X] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____  Docket Number _____

DATE  12-19-2007

SIGNATURE OF ATTORNEY OF RECORD  Steven T. Coopersmith

Steven T. Coopersmith

PAID $350 12/19/07 BY 12CPTH 145732

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 145732        — BH

December 19, 2007
15:46:42

**Civ Fil Non-Pris**
USAO #.: 07CV2385 CIVIL FILING
Judge..: JOHN A HOUSTON
Amount.:
Check#.: BC# 8712        $350.00 CK

Total-> $350.00

FROM: CIVIL FILING
    MAXWELL ET AL V. CITY OF SAN D
    ET AL