Kevin Osterberg (Bar No. 138760)
Stephen M. Caine (Bar No. 119590)
HAIGHT BROWN & BONESTEEL LLP
3750 University Avenue, Suite 240
Riverside, California 92501-3313
Telephone: (951) 341-8300
Facsimile: (951) 341-8309
Email: kosterberg@hbblaw.com – *Lead Counsel*
Email: scaine@hbblaw.com

Attorneys for Defendant Alpine Fire Protection
District

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM MAXWELL and KAY MAXWELL, individually and as guardians of TREVER ALLEN BRUCE and KELTEN TANNER BRUCE; and JIM MAXWELL, as executor of the ESTATE OF KRISTEN MARIE MAXWELL-BRUCE, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF SAN DIEGO; ALPINE FIRE PROTECTION DISTRICT; VIEJAS FIRE DEPARTMENT; DEPUTY LOWELL BRYAN "SAM" BRUCE; DOES 1-50, <br><br> Defendants. | Case No. 07 CV 2385 JAH WMc <br><br> [Assigned to Judge Hon. John A. Houston] <br><br> **MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT ALPINE FIRE PROTECTION DISTRICT** <br><br> Date: February 19, 2008 <br> Time: 2:30 pm <br> Ctrm: 11 <br><br> Complaint Filed: December 19, 2007 |

Defendant Alpine Fire Protection District ("Alpine") moves to dismiss and/or

sever and dismiss the claims against it in this action, for lack of federal question

jurisdiction or supplemental jurisdiction, under *F.R.C.P.* 12(b)(1) and/or 12(b)(6).

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

GC11-0000021
3337219.1

1

07cv2385 JAH WMc
Memorandum of P & As in Support of Motion to
Dismiss by Deft. Alpine Fire Protection Dist.

1. **Introduction and Summary of Arguments.**

The operative complaint alleges two primary claims, arising from two events that are separate, both factually and legally:

- The wrongful shooting of the decedent by her husband, Sheriff's Deputy Lowell Bruce, and excessive force and/or deprivation of rights by the Sheriffs from the County of San Diego (the "County" or "Sheriffs") who responded to that crime, and

- The alleged gross negligence of the emergency medical personnel (EMTs or paramedics) that responded to care for the shooting victim, from the Alpine Fire Protection District ("Alpine") and the Viejas Fire Department ("Viejas").

Only state-based causes of action are alleged against Alpine. There is no claim or basis for diversity jurisdiction. There is no federal question jurisdiction over Alpine directly. The only basis for federal jurisdiction over Alpine is supplemental jurisdiction, premised upon the allegations that co-defendant Sheriffs' actions violated the rights of certain plaintiffs, under 14 *U.S.C.* § 1983. However, supplemental jurisdiction is improper here, since the claims against Alpine are utterly separate from the claims against the Sheriffs, both factually and legally.

This action is comprised of two unrelated claims, wrapped up into one merely because the medical negligence claims raised against Alpine happened in sequence after the shooting of the decedent, and the battery of, or excessive force against, the plaintiffs. There is not enough connection between the two events, factually or legally, to justify an extension of supplemental jurisdiction.

In fact, it would be beneficial to sever the trials of these two unrelated claims (if this motion is denied, Alpine will request severance at an appropriate time).

Further, as explained in a separate section below, even the federal claims against the Sheriffs are dubious, and deserving of dismissal. If there is no federal

**LAW OFFICES**
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

GC11-0000021
3337219.1

2

07cv2385 JAH WMc
Memorandum of P & As in Support of Motion to
Dismiss by Deft. Alpine Fire Protection Dist.

1 question jurisdiction against the Sheriffs, there is no basis whatsoever for

2 supplemental jurisdiction against Alpine.

3

4   **2.    The Operative Allegations.**

5        **A.    Co-Defendant Lowell Bruce Shoots His Wife, and the**

6             **Response by the County of San Diego Sheriff's Department.**

7        This action is filed in response to the unfortunate shooting of the decedent,

8 Kristin Marie Maxwell-Bruce, by her husband, former San Diego County Sheriff's

9 Deputy Lowell Bruce, in their home during off-duty hours on December 14, 2006.

10 [CP ¶ 1.]  Deputy Bruce allegedly fired the shot from his service revolver.  [CP ¶ 1.]

11 There is no allegation that the Bruces' home was located on land owned or

12 controlled by the Indian tribe that operates the co-defendant emergency responders,

13 the Viejas Fire Dept.

14        The claims sound in wrongful death, and related state-law torts on behalf of

15 the decedent's estate, and her survivors.  Other state law tort claims are pursued

16 related to that shooting on behalf of her parents, Jim and Kay Maxwell, as a result of

17 actions by law enforcement personnel at the scene of the shooting.

18        The only causes of action expressly invoking federal question jurisdiction –

19 the first, second and sixth, each for violation of 14 *U.S.C.* § 1983 – are aimed solely

20 at co-defendant County of San Diego.  Those causes of action, like all of the

21 common law allegations, arise from the shooting.  [CP ¶ 1.]

