1  PHILLIP C. SAMOURIS, ESQ. (Bar No. 163303)
   samouris@higgslaw.com
2  MICHELLE L. GRANT, ESQ. (Bar No. 220083)
   grantm@higgslaw.com
3  401 West "A" Street, Suite 2600
   San Diego, CA  92101-7913
4  TEL:  619.236.1551
   FAX:  619.696.1410
5

6  Attorneys for Specially Appearing Defendant
   VIEJAS BAND OF KUMEYAAY INDIANS, a
7  federally recognized Indian tribe, erroneously sued
   as "VIEJAS FIRE DEPARTMENT"
8

9

10                  **UNITED STATES DISTRICT COURT**

11                  **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 12  JIM MAXWELL and KAY MAXWELL, individually and as guardians of TREVOR ALLEN BRUCE and KELTEN TANNER BRUCE; and JIM MAXWELL, as executor of the ESTATE OF KRISTEN MARIE MAXWELL-BRUCE, | CASE NO. 07 CV 2385 JAH WMC **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FILED BY SPECIALLY DEFENDANT VIEJAS BAND OF KUMEYAAY INDIANS** |
| 16                  Plaintiffs, | CASE FILED:  December 19, 2007 IC JUDGE:  Hon. John A. Houston DEPT:  11 (2nd Floor) DATE:  March 3, 2008 TIME:  2:30 p.m. |
| 17  v. | |
| 18  COUNTY OF SAN DIEGO; ALPINE FIRE PROTECTION DISTRICT; VIEJAS FIRE DEPARTMENT; DEPUTY LOWELL BRYAN "SAM" BRUCE; DOES 1-50, | |
| 21                  Defendants. | |

22

23      Specially Appearing Defendant VIEJAS BAND OF KUMEYAAY

24  INDIANS (hereinafter the "Viejas Band" or the "Band"), a federally recognized

25  Indian tribe, erroneously sued as the "VIEJAS FIRE DEPARTMENT" (hereinafter

26  "Viejas Fire Department"), respectfully submits the following Memorandum of

27  Points and Authorities in support of its motion to dismiss for lack of subject matter

28  jurisdiction.

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

841034.1

# I.

# **SUMMARY**

Under Federal law, Indian tribes are recognized as distinct, sovereign governments which are immune from suit under the long-established doctrine of tribal sovereign immunity.  This doctrine is based upon the United States' strong policy of protecting tribal sovereignty and promoting tribal self-governance.  Although a tribe may waive its immunity, such a waiver is effective only if unequivocally expressed.

As alleged in the complaint, Viejas Fire Department is an entity of the Viejas Band of Kumeyaay Indians (the "Viejas Band" or the "Band"), and is wholly owned and funded by the Band.  Through Viejas Fire Department, the Band provides fire protection and emergency medical services to the Band's reservation, which is located on 1,600 acres east of Alpine, California, and responds to non-reservation residents in the east San Diego County area, and provides services to other agencies upon request.

In the instant case, Plaintiffs JIM MAXWELL and KAY MAXWELL ("Plaintiffs") allege that on December, 14, 2006, Defendant DEPUTY LOWELL BRYAN "SAM" BRUCE ("Mr. Bruce"), who was employed by Defendant COUNTY OF SAN DIEGO ("the County") as a Sheriff's deputy, shot his wife, KRISTIN MAXWELL-BRUCE ("Ms. Maxwell-Bruce"), with his service weapon at Plaintiffs' home.  After she was shot, Ms. Maxwell-Bruce was able to call "911."  The Sheriff's Department, Viejas Fire Department, and Defendant ALPINE FIRE DEPARTMENT ("Alpine Fire Department") responded at Plaintiffs' home, but Ms. Maxwell-Bruce died approximately one hour after she was shot by Mr. Bruce.

Plaintiffs have filed suit against several defendants, including "Viejas Fire Department."  Plaintiffs incorrectly allege that Viejas Fire Department acted with gross negligence in the provision of emergency services to Ms. Maxwell-Bruce.

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

841034.1

2

Maxwell v. VFD / Case No. 07 CV 2385 JAH WMc
Memorandum of Points & Authorities
in Support of Motion to Dismiss

1    In the instant motion, the Viejas Band asks the court to uphold federal law

2  and protect its sovereignty.  The Viejas Band is immune from this lawsuit under

3  federal law, and has not waived tribal sovereign immunity in this case.  Moreover,

4  the doctrine of sovereign immunity extends to the Band's entities, including its fire

5  department.  Finally, there is no basis for either federal question or supplemental

6  jurisdiction over the Viejas Band's fire department.  Thus, the court lacks subject

7  matter jurisdiction.  Based on the foregoing, the Band respectfully requests that the

8  court dismiss all claims against it and its fire department.

