1  CHARLES G. LA BELLA (State Bar No. 183448)
   STEVEN T. COOPERSMITH (State Bar No. 184646)
2  La Bella & McNamara LLP
3  401 West A Street, Suite 1150
   San Diego, California 92101
4  Telephone: (619) 696-9200
   Facsimile:  (619) 696-9269
5  Email: clabella@labellamcnamara.com
6         scoopersmith@labellamcnamara.com

7  TODD D. THIBODO (State Bar No. 171655)
   LAW OFFICES OF TODD D. THIBODO
8  A PROFESSIONAL CORPORATION
9  16133 Ventura Boulevard, Suite 580
   Encino, California 91436
10 Telephone: (818) 907-5769
   Facsimile: (818) 907-5793
11 Email: toddthibodo@charter.net

12
   Attorneys for PLAINTIFFS
13

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM MAXWELL and KAY MAXWELL, Individually and as guardians of TREVER ALLEN BRUCE and KELTEN TANNER BRUCE; and JIM MAXWELL, as executor Of the ESTATE OF KRISTIN MARIE MAXWELL-BRUCE,<br><br>Plaintiff,<br>vs.<br><br>COUNTY OF SAN DIEGO; ALPINE FIRE PROTECTION DISTRICT; VIEJAS FIRE DEPARTMENT; DEPUTY LOWELL BRYAN "SAM" BRUCE; DOES 1-50,<br><br>Defendants. | Case No. 07 CV-2385-JAH (WMc)<br><br>PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT ALPINE FIRE DISTRICT'S MOTION TO DISMISS<br><br>Date: February 19, 2008<br>Time: 2:30 p.m.<br>Dept: Courtroom 11 |

26  ///
27  ///
28  ///

## I. PRELIMINARY STATEMENT

San Diego County Deputy Sheriff Lowell Bryan Bruce ("Bruce") shot his wife, Kristin Maxwell Bruce ("Kristin") in the jaw on December 14, 2006. Kristin walked to the phone and called 911. The San Diego County ("County") Sheriff's Department responded a few minutes later. Defendants Alpine Fire District ("Alpine") and Viejas Fire Department ("Viejas") also responded to the Maxwell home. The deputies were aware that a fellow deputy was involved, and so they locked down the scene of the shooting. They took Kristin into their custody and control, and held her at the scene for nearly an hour. During this time, Kristin was not allowed to go to the hospital, and her parents (at whose home these events unfolded) were prevented from doing anything to help her. In addition, what medical assistance was provided was grossly negligent and demonstrated deliberate indifference to her obvious medical condition.

Approximately one hour after she dialed 911, Kristin asphyxiated on her own blood and died, while she was still in the deputies' custody, and while she was also under the care of defendants Alpine and Viejas. Plaintiffs allege that actions of the County, Alpine and Viejas, including Alpine's and Viejas's gross negligence in providing medical care, caused Kristin's death. Plaintiffs have alleged claims pursuant to 28 U.S.C. § 1983 against the County, and state law claims for wrongful death and survival action against Alpine and Viejas. Plaintiffs have alleged that the Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

Alpine has filed a Motion to Dismiss, claiming that the Court should not exercise supplemental jurisdiction over state law claims against Alpine, because those claims do not arise from a common nucleus of operative facts as the § 1983 claims against the County. In the alternative, Alpine asserts that the Court should decline to exercise supplemental jurisdiction on judicial economy grounds.

This case is in the earliest pleading stage. Plaintiffs have clearly alleged, however, that during the hour of "chaos and disorder" that followed Defendants' arrival at the Maxwell residence, Kristin was not allowed to be taken to the hospital, and "emergency medical responders from Alpine Fire and Viejas Fire . . . as well as from the Sheriff's Department

allowed Kristin to suffocate and drown in her own blood." (Complaint, ¶ 3.) As alleged in Plaintiffs' Complaint, and as set forth in Plaintiffs' concurrently-filed Opposition to San Diego County's Motion to Dismiss, what occurred during this hour of "chaos and disorder" – the locking down of the scene, the seizing and holding of Kristin, the refusal to allow her to go to the hospital, the refusal to allow her parents to do anything to help her, and the grossly negligent medical care – are the operative facts upon which all of Plaintiffs' claims, except the Sixth and Seventh Causes of Action for excessive force and battery, are based.

