Kevin Osterberg (Bar No. 138760)
Stephen M. Caine (Bar No. 119590)
HAIGHT BROWN & BONESTEEL LLP
3750 University Avenue, Suite 240
Riverside, California 92501-3313
Telephone: 951.341.8300
Facsimile: 951.341.8309
Email: kosterberg@hbblaw.com
Email: scaine@hbblaw.com

Attorneys for Defendant Alpine Fire Protection District

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM MAXWELL and KAY MAXWELL, individually and as guardians of TREVER ALLEN BRUCE and KELTEN TANNER BRUCE; and JIM MAXWELL, as executor of the ESTATE OF KRISTEN MARIE MAXWELL-BRUCE,<br><br>  Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN DIEGO; ALPINE FIRE PROTECTION DISTRICT; VIEJAS FIRE DEPARTMENT; DEPUTY LOWELL BRYAN "SAM" BRUCE; DOES 1-50,<br><br>  Defendants. | Case No. 07 CV 2385 JAH WMc<br><br>[Assigned to Judge Hon. John A. Houston]<br><br>**DEFENDANT ALPINE FIRE PROTECTION DISTRICT'S REPLY TO OPPOSITION TO MOTION TO DISMISS**<br><br>Date: February 19, 2008<br>Time: 2:30 p.m.<br>Ctrm: 11<br><br>Complaint Filed: December 19, 2007 |

**1.   Whether an Adequate "Nexus" of Facts Exists Depends, at Least in Part, on the Outcome of the Other Motions to Dismiss, But Simple Remedies Exist to Prevent Any Confusion if Supplemental Jurisdiction Over the Claims Against Alpine is Not Retained.**

Defendant Alpine Fire Protection District ("Alpine") moved to dismiss and/or sever and dismiss the claims against it in this action, for lack of federal question jurisdiction under 28 *U.S.C.* § 12(b)(6). The primary opposition argument is that, at least as to this defendant, the "nexus" of facts is intertwined with the allegations against the County

LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
Los Angeles

GC11-0000021
3349665.1

1

07cv2385 JAH WMc
Deft. Alpine Fire Protection District's Reply to Opposition to Motion to Dismiss

1  Sheriffs. During the "magic hour" alleged, between the time the decedent was shot and the
2  time she was pronounced dead, plaintiffs claim that all paramedics and all Sheriffs'
3  personnel were engaged in concerted action that defies all efforts to separate. This
4  argument is made even though the claims and law applicable to the Sheriffs are clearly
5  different from the claims and law relevant to the paramedics. It is also claimed that it
6  would be difficult to have separate trials of the actions against the Sheriffs and the
7  paramedics, and that there would be a risk of inconsistent results.
8      Each of these concerns will be discussed in order.
9      First, however, it is important to note that, since the Alpine Fire Protection District
10  ("Alpine") filed its motion to dismiss, the related co-defendant, the Viejas Fire Dept., filed
11  its own motion to dismiss. In it, Viejas asserts sovereign immunity. That assertion
12  changes things.
13      Assuming that the claim of sovereign immunity is applied by this court as
14  requested, the absence of Viejas from this litigation simplifies and reduces the claims at
15  the trial against Alpine. With one less defendant, a separate trial against Alpine in the state
16  court (or even this court) would be shorter and more simple. The availability of a shorter
17  and more straightforward trial in the state court mitigates even further against this court
18  retaining supplemental jurisdiction, for the supposed purpose of simplifying the overall
19  litigation.
20      The pending motion to dismiss by the County, on behalf of its Sheriffs'
21  Department, is a variable that is beyond Alpine's control. If all or most of that motion is
22  granted, and the federal claims are dismissed (or an amendment of them is required), then
23  there is even less reason for this court to maintain supplemental jurisdiction over the
24  claims against Alpine. Moreover, the absence of Viejas, ostensibly a foreign sovereign,
25  removes yet further federal issues to be resolved, or federal laws to be applied, that
26  necessitates this court's attention.
27      Finally, the plaintiff's assertion that a separate trial state court trial would present
28  an impenetrable puzzle of different outcomes and different findings is simply wrong. Trial

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

GC11-0000021
3349665.1

2

07cv2385 JAH WMc
Deft. Alpine Fire Protection District's Reply to
Opposition to Motion to Dismiss

attorneys in both federal and state courts routinely apply findings and judgments from related cases, using commonly known techniques and laws.