22        After the shooting, the decedent, Kristen Maxwell-Bruce, allegedly called

23 "911."  [CP ¶ 3.]  Responding to the "911" call, the San Diego County Sheriffs

24 responded, and allegedly "locked down the scene" at the house and "refused to let

25 Kristin be taken to the hospital."  [CP ¶¶ 3, 36.]  They then allegedly mistreated or

26 used excessive force against the decedents' parents, plaintiffs Jim and Kay Maxwell,

27 and kept them from "seeing, speaking to or comforting Kristen during the last hour

28 of her life."  [CP ¶¶ 3-4.]  Kristen "died at the scene."  [CP ¶ 36.]

**LAW OFFICES**
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

GC11-0000021
3337219.1

3

07cv2385 JAH WMc
Memorandum of P & As in Support of Motion to
Dismiss by Deft. Alpine Fire Protection Dist.

1       The plaintiffs further allege that the Sheriff's Dept. wrongly hired Deputy

2  Bruce, since he was supposedly mentally unfit for the job, and had "twice failed the

3  County's Psychological evaluation in order to fill a vacancy" in a County jail

4  facility, as well as failed other police departments' psychological tests.  [CP ¶¶ 2,

5  17-30.]  This is alleged in an apparent attempt to claim that but for hiring Deputy

6  Bruce, he would not have owned any gun, or shot his wife (with his service

7  revolver, or with some other gun).

8       Curious by its absence is any attempt to connect the dots, and allege that the

9  claimed error in the County's hiring Deputy Bruce as a Sheriff's Deputy was the

10  proximate cause of the shooting, or that but for his being hired as a Sheriff's

11  Deputy, the decedent would not have been harmed.

12

13         **B.**     **The Emergency Crews' Care of the Shooting Victim is**

14              **Faulted.**

15       Excepting temporally, there is no effort to factually connect the allegations

16  arising from the shooting, as against Deputy Bruce or the Sheriff's Department, and

17  the separate allegations that the emergency care provided to the decedent by the

18  emergency medical technicians/ paramedics that responded (from Alpine and/or

19  Viejas) was inadequate.  It is alleged that the paramedics were grossly negligent in

20  "allow[ing]  Kristin [the decedent] to suffocate and drown in her own blood."

21  [CP ¶¶ 3, 38.]

22       It is not alleged that any of the responding emergency medical technicians

23  (EMTs) or paramedics participated in the abuse or excessive force alleged against

24  the Sheriffs.  There is no allegation that the "gross negligence" in emergency

25  medical care provided was performed in concert with any misdeed alleged against

26  the Sheriffs.

27       As against Alpine (and Viejas), the complaint alleges only causes of action

28  based upon state law:  "wrongful death" [CP ¶¶ 52-54];  "survival" [CP ¶¶ 55-57];

**LAW OFFICES**
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

GC11-0000021
3337219.1

4

07cv2385 JAH WMc
Memorandum of P & As in Support of Motion to
Dismiss by Deft. Alpine Fire Protection Dist.

1  "gross negligence" [CP ¶¶ 58-64];  "intentional infliction of emotional distress"

2  [CP ¶¶ 76-81]; and "negligent infliction of emotional distress" [CP ¶¶ 82-85].

3

4  **3.** **Supplemental Jurisdiction Does Not Exist for the Purely State-**

5      **Court Claims Against Alpine, Since They Do Not Arise Out of a**

6      **Common Nucleus of Operative Facts With the Federal Claims**

7      **Raised Against Co-Defendants.**

8      The only basis for federal jurisdiction alleged against Alpine is supplemental

9  jurisdiction, based upon the federal claims under 14 *U.S.C.* § 1983 alleged against

10 the County of San Diego.  [CP ¶ 14.]  Diversity jurisdiction is not alleged (and from

11 the face of the complaint cannot be alleged).

12     Even assuming that the 14 *U.S.C.* § 1983 allegations against the County of

13 San Diego properly create federal question jurisdiction against the County or

14 Deputy Bruce – as described below, those claims are legally dubious – the Section

15 1983 claims are still not a proper basis for supplemental jurisdiction against Alpine,

16 under 28 *U.S.C.* § 1367(a).  That is because the nucleus of facts comprising the

17 excessive force/assault claims against the County are utterly unrelated to, and

18 independent of, the nucleus of facts comprising the claims of grossly negligent

19 emergency care rendered by the paramedics/EMTs from Alpine (and Viejas).

20     That more or different facts might be developed during discovery does not

21 preclude dismissal of the claims against Alpine.  Whether different state and federal

22 claims arise from a common nucleus of facts, sufficient to justify supplemental

23 jurisdiction under 28 *U.S.C.* § 1367(a), is "ordinarily resolved on the pleadings."

24 *New Rock Asset Partners, L.P. v. Preferred Entity Advancements* (3d Cir. 1996) 101

25 F.3d 1492, 1505.

26     The test for whether supplemental jurisdiction can be used to extend federal

27 question jurisdiction to include state-based claims is whether they "form part of the

28 same case or controversy under Article III of the United States Constitution."  28

**LAW OFFICES**

HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

GC11-0000021
3337219.1

5

07cv2385 JAH WMc
Memorandum of P & As in Support of Motion to
Dismiss by Deft. Alpine Fire Protection Dist.

1  *U.S.C.* § 1367(a).  "Same case or controversy," in turn, is defined as being where

2  multiple claims arise from "a common nucleus of operative facts," such that a

3  plaintiff "would ordinarily be expected to try them all in a single judicial

4  proceeding."  *United Mine Workers v. Gibbs* (1966) 383 U.S. 715, 725 ("*Gibbs*");

5  accord, *Kirschner v. Klemons* (2nd Cir. 2000) 225 F.3d 227, 239.