9                                    **II.**

10                                  **FACTS**

11    The Viejas Band is a federally recognized Indian tribe residing on a

12  reservation in San Diego County.  The Band is identified on the Federal Register

13  listing of federally recognized tribes as the Capitan Grande Band of Diegueno

14  Mission Indians of California:  Viejas (Baron Long) Group of Capitan Grande Band

15  of Mission Indians of the Viejas Reservation, California.  (See Declaration of

16  Bobby L. Barrett ("Barrett Decl."), ¶ 2, and the Federal Register listing, attached as

17  Exhibit A to Viejas Fire Department's Request for Judicial Notice, filed herewith).

18    Every enrolled member of the Band over the age of eighteen is a member of

19  the Band's General Council.  Every two years, the General Council elects seven of

20  its members to the Tribal Council, including the Tribal Chairman.  The Tribal

21  Council is the governing body of the Band.  (Barrett Decl., ¶ 3.)  Since 2007,

22  Bobby L. Barrett ("Mr. Barrett") has been the Tribal Chairman of the Band.

23  (Barrett Decl., ¶ 1.)

24    The Band established its fire department in October, 2006 for the purposes of

25  promoting the Band's general welfare, and for providing assistance to the Band's

26  members.  (Barrett Decl., ¶ 4.)  Viejas Fire Department provides fire protection and

27  emergency medical services to the Band's 1,600 acre reservation, which is located

28  east of Alpine, California.  (Barrett Decl., ¶ 4.)  In addition, Viejas Fire Department

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

841034.1                          3

Maxwell v. VFD / Case No. 07 CV 2385 JAH WMc
Memorandum of Points & Authorities
in Support of Motion to Dismiss

1  responds to calls from non-reservation neighboring communities, and will assist

2  other agencies upon request.  (Barrett Decl., ¶ 4.)

3      Viejas Fire Department is an entity of the Band and is not incorporated or

4  otherwise organized under the laws of any state.  (Barrett Decl., ¶ 5.)  Viejas Fire

5  Department is wholly funded by the Band.  (Barrett Decl., ¶ 5.)  Plaintiffs do not

6  dispute this, and in fact allege in their Complaint that Viejas Fire Department is

7  wholly owned and operated by the Viejas Band.  (Complaint, ¶ 9.)  The Band has

8  not waived its sovereign immunity relating to the events or parties at issue in this

9  lawsuit.  (Barrett Decl., ¶ 6.)

## III.

## DISCUSSION

12  **A.**    Rule 12(b) Motion to Dismiss

13      Lack of subject matter jurisdiction may be raised by a Rule 12(b) motion to

14  dismiss.  FRCP 12(b)(1).  A motion to dismiss for lack of subject matter

15  jurisdiction may attack the face of the pleadings or may be based on evidence

16  outside of the pleadings.  Gould Electronics, Inc. v. United States, 220 F.3d 169,

17  176 (3rd Cir. 2000).

18      Although defendant is usually the moving party on a Rule 12(b)(1) motion,

19  plaintiff is the party seeking to invoke the court's jurisdiction.  Thus, the plaintiff

20  always bears the burden of establishing subject matter jurisdiction.  In effect, the

21  court presumes lack of jurisdiction until plaintiff proves otherwise.  Kokkonen v.

22  Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675

23  (1994); and Stock West, Inc. v. Confederated Tribes of the Colville Reservation,

24  873 F.2d 1221, 1225 (9th Cir. 1989).

25      An objection to subject matter jurisdiction based upon sovereign immunity

26  may be asserted by the parties at any time or by the court sua sponte.  Pitt River

27  Home and Agricultural Cooperative Association v. United States, 30 F.2d 1088,

28  1100 (9th Cir. 1994).  Based on the foregoing, Viejas Fire Department's motion to

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

841034.1                                        4

Maxwell v. VFD / Case No. 07 CV 2385 JAH WMc
Memorandum of Points & Authorities
in Support of Motion to Dismiss

1    dismiss is procedurally sound and proper.

2    **B.    The Viejas Band is a Federally Recognized Indian Tribe**

3    The Viejas Band is a federally recognized Indian tribe.  [See Exhibit A to

4    Request for Judicial Notice filed herewith (Federal Register listing of federally

5    recognized tribes, compiled by the Bureau of Indian Affairs, which includes

6    Viejas).]  "Absent evidence of its incompleteness, the BIA [Bureau of Indian

7    Affairs] list appears to be the best source to identify federally acknowledged

8    tribes."  LaPier v. McCormick, 986 F.2d 303, 305 (9th Cir. 1993).