Alpine's Motion to Dismiss, like the County's, completely ignores the events during that hour of "chaos and disorder." Instead, Alpine focuses exclusively on Bruce's shooting and ignores the events <u>between</u> the shooting and Kristin's death. Contrary to Alpine's claim, Plaintiffs clearly allege that the County's constitutional violations occurred at the same time as Alpine's gross negligence and were inextricably connected with Alpine's and Viejas's actions. Under any reasonable reading of the Complaint, it is simply not possible to separate the County's actions from Alpine's actions. Thus, the claims against the County, Alpine and Viejas arise from a common nucleus of operative facts.

In addition, principles of judicial economy, convenience and fairness would be best served by adjudicating all claims in a single proceeding. Accordingly, the Court has supplemental jurisdiction over Plaintiffs' state law claims against Alpine and Viejas, and the Court should deny Alpine's Motion to Dismiss.

## II. STATEMENT OF FACTS

County of San Diego Sheriff's Deputy Lowell Bryan Bruce ("Bruce") shot his wife Kristin Maxwell Bruce ("Kristin") in the jaw at the home of Kristin's parents, Jim Maxwell ("Jim") and Kay Maxwell ("Kay"), on December 14, 2006. (Complaint, ¶¶ 1, 31.) Kristin was seriously injured, but she was able to walk to the telephone and call 911. (Complaint, ¶¶ 3, 32.) The San Diego County Sheriff's Department, and Defendants Alpine Fire District ("Alpine") and Viejas Fire Department ("Viejas") responded, and the Maxwell residence became a "scene of chaos and disorder." (Complaint, ¶¶ 3, 35.)

While acting in the course and scope of their employment, County employees, Alpine employees and Viejas employees caused Kristin's death by performing emergency medical services in a grossly negligent manner. (Complaint, ¶ 38.) Plaintiffs' complaint alleges causes of action against Alpine for wrongful death, survival action, gross negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. Plaintiffs allege the Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a). (Complaint, ¶ 14.)

### III.   THE COURT SHOULD DENY ALPINE'S MOTION TO DISMISS.

#### A.   Legal Standard for Determining whether the Court has Supplemental Jurisdiction

28 U.S.C. § 1367(a) provides in part that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Plaintiffs agree with Defendant Alpine's statement that claims are part of the "same case or controversy" when they arise from a common nucleus of operative facts, such that a plaintiff would ordinarily be expected to try them all in a single judicial proceeding. (Alpine Motion to Dismiss, p. 6:1-4.)

#### B.   The Claims against Alpine and the County Arise from a Common Nucleus of Operative Facts.

The federal and state law claims against defendants San Diego County, Alpine Fire District and Viejas Fire Department all arise from a common nucleus of operative facts. Indeed, the claims against the County and Alpine arise from the <u>same</u> facts. Decedent Kristin Maxwell Bruce was shot in the jaw on December 14, 2006. She called 911 from her home telephone, and the County Sheriff's Department, Alpine and Viejas responded a few minutes later.

During the next hour, sheriff's deputies, as well as employees of Alpine and Viejas all attended to Kristin. Kristin was not taken to the hospital and she received grossly negligent

medical treatment, as a result of which she asphyxiated on her own blood and died. What occurred during this hour of "chaos and disorder" – the locking down of the scene, the seizing and holding of Kristin, the refusal to allow her to go to the hospital, the refusal to allow her parents to do anything to help her, and the grossly negligent medical care – are the operative facts upon which all of Plaintiffs' claims against the County, Alpine and Viejas are based, except the Sixth and Seventh Causes of Action for the County's use of excessive force and battery against Jim Maxwell.

Alpine's Motion to Dismiss, like the County's, completely disregards all of the events during that hour of "chaos and disorder." Instead, Alpine focuses solely on Deputy Bruce's actions as the basis for Plaintiffs' § 1983 claims against the County, and ignores all of the critical events that transpired between Kristin's initial injury and her death. Contrary to Alpine's claim, Plaintiffs clearly allege that the majority of the constitutional violations alleged against the County occurred at the same time as Alpine's gross negligence, and were inextricably connected with Alpine's and Viejas's actions.