For example, presumably, one trial will begin before the other (it does not matter which). At both trials, appropriate instructions will be given to the juries to only award the damages caused by the individual defendants. In fact, California's "Proposition 51," at *Civil Code* § 1431.2, demands that this be done. "Proposition 51 thus retains the joint liability of all tortfeasors, regardless of their respective shares of fault, with respect to all objectively provable expenses and monetary losses." *DaFonte v. Up-Right* (1992) 2 Cal.4th 593, 600.

Findings of fact at a first trial can be included in instructions of the second trial, eliminating the need to retry basic background issues. And, depending on how the jury verdict forms are constructed, the judgment in one trial will be offset against the judgment (if any) in the second trial, eliminating the risk of duplicate judgments. The remedies for the seemingly insurmountable problems claimed by the plaintiff are straightforward. There is no true impediment to a fair trial of California claims in the California courts, at least as against Alpine.

**2.     Conclusion.**

Alpine Fire Protection District respectfully requests that the claims against it be dismissed, for failure to raise any federal question jurisdiction or supplemental jurisdiction, under 28 *U.S.C.* § 12(b)(6). There is no true need for this court to volunteer retaining supplemental jurisdiction over the purely state-based claims raised against it.

Dated: February 12, 2008                    HAIGHT BROWN & BONESTEEL LLP


By:     **/ S /** *Stephen Caine*
              Kevin Osterberg
              Stephen M. Caine
              Attorneys for Defendant
              Alpine Fire Protection District

**LAW OFFICES**
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

GC11-0000021
3349665.1

3

07cv2385 JAH WMc
Deft. Alpine Fire Protection District's Reply to
Opposition to Motion to Dismiss

# PROOF OF SERVICE BY EMAIL

STATE OF CALIFORNIA        )
                           ) ss.:
COUNTY OF LOS ANGELES      )

*JIM MAXWELL and KAY MAXWELL vs. COUNTY OF SAN DIEGO; ALPINE FIRE PROTECTION DISTRICT; VIEJAS FIRE DEPARTMENT; DEPUTY LOWELL BRYAN "SAM" BRUCE; DOES 1-50*
*07 CV 2385 JAH WMc*

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 6080 Center Drive, Suite 800, Los Angeles, CA 90045-1574.

    On February 12, 2008, I served on interested parties in said action the within: **DEFENDANT ALPINE FIRE PROTECTION DISTRICT'S REPLY TO OPPOSITION TO MOTION TO DISMISS.** I caused the foregoing document to be served by email transmission to each interested party as follows:.

Charles G. La Bella
Steven T. Coopersmith
La Bella & McNamara LLP
401 West A Street, Suite 1150
San Diego, California  92101
Attorneys for Plaintiffs

Telephone No.:  (619) 696-9200
Facsimile No.:  (619) 696-9269
Email:scoopersmith@labellamcnamara.com

| | |
|---|---|
| Todd D. Thibodo<br>Law Offices of Todd D. Thibodo APC<br>16133 Ventura Coulevard, Suite 580<br>Encino, California  91436<br><br>Telephone no.:  (818) 907-5769<br>Facsimile no.:  (818) 907-5793<br>Email:  toddthibodo@charter.net<br>*Attorneys for Plaintiffs* | Philip Samouris<br>Higgs Fletcher & Mack LLP<br>401 West A Street, Suite 2600<br>San Diego, California  92101-7910<br><br>Telephone no.:  (619) 236-1551<br>Facsimile no.:  (619) 696-1410<br>Email:  samouris@higgslaw.com<br>*Attorneys for co-defendant Viejas Fire Dept.* |

    Executed on February 12, 2008, at Los Angeles, California.

    I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

| Stephen M. Caine | /s/ Stephen M. Caine |
|---|---|
| (Type or print name) | (Signature) |

LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
Los Angeles

GC11-0000021
3349665.1

4

07cv2385 JAH WMc
Deft. Alpine Fire Protection District's Reply to Opposition to Motion to Dismiss