6       The determination of whether multiple claims arise from "a common nucleus

7  of operative facts" is largely discretionary.  *City of Chicago v. Int'l College of*

8  *Surgeons* (1997) 522 U.S. 156, 172.  Courts have discretion to decline supplemental

9  jurisdiction where, in addition to weighing whether diverse state and federal claims

10  arise from "a common nucleus of operative facts," the court finds that doing so

11  would be detrimental to the case, based upon "a host of factors … including the

12  circumstances of the particular case, the nature of the state law claims, the character

13  of the governing state law, and the relationship between the state and federal claims

14  …."  *Id.* at 173;  see also, *Gibbs*, 383 U.S. at 357 (supplemental jurisdiction can be

15  declined, even where some "common nucleus" of facts exists, based on "judicial

16  economy, convenience, fairness to the parties and comity.")

17       There is some discussion, in cases such as *Executive Software No. America,*

18  *Inc. v. United States Dist. Ct.* (9th Cir. 1994) 24 F.3d 1545, 1552-1555, that an

19  amendment of 28 *U.S.C.* § 1367 abrogated *Gibbs*, insofar as *Gibbs* provided District

20  Courts with broader grounds to deny supplemental jurisdiction once a court found

21  that state and federal claims arose from the same "nucleus of facts."  However, in

22  *City of Chicago*, a case post-dating *Executive Software* and the amendment to 28

23  *U.S.C.* § 1367, the Supreme Court continued to apply and quote *Gibbs* with

24  approval.  "[W]e have indicated that 'district courts [should] deal with cases

25  involving pendent claims in the manner that best serves the principles of economy,

26  convenience, fairness, and comity which underlie the pendent jurisdiction

27  doctrine.' "  *City of Chicago*, 522 U.S. at 172-173, quoting *Gibbs*, 383 U.S. at 357.

28  See also, Schwartzer, etc., CALIFORNIA PRACTICE GUIDE – FEDERAL CIVIL

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

GC11-0000021
3337219.1

6

07cv2385 JAH WMc
Memorandum of P & As in Support of Motion to
Dismiss by Deft. Alpine Fire Protection Dist.

1 PROCEDURE BEFORE TRIAL, ¶¶ 2.152 – 2.152.3, pp. 2B-68 – 2B-69 (The Rutter
2 Group 2007).

3     Here, there is no "common nucleus of facts" between the claims of medical
4 negligence against Alpine and the claims sounding in excessive force and battery as
5 against the Sheriff or Deputy Bruce.  The standard of care for EMTs delivering
6 emergency services is utterly unrelated to the legal prohibitions against use of
7 excessive force, battery, or shooting one's spouse.  The only relationship between
8 the two claims is that one followed the other in time.  No meaningful factual
9 conclusions or legal findings will be shared between the two actions.

10     Indeed, if this motion is denied, Alpine will, at the appropriate time, request
11 that the trial of the claims against it for medical negligence be severed from the trial
12 against the County and Deputy Bruce.  Being tried alongside the decedent's shooter
13 would be too prejudicial, and would create too great a risk of confusion of the
14 otherwise unrelated claims against the co-defendants, to justify being tried together.

15     It differences between the claims against Alpine and the County should be
16 obvious.  The claims of medical negligence against Alpine may, at most, have
17 followed in sequence the shooting and Sheriff's actions.  The key facts do not
18 overlap, however, for any purpose beyond providing background.  That is not
19 enough.  This court would be well within its discretion in refusing to extend
20 supplemental jurisdiction over Alpine.  Comparisons are nonetheless useful.[1]

21     For example, in *Roberts v. Lakeview Community Hosp.* (D.Ala. 1997) 985
22 F.Supp. 1351, 1351-1352, a doctor assaulted the plaintiff, a nurse, and later their
23 hospital allegedly demoted and replaced her with a less qualified male employee as
24 a result of her reaction to that assault.  The lawsuit that followed combined state-
25 based causes of action for assault and battery, as well as federal claims of gender

27     [1] Other useful examples here supplemental jurisdiction was denied are contained in
28 Schwartzer, etc., CALIFORNIA PRACTICE GUIDE – FEDERAL CIVIL PROCEDURE BEFORE
TRIAL, ¶¶ 2.150.1 - 2.150.5, pp. 2B-65 – 2B-66 (The Rutter Group 2007).

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles
GC11-0000021
3337219.1
7
07cv2385 JAH WMc
Memorandum of P & As in Support of Motion to
Dismiss by Deft. Alpine Fire Protection Dist.

1  discrimination, in violation of Title VII. 85 F.Supp. at 1352. The District Court

2  found supplemental jurisdiction lacking over the plaintiff's state law assault and

3  battery claim against the doctor because the assault and battery claim did not arise

4  from the same facts as plaintiff's gender-based Title VII claim against the hospital,

5  based upon her subsequent demotion. *Id.* The fact that the demotion factually

6  followed the assault, and was the result of it, was not enough.

7      In deciding that there was an insufficient nexus between the alleged assault

8  and battery and the demotion, the District Court pointed out that whether plaintiff

9  committed an assault and battery made no difference in the jury's ultimate decision

10  regarding whether the demotion was gender-based. *Roberts*, 85 F.Supp. at 1352.