9    **C.    The Court Lacks Jurisdiction Over Viejas Fire Department**

10          1.    Indian Tribes Are Immune From Suit Under the Doctrine of Tribal
                  Sovereign Immunity Absent an Express Waiver of Such Immunity
11

12    The Supreme Court has held that absent an effective waiver or consent, it is

13    "settled" that courts may not exercise jurisdiction over an Indian tribe.  Puyallup

14    Tribe, Inc. v. Department of Game, 433 U.S. 165, 172, 97 S.Ct. 2616, 2621 (1977).

15    "Suits against Indian tribes are thus barred by sovereign immunity absent a clear

16    waiver by the tribe or congressional abrogation."  Oklahoma Tax Comm'n v.

17    Citizen Band Potawatomi Indian Tribe, 498 U.S. 505, 509, 111 S.Ct. 905, 909

18    (1991).  See also Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.,

19    523 U.S. 751, 754, 118 S.Ct. 1700, 1702 (1998) (held that tribes are immune from

20    suits—even for commercial activities located on or off the reservation); and Santa

21    Clara Pueblo v. Martinez, 436 U.S. 49, 58-59, 98 S.Ct. 1670, 1677 (1978).  Because

22    sovereign immunity is jurisdictional in nature, its recognition by the court is not

23    discretionary.  Puyallup Tribe v. Department of Game, 433 U.S. 165, 173, 97 S.Ct.

24    2616, 2621 (1977).

25    Moreover, a waiver of sovereign immunity may not be implied, but must be

26    unequivocally expressed.  Santa Clara Pueblo, 436 U.S. at 58, 98 S.Ct. at 1676.

27    "Nothing short of an express and unequivocal waiver can defeat the sovereign

28    immunity of an Indian nation."  American Indian Agric. Credit Consortium, Inc. v.

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

841034.1                                    5

Maxwell v. VFD / Case No. 07 CV 2385 JAH WMc
Memorandum of Points & Authorities
in Support of Motion to Dismiss

1  Standing Rock Sioux Tribe, 780 F.2d 1374, 1379 (8th Cir. 1985).

2       Here, Viejas Fire Department is an entity of the Band.  (Barrett Decl., ¶ 6.)

3  Indeed, Plaintiffs allege as much in their Complaint.  (Complaint, ¶ 9.)  The Band

4  has not waived its immunity from suit in this case.  (Barrett Decl., ¶ 6.)

5  Additionally, Plaintiffs have not alleged, and cannot prove, that Congress has

6  abrogated the Band's immunity.  Thus, this court lacks jurisdiction over the Band

7  and its fire department.

8          2.    Tribal Sovereign Immunity Extends to the Provision of Emergency
                 Medical Services
9

10      It is beyond dispute that sovereign immunity extends to the Viejas Band's

11  fire department which responded to the call at the Maxwell home.  Indeed,

12  sovereign immunity extends to a tribe's individual Indian and non-Indian

13  employees acting in their official capacity.  See Frazier v. Turning Stone Casino,

14  254 F.Supp.2d 295, 307–310 (N.D.N.Y. 2003) (relying upon well-established

15  precedent, the court held that tribal immunity extended to all tribal employees

16  acting within their representative capacity and within the scope of their authority,

17  such that plaintiff could not maintain an action for damages against the individual

18  employees); Trudgeon v. Fantasy Springs Casino, 71 Cal.App.4th 632, 644 (1999)

19  (court dismissed a personal injury action brought against an Indian casino and its

20  employees by a patron arising out of fight in the casino parking lot, holding that, so

21  long as the actions of the agent do not conflict with his authority, they are actions of

22  the sovereign, "whether or not they are tortious under general law"); and Great

23  Western Casinos, Inc. v. Morongo Band of Mission Indians, 74 Cal.App.4th 1407,

24  1422 (1999) (court dismissed the lawsuit against the tribe and declared that

25  sovereign immunity also extended to the tribe's individual agents, its law firm, and

26  its general counsel).