The two most obvious examples of how the claims against Alpine and the County are interconnected are the factual allegations regarding the refusal to transport Kristin to the hospital and Kristin's asphyxiation on her own blood. Alpine's and the County's respective roles in causing these two events obviously will be significant factors in determining each Defendant's liability or level of fault. Both the County and Alpine were at the scene, and both were acting at the same time. The combined actions of all Defendants caused Kristin's death. (Complaint, ¶¶ 3, 53, 54, 56, 57.)

It is not possible to neatly separate Alpine's actions from the County's. For these reasons, the claims against the County, Alpine and Viejas arise from a common nucleus of operative facts. Accordingly, the Court has supplemental jurisdiction over Plaintiffs' state law claims against Alpine and Viejas, and the Court should deny Alpine's Motion To Dismiss.

      **C.    Judicial Economy, Convenience and Fairness all favor adjudicating the Claims against Alpine and the County in a Single Lawsuit.**

As Alpine correctly points out, principles of judicial economy, convenience and fairness should guide the Court in determining whether to exercise supplemental jurisdiction. <u>City of Chicago v. Int'l College of Surgeons</u>, 522 U.S. 156, 172 (1997). In this case, judicial economy, convenience and fairness all weigh heavily in favor of trying the claims against the County, Alpine and Viejas in a single action.

<u>First</u>, judicial economy and convenience will be best served, because the majority of the actions that give rise to liability occurred during the hour between Kristin's initial injury and her death -- an hour during which all of the Defendants were present at the scene and responsible in some manner for what happened. This is true whether the claims are based upon state law or on federal statutory or constitutional law. Whether there is one trial or two, the witnesses – employees of the County, Alpine and Viejas – will all be the same. These witnesses will testify about the events that occurred during that hour whether there is one trial or two. In addition, Alpine overlooks the fact that the Third and Fourth Causes of Action for wrongful death and survival action are asserted against <u>all</u> defendants, including the County, Alpine and Viejas. If the Court was to grant Alpine's motion, these two claims would have to be adjudicated twice, in separate proceedings. Thus, the factors of judicial economy and convenience favor a single trial.

<u>Second</u>, the principle of convenience also favors adjudication of Plaintiffs' claims in a single proceeding. Adjudication of the claims against Alpine will necessarily involve testimony regarding the events that occurred during the hour between Kristin's initial injury and her death. These same witnesses will be required to testify about the same events with respect to the claims against the County. The claims will also involve the same issues of damages. It would be highly inconvenient – and it would serve no purpose except to needlessly increase the cost of litigation – to require the same witnesses to testify about the same issues and events, possibly in deposition and in trial, at two separate proceedings.

1      <u>Third</u>, the principle of fairness also dictates that there should be a single trial for these claims. Two trials would present a risk of inconsistent or contradictory testimony given by a witness as to the same events, leading to inconsistent outcomes. In addition, separate trials would allow the defendants to attempt to shift blame to the absent defendant or defendants, which, in turn, could result in inconsistent outcomes. For example, if the County is the sole defendant in federal court, it is likely that it will attempt to assign blame to Alpine and Viejas, whereas in a separate state court trial Alpine and Viejas will likely attempt to assign blame to the County. A federal jury could thus find that Alpine and Viejas were responsible for Kristin's death, while a state court jury could find that the County was to blame. This would lead to the unfair result of separate state and federal juries finding against the three Defendants, but Plaintiffs losing both cases. This outcome would not be possible if all claims are adjudicated in a single proceeding.

## IV.   **CONCLUSION**

For all of the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion to Dismiss.