11  Compare that, in this case, the shooting of the decedent by Deputy Bruce, and the

12  Sheriff's treatment of the plaintiffs at the crime scene, are factually unrelated to the

13  facts pertaining to the quality of the paramedics' care of the decedent before she

14  died. Different conduct, and different facts, must be weighed to decide the two

15  claims. The jury's decision on one set of facts here will, like in *Roberts*, have no

16  bearing on their decision on the other set of facts.

17      Or, in *Soliday v. Miami County, Ohio* (6th Cir. 1995) 55 F.3d 1158, 1161-

18  1162, the plaintiffs, relatives of a prisoner, brought a suit against the County

19  sounding in wrongful death and violation of Section 1983 civil rights, based upon

20  the County providing inadequate medical care to the decedent, who had AIDS. The

21  plaintiffs also alleged state-based causes of action against the County Coroner, for

22  violating their instruction to cremate the decedent's remains. 55 F.3d at 1162. The

23  District Court was held to have properly refused to extend supplemental jurisdiction

24  over the state-based claims against the County Coroner, since allegations related to

25  cremation of the remains did not arise out of the same "common nucleus of

26  operative facts as the federal civil rights claims. This was so, even though the

27  cremation claims necessarily arose out of, and immediately followed in time, the

28

**LAW OFFICES**
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

GC11-0000021
3337219.1

8

07cv2385 JAH WMc
Memorandum of P & As in Support of Motion to
Dismiss by Deft. Alpine Fire Protection Dist.

1   same facts relating to the prisoner's death, which was caused by the alleged

2   violation of his civil rights. *Id*. at 1164-1165.

3       In *Soliday*, the Court of Appeals described that the state law claim for was

4   "separate and distinct" from the federal civil rights claim, even though the two

5   claims clearly arose close together in time, and from a common initial event: the

6   death of the prisoner.  55 F.3d at 1165.  The distinction there is the same as exists

7   here – different people allegedly violated different legal duties, such that each claim

8   would require independent findings to adjudicate.

9       From the foregoing examples, it is clear that having disparate events occur

10   closely in terms of time or location is not the same thing as having them arise out of

11   a "common nucleus of facts."  Supplemental jurisdiction is inappropriate where

12   unrelated state-based causes of action arise out of facts or events that are

13   independent of federal claims.  Such is the case here.  Supplemental jurisdiction is

14   inappropriately extended over the purely state-based causes of action pleaded

15   against Alpine.  Since no other basis for federal question jurisdiction exists as

16   against Alpine, the case against it should be dismissed.

17

18   **4.**     **<u>There is No Causal Connection Pleaded, or Logically Existing,</u>**

19         **<u>Between the Shooting and the Section 1983 Violations Alleged</u>**

20         **<u>Against Deputy Bruce and the County of San Diego.</u>**

21       Alpine does not stand in the shoes of the County of San Diego.  Alpine does

22   not know, again at this early time, how the County will respond to the Complaint.

23   But Alpine must point out that the effort to bootstrap the (ostensibly) state law

24   claims against the County and Deputy Bruce into violations of federal statute, 14

25   *U.S.C.* § 1983, is dubious.  Analysis of the claims against the County or Deputy

26   Bruce is appropriate here because supplemental jurisdiction cannot exist without

27   original jurisdiction.  See, *Herman Family Revocable Trust v. Teddy Bear* (9th Cir.

28   2001) 254 F.3d 802, 805.

**LAW OFFICES**
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

GC11-0000021
3337219.1

9

07cv2385 JAH WMc
Memorandum of P & As in Support of Motion to
Dismiss by Deft. Alpine Fire Protection Dist.

1    Even where federal jurisdiction might exist, it is proper to consider the

2   comparative weakness of the federal claim in deciding whether supplemental

3   jurisdiction is appropriate.  See, *Diven v. Amalgamated Transit Union* (D.C.Cir.

4   1994) 38 F.3d 598, 602.

5    The Complaint relies upon several untenable leaps of logic to support its only

6   federal claims, under Section 1983.  Most glaring of these is the illogical leap that

7   the hiring of Deputy Bruce by the County of San Diego was somehow the proximate

8   cause of the shooting.  Or, but for the hiring of Deputy Bruce, and subsequently

9   providing him with a service revolver, he would not have obtained a different

10  weapon, or otherwise would not have harmed his wife that fateful night.  It strains

11  logic beyond the breaking point to claim that anything related to the hiring of

12  Deputy Bruce proximately caused him to shoot his wife at home, during off-duty

13  hours, and unrelated to anything arising from his duties as a Sheriff's Deputy.

14   A second leap of logic required by the Complaint is that the psychological

15  tests alleged, given by police entities to job applicants, are designed to reveal any

16  tendency to gun violence, at all or toward one's spouse.  Admittedly, the nature of

17  the tests, and what they are intended to reveal in an applicant, are facts not shown in

18  the Complaint.  But the Complaint too easily assumes, without explicitly alleging,

19  that the tests somehow should have foretold this act of violence against a spouse.