27      Indeed, it is clear that tribal immunity applies to the Band's provision of

28  emergency services which are clearly a governmental type of activity.  In Kiowa

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

841034.1                          6

Maxwell v. VFD / Case No. 07 CV 2385 JAH WMc
Memorandum of Points & Authorities
in Support of Motion to Dismiss

1   Tribe v. Manufacturing Tech, the Plaintiff incorrectly argued that tribal sovereign

2   immunity should be confined to reservations or to "noncommercial activities,"

3   because tribal businesses had allegedly become far removed from tribal self-

4   government and internal affairs.  The Supreme Court rejected that argument and

5   directed the state court to grant the tribe's motion to dismiss, noting that the

6   Supreme Court has not drawn a distinction between the governmental and

7   commercial activities of a tribe, and stating that it was up to Congress to make such

8   a distinction, given its unique position to "weigh and accommodate the competing

9   policy concerns and reliance interests."  Id., 523 U.S. at 754-755 and 757-759.[1]  In

10  this case, it is even clearer that the Band and its fire department are immune.

11  Congress has not passed any law subjecting Indian tribes to suit based upon claims

12  arising out of the provision of government services, like emergency response.

13  **D.      The Court Lacks Federal Question Jurisdiction Over Viejas Fire
            Department**

14          Even assuming Plaintiffs could overcome the Band's immunity (which they

15  cannot), the court still lacks subject matter jurisdiction.  Plaintiffs allege causes of

16  action for wrongful death (Complaint, ¶¶ 52-54); survival (Complaint, ¶¶ 55-57);

17  gross negligence (Complaint, ¶¶ 58-64), intentional infliction of emotional distress

18  (Complaint, ¶¶ 76-81); and negligent infliction of emotional distress (Complaint, ¶¶

19  82-85) against Viejas Fire Department.  However, all of the causes of actions

20  asserted against Viejas Fire Department are based on state law claims.  Plaintiffs

21

22  _____

[1] California courts have recognized that Indian tribes do not waive their sovereign immunity simply by
23  engaging in commercial activity. *See*, *e.g.*, Redding Rancheria v. Superior Court (2001) 88 Cal.App.4th
    384, 388 (court dismissed personal injury action for injuries sustained at off-reservation tribal casino-
24  sponsored event, holding that a tribe's immunity from tort suits extends to its business activities);
    Trudgeon v. Fantasy Springs Casino (1999) 71 Cal.App.4th 632 (court dismissed personal injury action
25  brought against an Indian casino by a patron arising out of fight in the casino parking lot); Great Western
    Casinos, Inc. v. Morongo Band of Mission Indians (1999) 74 Cal.App.4th 1407, 1419-1420 (court
26  dismissed contract and tort action against Indian tribe, its agents and law firm); Middletown Rancheria v.
    Workers' Comp. Appeals Bd. (1998) 60 Cal.App.4th 1340 (Workers' Compensation Appeal Board lacked
27  jurisdiction over Indian tribe for purposes of enforcing California's Workers' Compensation laws); *and*
    Long v. Chemehuevi Indian Reservation (1981) 115 Cal.App.3d 853 (tribally-operated for-profit marina
28  held immune in injury action).

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

841034.1                              7

Maxwell v. VFD / Case No. 07 CV 2385 JAH WMc
Memorandum of Points & Authorities
in Support of Motion to Dismiss

1  have not asserted any federal question claims against Viejas Fire Department.  In

2  fact, the only defendant against which Plaintiffs have asserted federal question

3  jurisdiction is the County, based on Plaintiffs' allegations that the County violated

4  Plaintiffs' civil rights pursuant to 14 U.S.C. § 1983.  Accordingly, as Plaintiffs have

5  not asserted federal claims against Viejas Fire Department, the court lacks federal

6  question jurisdiction against Viejas Fire Department.

7  **E.     The Court Lacks Supplemental Jurisdiction Over Viejas Fire Department**

8        In an action in which the court has original jurisdiction, the court is permitted

9  to exercise supplemental jurisdiction over all other claims that are so related that

10  they form part of the same case or controversy under Article III of the United States

11  Constitution.  28 U.S.C. 1367 (a).  Supplemental jurisdiction is appropriate where

12  the federal and state claims derive from a common nucleus of operative fact.

13  United Mine Workers v. Gibbs (1966) 383 U.S. 715, 725.

14        Here, again, even assuming Plaintiffs could overcome the Band's immunity

15  (which they cannot), the court still lacks supplemental jurisdiction.  Plaintiffs'

16  federal claims against the County are that Mr. Bruce wrongfully shot Ms. Maxwell-

17  Bruce and that the County bears Monell liability as a result, and that the County's

18  deputies used excessive force against Plaintiffs and deprived them of their rights

19  when the County's deputies responded to the shooting.  Plaintiffs' state claims

20  against Viejas Fire Department involve allegations of gross negligence in the

21  provision of emergency medical services to Ms. Maxwell-Bruce.