Dated: February 5, 2008

CHARLES G. LA BELLA
STEVEN T. COOPERSMITH
LA BELLA & MCNAMARA, LLP

TODD D. THIBODO
LAW OFFICES OF TODD D. THIBODO
A PROFESSIONAL CORPORATION

By: <u>/s/Steven T. Coopersmith</u>
Steven T. Coopersmith
Charles G. La Bella
Attorney for PLAINTIFFS
Email: scoopersmith@labellamcnamara.com
        clabella@labellamcnamara.com

| | |
|---|---|
| 1 | PROOF OF SERVICE |
| 2 | *Maxwell v. County of San Diego, et al.* |
| | United States District Court of the Southern District of California |
| 3 | Case Number: 07 CV-2385-JAH (WMc) |
| 4 | I, Allison M. Trask, declare as follows: |
| 5 | I am an employee of a member of the bar of this Court at whose direction was made in |
| 6 | the County of San Diego, State of California.  I am over the age of 18 and not a party to the |
| 7 | within action; my business address is 401 West "A" Street, Suite 1150, San Diego, California |
| 8 | 92101. |
| 9 | On February 5, 2008, I served the foregoing document(s) described as: |
| 10 | **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT ALPINE FIRE DISTRICT'S MOTION TO DISMISS** |
| 11 | |
| 12 | on interested parties in this action by placing ☐ the original ☒ true copy(ies) thereof |
| 13 | enclosed in sealed envelopes as follows: |

| | | |
|---|---|---|
| 14 | Kevin Osterberg | *Counsel for Defendant Alpine Fire* |
| 15 | Stephen M. Caine | *Protection District* |
| | Haight Brown & Bonesteel LLP | |
| 16 | 3750 University Avenue, Suite 240 | |
| | Riverside, CA 92501-3313 | |
| 17 | Email: kosterberg@hbblaw.com | |
| | scaine@hbblaw.com | |
| 18 | | |
| 19 | John J. Sansone, County Counsel | *Counsel for Defendant County of San* |
| | Morris G. Hill, Senior Counsel | *Diego* |
| 20 | 1600 Pacific Highway, Room 355 | |
| | San Diego, CA 92101-2469 | |
| 21 | Email: morris.hill@sdcounty.ca.gov | |
| 22 | Phillip C. Samouris | *Counsel for Defendant Viejas Fire* |
| | Michelle L. Grant | *Department* |
| 23 | Higgs, Fletcher & Mack LLP | |
| 24 | 401 West "A" Street, Suite 2600 | |
| | San Diego, CA 92101-7913 | |
| 25 | Email: samouris@higgslaw.com | |
| | grantm@higgslaw.com | |
| 26 | | |
| 27 | | |
| 28 | ☒ **BY EMAIL/ ECF** by electronically filing the foregoing with the Clerk of the District Court |

- 1 -    Case No. 07cv2385-JAH(WMc)
- Proof of Service-

1 | using its ECF System, which electronically notifies them via email as indicated above.
2 | ☒ **BY FIRST CLASS MAIL** I am readily familiar with the firm's practice of collection and
3 | processing correspondence for mailing with the United States Postal Service.  Under that
4 | practice, it would be deposited with United States postal service on that same day with postage
5 | thereon fully prepaid at San Diego, California in the ordinary course of business.  The envelope
6 | was sealed and placed for collection and mailing on that date following ordinary business
7 | practices.
8 | ☐ **BY OVERNIGHT DELIVERY** I am readily familiar with the firm's practice of collection and
9 | processing correspondence for mailing with Overnite Express and Federal Express.  Under that
10 | practice, it would be deposited with Overnite Express and/or Federal Express on that same day
11 | thereon fully prepaid at San Diego California in the ordinary course of business.  The envelope
12 | was sealed and placed for collection and mailing on that date following ordinary business
13 | practices.
14 | ☐ **BY FACSIMILE** Based on agreement of the parties to accept service by fax transmission, I
15 | faxed the documents on this date to the person(s) at the fax numbers listed.  No error was
16 | reported by the fax machine that I used.  A copy of the record of the fax transmission, which I
17 | printed out, is attached.
18 | ☐ **BY PERSONAL SERVICE** I served the documents by placing them in an envelope or
19 | package addressed to the person(s) at the addresses listed and providing them to a professional
20 | messenger service for service on this date.
21 | ☐ (STATE) I declare under penalty of perjury under the laws of the State of California that
22 | the above is true and correct.
23 | ☒ (FEDERAL)  I declare that I am employed in the office of a member of the bar of this
24 | court at whose direction the service was made.
25 |         Executed February 5, 2008, in San Diego, California.
26 |
27 |                                    /s/ Allison M. Trask
28 |

- 2 -                                           Case No. 07cv2385-JAH(WMc)
                                                 - Proof of Service-