20  This is one more seemingly unreasonable assumption that makes it even more

21  difficult to logically connect the Section 1983 allegations to the unrelated state law

22  claims against Alpine, so as to justify extending supplemental jurisdiction over

23  Alpine.

24   The existence of these illogical leaps is fatal to the complaint since, to be

25  actionable, the alleged violation of rights under Section 1983 must have proximately

26  caused the harm alleged.  It is not enough to allege a violation of rights, but then

27  claim harm that bears no logical cause-in-fact relationship to that violation.  "In a

28  section 1983 action, the plaintiff must demonstrate that the defendant's conduct was

**LAW OFFICES**

HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

GC11-0000021
3337219.1

10

07cv2385 JAH WMc
Memorandum of P & As in Support of Motion to
Dismiss by Deft. Alpine Fire Protection Dist.

1   the actionable cause of the claimed injury.  …  To meet this causation requirement,

2   the plaintiff must establish both causation-in-fact and proximate causation."  *Tahoe-*

3   *Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency* (9th Cir. 2000)

4   216 F.3d 764, 783, citing, among others, *Arnold v. IBM Corp.* (9th Cir. 1981) 637

5   F.2d 1350, 1355.  The standard test for proximate causation applies:  whether the

6   harm alleged is a reasonably foreseeable result of the violation of rights claimed

7   under Section 1983.  *Tahoe-Sierra*, 216 F.3d at 783, fn. 34.

8       The failure to explicitly plead a cause-in-fact relationship between Deputy

9   Bruce's hiring and the shooting is fatal to the complaint because it is not rational to

10  believe (or allege) that, by hiring Deputy Bruce, even with supposed problems in his

11  passing psychological surveys, it was reasonably foreseeable he would harm his

12  wife.  (Indeed, any contrary conclusion would probably obligate the Sheriffs to

13  involuntarily institutionalize anyone who failed their psychological survey, to

14  protect themselves and others.)  The fact that such claims of proximate causation

15  would be inherently illogical would make moot any request for leave to amend the

16  Complaint to cure that omission.

17      The existence of the second cause of action, claiming "*Monell* liability," does

18  not cure this flaw.  In *Monell v. Dept. of Social Services*, (1978) 436 U.S. 658, 690-

19  694, the Supreme Court held that where a governmental entity or agency is subject

20  to liability under 14 *U.S.C.* § 1983, such liability cannot result merely from an

21  improper, or even unconstitutional, act of its employees under a theory of

22  respondeat superior.  Instead, under *Monell*, liability can be imposed against the

23  County of San Diego here for the acts of Deputy Bruce only if it is shown that his

24  actions were taken pursuant to the governmental entity's "official policy."  *Id.*

25      This "official policy" prerequisite distinguishes "acts of the municipality from

26  acts of employees of the municipality," and establishes that governmental entity

27  liability is limited to actions for which the entity bears some logical blame.  See,

28  *Pembaur v. City of Cincinnati*, (1986) 475 U.S. 469, 479-480.  An act of a

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

GC11-0000021
3337219.1

11

07cv2385 JAH WMc
Memorandum of P & As in Support of Motion to
Dismiss by Deft. Alpine Fire Protection Dist.

governmental employee, unrelated to his duties, does not give rise to liability unless it was taken pursuant to, or was the actual result of, an official policy of the entity, or of an official or other employee who held final authority to establish the entity's policy with respect to the conduct at issue.  A governmental entity is not held liable solely because it hired a person who committed a tort.  *Monell*, 436 U.S. at 691.

As described above, the Complaint contains allegations that the County violated a rule or policy by hiring Deputy Bruce despite his failing one or more psychological surveys.  However, there is still no logical claim that, by hiring Deputy Bruce, the County should have reasonably foreseen he would harm his wife, at home and unrelated to his official duties as an officer.  Deputy Bruce shooting his wife was not, of itself, a violation of some official policy of the Sheriff's Department or the County (that doing so was clearly illegal does not bootstrap the shooting, off duty and at home, into a violation of "official policy").

### 5. The Existence of Viejas Fire Dept., an Entity Alleged to be Affiliated With an Indian Tribe, Does Not Preclude Dismissal of the Claims Against Alpine.

The Complaint alleges that co-defendant Viejas Fire Dept. is "wholly-owned and operated by the Viejas Band of Kumeyaay Indians," a local tribe.  [CP ¶ 9.]  The Complaint contains no allegation that federal jurisdiction is implicated by the fact that an Indian tribe is a party.  Instead, as against both Viejas and Alpine, only supplemental federal jurisdiction is alleged, under 28 *U.S.C.* §§ 1343 and 1367(a), based upon the causes of action brought under 14 *U.S.C.* § 1983 alleged against co-defendant County of San Diego or Deputy Bruce only.  [CP ¶ 14.]

At this early stage, Alpine does not know whether Viejas will object to federal jurisdiction, or move to dismiss for lack of federal question jurisdiction (or on any other ground, such as sovereign immunity).  Further, Alpine must accept the allegation that the Viejas Fire Dept. is legally a part of that Indian tribe ("Viejas

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

GC11-0000021
3337219.1

12

07cv2385 JAH WMc
Memorandum of P & As in Support of Motion to
Dismiss by Deft. Alpine Fire Protection Dist.

1   Band of Kumeyaay Indians" [CP ¶ 9]), and is not an independent legal entity.

2   However, to preserve its right to object to lack of federal question jurisdiction as

3   against it, Alpine must point out that the existence of a tribe-affiliated party does not

4   prevent dismissal of the case for lack of any federal question raised against Alpine

5   (or Viejas).