22        However, the facts relevant to whether the County violated Plaintiffs' civil

23  rights have nothing to do with, and are entirely separate from, the facts relevant to

24  whether Viejas Fire Department conformed to the requisite standard of care in

25  providing emergency medical services to Ms. Maxwell-Bruce.  Accordingly, there

26  exists no common nucleus of operative fact between Plaintiffs' federal claims

27  against the County and Plaintiffs' state claims against Viejas Fire Department.  As

28

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

841034.1                                    8

Maxwell v. VFD / Case No. 07 CV 2385 JAH WMc
Memorandum of Points & Authorities
in Support of Motion to Dismiss

1    such, supplemental jurisdiction over Viejas Fire Department is improper.

2                                             **IV.**

3                                      **CONCLUSION**

4         For these reasons, the Viejas Band respectfully requests that the court dismiss

5    all claims against its fire department for lack of jurisdiction.

6

7    DATED:  January 24, 2008                    HIGGS, FLETCHER & MACK LLP

8

9                                               By:  /S/ Phillip C. Samouris
                                                     PHILLIP C. SAMOURIS, ESQ.
10                                                   MICHELLE L. GRANT, ESQ.
                                                     Attorneys for Specially Appearing
11                                                   Defendants Viejas Band of
                                                     Kumeyaay Indians
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

841034.1                                  9

Maxwell v. VFD / Case No. 07 CV 2385 JAH WMc
Memorandum of Points & Authorities
in Support of Motion to Dismiss

**CERTIFICATE OF SERVICE**

I, Phillip C. Samouris, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within-entitled action; my business address is 401 West "A" Street, Suite 2600, San Diego, California  92101-7913.  On January 24, 2008, I served the within documents, with all exhibits (if any):

> NOTICE OF MOTION AND MOTION TO DISMISS FILED BY SPECIALLY APPEARING DEFENDANT VIEJAS BAND OF KUMEYAAY INDIANS
>
> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FILED BY SPECIALLY APPEARING DEFENDANT VIEJAS BAND OF KUMEYAAY INDIANS
>
> DECLARATION OF BOBBY L. BARRETT IN SUPPORT OF MOTION TO DISMISS FILED BY SPECIALLY APPEARING DEFENDANT VIEJAS BAND OF KUMEYAAY INDIANS
>
> REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FILED BY SPECIALLY APPEARING DEFENDANT VIEJAS BAND OF KUMEYAAY INDIANS

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

☒    by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below in accordance with the agreement of CM/ECF.

| **Attorney for Plaintiffs** | **Attorney for Defendant** |
|---|---|
| **Charles G. La Bella, Esq.** | **Alpine Fire District** |
| **Steven T. Coopersmith, Esq.** | **Kevin Osterberg, Esq.** |
| **La BELLA & McNAMARA LLP** | **Stephen M. Caine, Esq.** |
| **401 West A Street, Suite 1150** | **Haight Brown & Bonesteel LLP** |
| **San Diego, CA  92101** | **3750 University Avenue, Ste. 240** |
| **Phone: Telephone (619) 696-9200** | **Riverside, CA  92501-3313** |
| **Fax: Facsimile: (619) 696-9269** | **Telephone: (951) 341-8300** |
| **Email:** clabella@labellamcnamara.com | **Fax: (951) 341-8309** |
| scoopersmith@labellamcnamara.com | **email:** kosterberg@hbblaw.com |
| | scaine@hbblaw.com |

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

841034.1

10

Maxwell v. VFD / Case No. 07 CV 2385 JAH WMc
Memorandum of Points & Authorities
in Support of Motion to Dismiss

1

2

**Attorney for Defendant**                **Attorney for Defendant**
**County of San Diego**                   **Lowell Bryan "Sam" Bruce**

3

**UNKNOWN AT THIS TIME**        **UNKNOWN AT THIS TIME**

4

5

        I am readily familiar with the firm's practice of collection and processing correspondence

6    for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same
     day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on

7    motion of the party served, service is presumed invalid if postal cancellation date or postage
     meter date is more than one day after date of deposit for mailing in affidavit.

8

        I declare that I am employed in the office of a member of the bar of this court at whose

9    direction the service was made.

10        Executed on January 24, 2008, at San Diego, California.

11                                                    /s/ Phillip C. Samouris
                                                        Phillip C. Samouris

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

Maxwell v. VFD / Case No. 07 CV 2385 JAH WMc
Memorandum of Points & Authorities
in Support of Motion to Dismiss