6       "Federal question jurisdiction does not exist merely because an Indian tribe is

7   a party." See, *Barker-Hatch v. Viejas Group Baron Long Capitan Grande Band of*

8   *Diguено Mission Indians of the Viejas Group Reservation* (D.Cal. 2000) 83

9   F.Supp.2d 1155, 1157, fn. 1, citing *Gila River Indian Community v. Henningson,*

10  *Durham & Richardson* (9th Cir. 1980) 626 F.2d 708, 715, *cert. denied*, 451 U.S.

11  911 (1981);  and *Martinez v. Southern Ute Tribe* (9th Cir. 1957) 249 F.2d 915, 917,

12  *cert. denied*, 356 U.S. 960 (1958).  A case does not "arise under" federal law, thus

13  implicating federal question jurisdiction under 28 *U.S.C.* § 1362, if it contains only

14  state-based causes of action.  Further, that parallel claims under federal common law

15  might have been brought does not create federal question jurisdiction.  See, *Gila*

16  *River*, 626 F.2d at 714-715.  Indian tribes can be sued in state or federal court

17  (mostly) equally, depending on the nature of the claim being asserted.

18      True, 28 *U.S.C.* § 1362 extends federal jurisdiction over all claims brought

19  "by" Indian tribes.  But this action is *against* an entity that is allegedly a part of, or

20  affiliated with, an Indian tribe.  Section 1362 is thus inapplicable.  See, *Enterprise*

21  *Elec. Co. v. Blackfeet Tribe of Indians* (D.C.Mont. 1973) 353 F.Supp. 991, 992.

22      Even assuming that 28 *U.S.C.* § 1362 applies, an exception stated within that

23  statute precludes creation of federal jurisdiction under it.  The exception is that

24  federal jurisdiction will exist for claims by Indian tribes ***only*** where "the matter in

25  controversy arises under the Constitution, laws, or treaties of the United States."

26  *Ibid.*  In other words, for jurisdiction to exist for claims "by" Indian tribes under 28

27  *U.S.C.* §1362, federal question jurisdiction must exist.  "[U]nder § 1362, *the matter*

28  *in controversy*, and we emphasize that phrase, must itself arise under the

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

GC11-0000021
3337219.1

13

07cv2385 JAH WMc
Memorandum of P & As in Support of Motion to
Dismiss by Deft. Alpine Fire Protection Dist.

1   Constitution, laws, or treaties of the United States."  (Emphasis in opinion.)

2   *Mescalero Apache Tribe v. Martinez* (10th Cir. 1975) 519 F.2d 479, 483.  Here, the

3   allegations against Viejas are identical to those against Alpine, and none invoke

4   federal question jurisdiction – they are purely state claims.  None of the allegations

5   here "arise[] under the Constitution, laws, or treaties of the Untied States."  28

6   *U.S.C.* § 1362.

7

8       **6.      Conclusion.**

9       The shooting of Kristen Maxwell-Bruce is undeniably a serious and sad

10  incident, and harmful in uncountable ways to her family.  It is equally undeniable,

11  however, that tort liability for that incident, under the allegations contained in the

12  operative Complaint, does not involve a federal question as against defendant

13  Alpine Fire Protection District.  It even does not appear to raise a viable federal

14  question as against the co-defendant County of San Diego – and if there is no

15  federal jurisdiction over the County, supplemental jurisdiction over Alpine is

16  impossible.

17      Supplemental jurisdiction over Alpine is unavailable since the allegations of

18  medical negligence against the Alpine Fire Protection District are undeniably

19  separate and unrelated to the claims of excessive force and battery claimed as

20  against the County and Deputy Bruce.  There is no connection between the facts

21  needed to prove the claims against the Sheriff, and the different claims against

22  Alpine.  Indeed, the jury will not be required to make any factual findings in the suit

23  against the Sheriff that will be useful to determine liability against Alpine.

24      Nothing will be gained by including the medical negligence claims against

25  Alpine and Viejas simultaneously with the lawsuit against the Sheriff and Deputy

26  Bruce.  Much would be lost by doing so anyway, in the form of increasing the cost

27  and length of the trial, and needlessly multiplying and complicating the unrelated

28  issues that must be decided by the jury.

**LAW OFFICES**
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

GC11-0000021
3337219.1

14

07cv2385 JAH WMc
Memorandum of P & As in Support of Motion to
Dismiss by Deft. Alpine Fire Protection Dist.

1    Alpine Fire Protection District respectfully requests that the claims against it

2 be dismissed, for failure to raise any federal question jurisdiction or supplemental

3 jurisdiction, under *F.R.C.P.* 12(b)(1) and/or 12(b)(6).

4 Dated:  January 10, 2008                        HAIGHT BROWN & BONESTEEL LLP

5

6                                                 By:_____**/S/**__*Stephen M. Caine*_____

7                                                      Kevin Osterberg
                                                      Stephen M. Caine
                                                      Attorneys for Defendant
8                                                     Alpine Fire Protection District

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LAW OFFICES**
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

GC11-0000021
3337219.1

15

07cv2385 JAH WMc
Memorandum of P & As in Support of Motion to
Dismiss by Deft. Alpine Fire Protection Dist.

# **PROOF OF SERVICE BY MAIL**

STATE OF CALIFORNIA          )
                             )   ss.:
COUNTY OF LOS ANGELES        )

*JIM MAXWELL and KAY MAXWELL vs. COUNTY OF SAN DIEGO; ALPINE
FIRE PROTECTION DISTRICT; VIEJAS FIRE DEPARTMENT; DEPUTY
LOWELL BRYAN "SAM" BRUCE; DOES 1-50
USDC No.: 07 CV 2385 JAH WMc*

    I am employed in the County of Los Angeles, State of California.  I am over
the age of 18 and not a party to the within action.  My business address is 6080
Center Drive, Suite 800, Los Angeles, CA 90045-1574.

    On January 10, 2008, I served on interested parties in said action the within
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
BY DEFENDANT ALPINE FIRE PROTECTION DISTRICT** by placing a true copy
thereof in sealed envelope(s) addressed as stated below as stated below and causing
such envelope(s) to be deposited in the U.S. Mail at Los Angeles, California.

| | |
|---|---|
| Charles G. La Bella<br>Steven T. Coopersmith<br>La Bella & McNamara LLP<br>401 West A Street, Suite 1150<br>San Diego, California  92101<br><br>Telephone No.:  (619) 696-9200<br>Facsimile No.:  (619) 696-9269<br>Email:scoopersmith@labellamcnamara.com<br>*Attorneys for Plaintiffs*<br><br>Philip Samouris<br>Higgs Fletcher & Mack LLP<br>401 West A Street, Suite 2600<br>San Diego, California  92101-7910<br><br>Telephone no.:  (619) 236-1551<br>Facsimile no.:  (619) 696-1410<br>Email:  samouris@higgslaw.com<br>*Attorneys for co-defendant Viejas Fire<br>Dept.* | Todd D. Thibodo<br>Law Offices of Todd D. Thibodo APC<br>16133 Ventura Coulevard, Suite 580<br>Encino, California  91436<br><br>Telephone no.:  (818) 907-5769<br>Facsimile no.:  (818) 907-5793<br>Email:  toddthibodo@charter.net<br>*Attorneys for Plaintiffs* |

    I deposited such envelope in the mail at Los Angeles, California.  The
envelope was mailed with postage thereon fully prepaid.

    Executed on January 10, 2008, at Los Angeles, California.

LAW OFFICES

HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

GC11-0000021
3337219.1

16

07cv2385 JAH WMc

Notice of Motion to Dismiss by Deft. Alpine Fire
Protection Dist.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

| Theresa L. Welsch | /s/ Theresa Welsch |
|---|---|
| (Type or print name) | (*Original Signed*) |

**LAW OFFICES**

HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

GC11-0000021
3337219.1

17

07cv2385 JAH WMc

Notice of Motion to Dismiss by Deft. Alpine Fire
Protection Dist.

## PROOF OF SERVICE BY FACSIMILE

STATE OF CALIFORNIA        )
                           )    ss.:
COUNTY OF LOS ANGELES      )

*JIM MAXWELL and KAY MAXWELL vs. COUNTY OF SAN DIEGO; ALPINE FIRE PROTECTION DISTRICT; VIEJAS FIRE DEPARTMENT; DEPUTY LOWELL BRYAN "SAM" BRUCE; DOES 1-50*
*07 CV 2385 JAH WMc*

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 6080 Center Drive, Suite 800, Los Angeles, CA 90045-1574.

On <u>January 10, 2008</u>, I served on interested parties in said action the within:

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT ALPINE FIRE PROTECTION DISTRICT

I caused the foregoing document to be served by facsimile transmission to each interested party at the facsimile machine telephone number shown as follows:.

| | |
|---|---|
| The Honorable John A. Houston<br>Courtroom 11<br>E-mail:  Houston@casd.uscourts.gov | Charles G. La Bella<br>Steven T. Coopersmith<br>La Bella & McNamara LLP<br>401 West A Street, Suite 1150<br>San Diego, California  92101<br>Attorneys for Plaintiffs<br><br>Telephone No.:  (619) 696-9200<br>Facsimile No.:  (619) 696-9269<br>Email:scoopersmith@labellamcnamara.com |
| Todd D. Thibodo<br>Law Offices of Todd D. Thibodo APC<br>16133 Ventura Coulevard, Suite 580<br>Encino, California  91436<br><br>Telephone no.:  (818) 907-5769<br>Facsimile no.:  (818) 907-5793<br>Email:  toddthibodo@charter.net<br>*Attorneys for Plaintiffs* | Philip Samouris<br>Higgs Fletcher & Mack LLP<br>401 West A Street, Suite 2600<br>San Diego, California  92101-7910<br><br>Telephone no.:  (619) 236-1551<br>Facsimile no.:  (619) 696-1410<br>Email:  samouris@higgslaw.com<br>*Attorneys for co-defendant Viejas Fire Dept.* |

Executed on January 10, 2008, at Los Angeles, California.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

GC11-0000021
3337219.1

18

07cv2385 JAH WMc
Memorandum of P & As in Support of Motion to
Dismiss by Deft. Alpine Fire Protection Dist.

1    I declare under penalty of perjury that I am employed in the office of a
member of the bar of this Court at whose direction the service was made and that the
2    foregoing is true and correct.

3

4    _____        _____
        Stephen M. Caine                          /s/ Stephen M. Caine
        (Type or print name)                       (Signature)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LAW OFFICES**

HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

GC11-0000021
3337219.1

19

07cv2385 JAH WMc

Memorandum of P & As in Support of Motion to
Dismiss by Deft. Alpine Fire Protection Dist.

# TABLE OF CONTENTS

**Page**

1.    Introduction, and Summary of Arguments. ..................................................... 2

2.    The Operative Allegations. ............................................................................. 3

    A.    Co-Defendant Lowell Bruce Shoots His Wife, and the Response by the County of San Diego Sheriff's Department. ...................................................................... 3

    B.    The Emergency Crews' Care of the Shooting Victim is Faulted. ............................................................................ 4

3.    Supplemental Jurisdiction Does Not Exist for the Purely State-Court Claims Against Alpine, Since They Do Not Arise Out of a Common Nucleus of Operative Facts With the Federal Claims Raised Against Co-Defendants. ......................................................... 5

4.    There is No Causal Connection Pleaded, or Logically Existing, Between the Shooting and the Section 1983 Violations Alleged Against Deputy Bruce and the County of San Diego. .................................... 9

5.    The Existence of Viejas Fire Dept., an Entity Alleged to be Affiliated With an Indian Tribe, Does Not Preclude Dismissal of the Claims Against Alpine. .......................................................... 12

6.    Conclusion. ................................................................................... 14

**LAW OFFICES**

HAIGHT, BROWN & BONESTEEL, L.L.P.
Los Angeles

GC11-0000021
3337219.1

i

07cv2385 JAH WMc

Memorandum of P & As in Support of Motion to
Dismiss by Deft. Alpine Fire Protection Dist.

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Arnold v. IBM Corp.*
(9th Cir. 1981) 637 F.2d 1350 ..................................................................11

*Barker-Hatch v. Viejas Group Baron Long Capitan Grande Band of
Digueno Mission Indians of the Viejas Group Reservation*
(D.Cal. 2000) 83 F.Supp.2d 1155 ............................................................13

*City of Chicago v. Int'l College of Surgeons*
(1997) 522 U.S. 156.................................................................................6

*Diven v. Amalgamated Transit Union*
(D.C.Cir. 1994) 38 F.3d 598 ....................................................................10

*Enterprise Elec. Co. v. Blackfeet Tribe of Indians*
(D.C.Mont. 1973) 353 F.Supp. 991 .........................................................13

*Executive Software No. America, Inc. v. United States Dist. Ct.*
(9th Cir. 1994) 24 F.3d 1545 ....................................................................6

*Gila River Indian Community v. Henningson, Durham & Richardson*
(9th Cir. 1980) 626 F.2d 708, 715, *cert. denied*, 451 U.S. 911
(1981) .......................................................................................................13

*Herman Family Revocable Trust v. Teddy Bear*
(9th Cir. 2001) 254 F.3d 802 ....................................................................9

*Martinez v. Southern Ute Tribe*
(9th Cir. 1957) 249 F.2d 915, 917, *cert. denied*, 356 U.S. 960
(1958) .......................................................................................................13

*Mescalero Apache Tribe v. Martinez*
(10th Cir. 1975) 519 F.2d 479 ..................................................................13

*Monell v. Dept. of Social Services,*
(1978) 436 U.S. 658..........................................................................11, 12

*New Rock Asset Partners, L.P. v. Preferred Entity Advancements*
(3d Cir. 1996) 101 F.3d 1492 ...................................................................5

*Pembaur v. City of Cincinnati,*
(1986) 475 U.S. 469.................................................................................11

*Roberts v. Lakeview Community Hosp.*
(D.Ala. 1997) 985 F.Supp. 1351 ............................................................7, 8

*Soliday v. Miami County, Ohio*
(6th Cir. 1995) 55 F.3d 1158 ..................................................................8, 9

**LAW OFFICES**
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

GC11-0000021
3337219.1

ii

07cv2385 JAH WMc
Memorandum of P & As in Support of Motion to
Dismiss by Deft. Alpine Fire Protection Dist.

**Page(s)**

*Tahoe-Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning
    Agency*
    (9th Cir. 2000) 216 F.3d 764 .......................................................................11

*United Mine Workers v. Gibbs*
    (1966) 383 U.S. 715......................................................................................6

## Statutes and Rules

14 *U.S.C.*
    Section 1983 .........................................................................3, 5, 9, 11, 12

28 *U.S.C.*
    Section 1343 ........................................................................................12
    Section 1362 ...................................................................................13, 14
    Section 1367 .........................................................................................6
    Section 1367(a) .................................................................................5, 12

*F.R.C.P.*
    Rule 12(b) ........................................................................................1, 15


## Other Authorities

Schwartzer, etc., CALIFORNIA PRACTICE GUIDE – FEDERAL CIVIL
    PROCEDURE BEFORE TRIAL, ¶¶ 2.150.1 - 2.150.5, pp. 2B-65 –
    2B-66 (The Rutter Group 2007) ..............................................................7

Schwartzer, etc., CALIFORNIA PRACTICE GUIDE – FEDERAL CIVIL
    PROCEDURE BEFORE TRIAL, ¶¶ 2.152 – 2.152.3, pp. 2B-68 – 2B-
    69 (The Rutter Group 2007) ....................................................................6

**LAW OFFICES**

HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

GC11-0000021
3337219.1

iii

07cv2385 JAH WMc

Memorandum of P & As in Support of Motion to
Dismiss by Deft. Alpine Fire Protection Dist.