CHARLES G. LA BELLA (State Bar No. 183448)
STEVEN T. COOPERSMITH (State Bar No. 184646)
La Bella & McNamara LLP
401 West A. Street, Suite 1150
San Diego, California 92101
Telephone: (619) 696-9200
Facsimile:  (619) 696-9269
Email: clabella@labellamcnamara.com
       scoopersmith@labellamcnamara.com

TODD THIBODO (State Bar No. 171655)
LAW OFFICES OF TODD D. THIBODO
A PROFESSIONAL CORPORATION
16133 Ventura Boulevard, Suite 580
Encino, California 91436
Telephone: (818) 907-5769
Facsimile: (818) 907-5793
Email: toddthibodo@charter.net

Attorneys for PLAINTIFFS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM MAXWELL and KAY MAXWELL, Individually and as guardians of TREVER ALLEN BRUCE and KELTEN TANNER BRUCE; and JIM MAXWELL, as executor of the ESTATE OF KRISTIN MARIE MAXWELL-BRUCE,<br><br>        Plaintiff,<br>vs.<br><br>COUNTY OF SAN DIEGO; ALPINE FIRE PROTECTION DISTRICT; VIEJAS FIRE DEPARTMENT; DEPUTY LOWELL BRYAN "SAM" BRUCE; DOES 1-50,<br><br>        Defendants. | Case No. 07 CV-2385-JAH (WMc)<br><br>PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT VIEJAS FIRE DEPARTMENT'S MOTION TO DISMISS<br><br>Date: March 3, 2008<br>Time: 2:30 p.m.<br>Dept: Courtroom 11 |

- 1 -   Case No. 07cv2385-JAH (WMc)
Plaintiffs' Memo of Points and Authorities In Opposition to Defendant
Viejas Fire Department's Motion to Dismiss

# TABLE OF CONTENTS

Page(s)

I. PRELIMINARY STATEMENT.................................................................................... 2

II. STATEMENT OF FACTS............................................................................................3

III. THE COURT SHOULD DENY VIEJAS' MOTION TO DISMISS............................4

    A. Viejas Waived Whatever Sovereign Immunity It Had When It Entered
       Into The Mutual Aid Agreement With Alpine, Pursuant To California Health
       And Safety Code § 13863..............................................................................................4

    B. The Court Has Supplemental Jurisdiction Over The Claims Against
       Viejas...............................................................................................................................7

       1. Legal Standard ................................................................................................7

       2. The Claims Against Viejas, Alpine and the County Arise
          From A Common Nucleus of Operative Facts .........................................8

       3. The Principles of Judicial Economy, Convenience And Fairness
          All Favor Adjudicating the Claims Against Viejas, Alpine
          And The County In A Single Lawsuit .......................................................9

IV. CONCLUSION..............................................................................................................10

i  Case No. 07cv2385-JAH (WMc)
Plaintiffs' Memo of Points and Authorities In Opposition to Defendant
Viejas Fire Department's Motion to Dismiss

# TABLE OF AUTHORITIES

**Federal Cases**                                                                                          Page(s)

*C & L Enterprises, Inc. v. Citizen Band of Potawatomi Indian Tribe of Oklahoma*
    532 U.S. 411 (2001) .............................................................................. 3, 5, 6, 7

*City of Chicago v. Int'l College of Surgeons*
    522 U.S. 156, 172 (1997) ................................................................................. 9

*United Mine Workers v. Gibbs*
    383 U.S. 715, 725 (1966) ................................................................................. 7

**State Cases**

*Eastburn v. Regional Fire Protection Authority*
    31 Cal. 4th 1175 (2003) .................................................................................. 4

*Smith v. Hopland Band of Pomo Indians*
    95 Cal. App. 4th 1 (2002) ............................................................................. 6, 7

**State Statutes**

28 U.S.C. § 1367(a) ........................................................................................... 2, 4, 7

42 U.S.C. § 1983 ..................................................................................................... 2

**State Statutes**

Cal. Health and Safety Code § 13863 .......................................................... passim

Cal. Health and Safety Code § 13861(a) .......................................................... 3, 4

Cal. Health and Safety Code § 1799.107 ....................................................... 4, 5, 7

ii   Case No. 07cv2385-JAH (WMc)
Plaintiffs' Memo of Points and Authorities In Opposition to Defendant
Viejas Fire Department's Motion to Dismiss

## I. PRELIMINARY STATEMENT

San Diego County deputy sheriff Lowell Bryan Bruce ("Bruce") shot his wife Kristin Maxwell Bruce ("Kristin") in the jaw on December 14, 2006. Kristin walked to the phone and called "911." The San Diego County ("County") Sheriff's Department responded a few minutes later. Defendants Alpine Fire District ("Alpine") and Viejas Fire Department ("Viejas") also responded to the Maxwell home. Approximately one hour after she dialed 911, Kristin asphyxiated on her own blood and died, while she was under the care of defendants Alpine and Viejas. Plaintiffs allege that Alpine's and Viejas' gross negligence in providing medical care caused Kristin's death. Plaintiffs have alleged claims pursuant to 42 U.S.C. § 1983 and state law claims against the County, and state law claims for wrongful death and survival action against Alpine and Viejas. Plaintiffs have alleged that the Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

Viejas has filed a Motion to Dismiss, claiming that it has sovereign immunity as a federally recognized Indian tribe, and that the Court "lacks supplemental jurisdiction" over the claims against it.

Viejas' Motion to Dismiss recites the general law of tribal sovereign immunity, but it completely ignores paragraphs 59 and 60 of Plaintiffs' complaint and the import of California Health and Safety Code § 13863(b). Plaintiffs have alleged that Viejas was a party to a mutual aid agreement with Alpine pursuant to California Health and Safety Code § 13863, and was operating an ambulance service pursuant to the mutual aid agreement. (Complaint, ¶ 59.) California Health and Safety Code § 13863(a) provides: "A district may enter into mutual aid agreements with any ... federally recognized Indian tribe." California Health and Safety Code § 13863(b) provides that the "Indian tribe ... shall have the same immunity from liability for civil damages on account of personal injury to or death of any person ... resulting from acts or omissions of its fire department personnel in the performance of the provisions of the mutual aid agreement as is provided by law for the district ... , except when the act or omission occurs on property under the control of the ... Indian tribe." (Complaint, ¶ 60.)

- 2 -    Case No. 07cv2385-JAH (WMc)
Plaintiffs' Memo of Points and Authorities In Opposition to Defendant
Viejas Fire Department's Motion to Dismiss

A Fire Protection District is not immune from suit; it may "sue and be sued." Cal. Health and Safety Code § 13861(a). In this case, the "act or omission" Plaintiffs allege against Viejas in the gross negligence cause of action did not occur on property under the control of the tribe; it occurred at the Maxwell home. (Complaint, ¶ 35.) Thus, by entering into the mutual aid agreement with Alpine, pursuant to Health and Safety Code § 13863(b), Viejas clearly *waived* any sovereign immunity it may have had. See C & L Enterprises, Inc. v. Citizen Band of Potawatomi Indian Tribe of Oklahoma, 532 U.S. 411 (2001).

With regard to supplemental jurisdiction, Viejas, like Alpine, completely ignores the events during the hour of "chaos and disorder" between Kristin's calling for help and her death. Instead, Viejas focuses exclusively on Bruce's shooting and ignores the events between the shooting and Kristin's death. Plaintiffs clearly allege that the County's constitutional violations occurred at the same time as Viejas' gross negligence and were inextricably connected with Alpine's and Viejas' actions. Under any reasonable reading of the complaint, it is simply not possible to separate the County's actions from Viejas' or Alpine's actions. Thus, the claims against the County, Alpine and Viejas arise from a common nucleus of operative facts.

In addition, principles of judicial economy, convenience and fairness would be best served by adjudicating all claims in a single proceeding. Accordingly, the Court has supplemental jurisdiction over Plaintiffs' state law claims against Alpine and Viejas, and the Court should deny Alpine's Motion to Dismiss.

## II.   STATEMENT OF FACTS

County of San Diego sheriff's deputy Lowell Bryan Bruce ("Bruce") shot his wife Kristin Maxwell Bruce ("Kristin") in the jaw at the home of Kristin's parents Jim Maxwell ("Jim") and Kay Maxwell ("Kay") on December 14, 2006. (Complaint, ¶¶ 1, 31.) Kristin was seriously injured, but she was able to walk to the telephone and call "911." (Complaint, ¶¶ 3, 32.) The San Diego County Sheriff's Department, defendant Alpine Fire District ("Alpine") and Viejas Fire Department ("Viejas") responded, and the Maxwell residence became a "scene of chaos and disorder." (Complaint, ¶¶ 3, 35.)

- 3 -   Case No. 07cv2385-JAH (WMc)
Plaintiffs' Memo of Points and Authorities In Opposition to Defendant
Viejas Fire Department's Motion to Dismiss

1  While acting in the course and scope of their employment, County employees, Alpine
2  employees and Viejas employees caused Kristin's death by performing emergency medical
3  services in a grossly negligent manner. (Complaint, ¶ 38.) Plaintiffs' complaint alleges causes
4  of action against Alpine for wrongful death, survival action, gross negligence; intentional
5  infliction of emotional distress, and negligent infliction of emotional distress. Plaintiffs allege
6  the Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §
7  1367(a). (Complaint, ¶ 14.)

8  **III.    THE COURT SHOULD DENY VIEJAS' MOTION TO DISMISS.**

9      **A.    Viejas Waived Whatever Sovereign Immunity It had When It Entered Into
10         The Mutual Aid Agreement With Alpine, Pursuant To California Health
        and Safety Code § 13863.**

11  Plaintiffs have alleged that Viejas was a party to a mutual aid agreement with Alpine
12  pursuant to California Health and Safety Code § 13863, and was operating an ambulance
13  service pursuant to the mutual aid agreement. (Complaint, ¶ 59.) California Health and Safety
14  Code § 13863(a) provides: "A district may enter into mutual aid agreements with any ...
15  federally recognized Indian tribe." California Health and Safety Code § 13863(b) provides that
16  the "Indian tribe . . . shall have the same immunity from liability for civil damages on account
17  of personal injury to or death of any person . . . resulting from acts or omissions of its fire
18  department personnel in the performance of the provisions of the mutual aid agreement as is
19  provided by law for the district . . . , except when the act or omission occurs on property under
20  the control of the . . . Indian tribe." (Complaint, ¶ 60.)

21  A Fire Protection District is not immune from suit; it may "sue and be sued." Cal.
22  Health and Safety Code § 13861(a). However, a Fire Protection District does have a qualified
23  or limited immunity for acts other than those performed in bad faith or in a grossly negligent
24  manner. Cal. Health and Safety Code § 1799.107; <u>Eastburn v. Regional Fire Protection
25  Authority</u>, 31 Cal. 4th 1175, 1185 (2003).

26  In this case, the "acts or omissions" referred to in Health and Safety Code § 13863(b),
27  Viejas' alleged gross negligence, did not occur on property under the control of the tribe– it
28  occurred at the Maxwell home. (Complaint, ¶ 35.)

- 4 -    Case No. 07cv2385-JAH (WMc)
Plaintiffs' Memo of Points and Authorities In Opposition to Defendant
Viejas Fire Department's Motion to Dismiss

1    Thus, by entering into the mutual aid agreement with Alpine pursuant to Health and
2    Safety Code § 13863(b), Viejas waived any sovereign immunity it may have had and, instead,
3    agreed to a qualified or limited immunity for acts other than those performed in bad faith or in a
4    grossly negligent manner – i.e., the "same immunity from liability for civil damages . . . as is
5    provided by law for [an entity such as Alpine.]" Cal. Health and Safety Code § 13863(b); <u>see
6    also</u>, Cal. Health and Safety Code § 1799.107; <u>see also</u>, <u>C & L Enterprises, Inc. v. Citizen Band
7    of Potawatomi Indian Tribe of Oklahoma</u>, 532 U.S. 411 (2001).
8    In <u>C & L Enterprises</u>, the Citizen Band of Potawatomi Indian Tribe of Oklahoma
9    entered into a roofing contract with C & L Enterprises. The contract contained an arbitration
10   clause and choice of law provision. The arbitration clause referred to the Construction Industry
11   Arbitration Rules of the American Arbitration Association, and provided that an award and the
12   choice of law provision stated that the contract would be "governed by the law of the place
13   where the Project is located." <u>C&L Enterprises</u>, 532 U.S. at 415.
14   The Supreme Court held that the law of the state where the contract was entered
15   into, Oklahoma, "has adopted a Uniform Arbitration Act, which instructs that '[t]he
16   making of an agreement . . . providing for arbitration in this state confers jurisdiction on
17   the court to enforce the agreement under this act and to enter judgment on an award
18   thereunder.'" <u>Id</u>. The Court further noted that the Oklahoma "Act defines 'court' as
19   'any court of competent jurisdiction of this state.'" <u>Id.</u> at 416. Consequently, the Court
20   held:

> We are satisfied that the Tribe in this case has waived, with the requisite
> clarity, immunity from the suit C & L brought to enforce its arbitration
> award. The construction contract's provision for arbitration and related
> prescriptions lead us to this conclusion. The arbitration clause requires
> resolution of all contract-related disputes between C & L and the Tribe
> by binding arbitration; ensuing arbitral awards may be reduced to
> judgment in accordance with applicable law in any court having
> jurisdiction thereof. For governance of arbitral proceedings, the
> arbitration clause specifies American Arbitration Association Rules for
> the construction industry, <u>ibid.</u>, and under those Rules, the arbitration
> award may be entered in any federal or state court having jurisdiction
> thereof, American Arbitration Association, Construction Industry
> Dispute Resolution Procedures, R-48(c) (Sept. 1, 2000). The contract's

- 5 -    Case No. 07cv2385-JAH (WMc)
Plaintiffs' Memo of Points and Authorities In Opposition to Defendant
Viejas Fire Department's Motion to Dismiss

|   |   |
|---|---|
| 1 | choice-of-law clause makes it plain enough that a court having jurisdiction to enforce the award in question is the Oklahoma State court in which C &L filed suit. By selecting Oklahoma law (the law of the place where the Project is located) to govern the contract, the parties have effectively consented to confirmation of the award in accordance with the Oklahoma Uniform Arbitration Act, *id.*, at 46 (judgment may be entered upon [the arbitration award] in accordance with applicable law); Okla. Stat., Tit. 15, § 802.A (1993) (This act shall apply to . . . a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties.) |

Id. at 419 (reference to record on appeal omitted). Thus, the Court concluded that by entering into the contract, "the Tribe clearly consented to arbitration and to enforcement of arbitral awards in Oklahoma State court; the Tribe thereby waived its sovereign immunity[.]" Id. at 423; see also Smith v. Hopland Band of Pomo Indians, 95 Cal. App. 4th 1 (2002) (finding that Indian tribe waived sovereign immunity by entering into a contract with an arbitration clause that provided for enforcement in "any court having jurisdiction thereof[,]" and rejecting tribe's argument that it could not have waived sovereign immunity, because it did not subjectively understand that its entry into contract containing an arbitration clause would be construed as a waiver of sovereign immunity).

In this case, Viejas entered into a mutual aid agreement with Alpine pursuant to California Health and Safety Code § 13863, and was operating an ambulance service pursuant to the mutual aid agreement. (Complaint, ¶ 59.) California Health and Safety Code § 13863(b) provides that by entering into such a mutual aid agreements:

> The . . . federally recognized Indian tribe . . . shall have <u>the same immunity</u> from liability for civil damages on account of personal injury to or death of any person . . . resulting from acts or omissions of its fire department personnel in the performance of the provisions of the mutual aid agreement <u>as is provided by law for the district</u> . . . , except when the act or omission occurs on property under the control of the . . . federally recognized Indian tribe.

Cal. Health & Safety Code § 13863(b) (emphasis added). Just as the tribes in <u>C & L Enterprises</u> and <u>Smith v. Hopland Band of Pomo Indians</u> waived sovereign immunity by

1 application of state law through the contracts, in this case Viejas waived sovereign immunity
2 by application of California law through the mutual aid agreement.
3       In this case, the waiver was even clearer than in C & L Enterprises and Smith v.
4 Hopland Band of Pomo Indians. In C & L Enterprises and Smith v. Hopland Band of Pomo
5 Indians, there was no reference to any alteration of a party's immunity in the contract,
6 arbitration clause, choice of law clause or the state statutes. (Indeed, the Supreme Court
7 specifically rejected the argument that there must be an explicit reference to "sovereign
8 immunity" in order to have an effective waiver. C & L Enterprises, 532 U.S. at 420-421.) In
9 this case, however, Cal. Health and Safety Code § 13863(b) makes explicit reference to the fact
10 that when a tribe enters into a mutual aid agreement, it "shall have the same immunity from
11 liability" as the fire protection district.
12       Accordingly, by entering into the mutual aid agreement, Viejas waived sovereign
13 immunity and assented to a qualified or limited immunity for acts other than those performed in
14 bad faith or in a grossly negligent manner. Cal. Health and Safety Code § 1799.107. The
15 Court should, therefore, deny Viejas' Motion to Dismiss.
16     **B.**    **The Court has Supplemental Jurisdiction over the Claims against Viejas.**
17         **1.**    **Legal Standard**
18       28 U.S.C. § 1367(a) provides in part that "in any civil action of which the
19 district courts have original jurisdiction, the district courts shall have supplemental
20 jurisdiction over all other claims that are so related to claims in the action within such
21 original jurisdiction that they form part of the same case or controversy under Article III
22 of the United States Constitution." Claims are part of the "same case or controversy"
23 when they arise from a common nucleus of operative facts, such that a plaintiff would
24 ordinarily be expected to try them all in a single judicial proceeding. United Mine
25 Workers v. Gibbs, 383 U.S. 715, 725 (1966).
26 ///
27 ///
28 ///

- 7 -   Case No. 07cv2385-JAH (WMc)
Plaintiffs' Memo of Points and Authorities In Opposition to Defendant
Viejas Fire Department's Motion to Dismiss

2. **The Claims against Viejas, Alpine and the County Arise from a Common Nucleus of Operative Facts.**

The federal and state law claims against defendants San Diego County, Alpine Fire District and Viejas Fire Department all arise from a common nucleus of operative facts. Indeed, the claims against the County, Alpine and Viejas arise from the same facts. Decedent Kristin Maxwell Bruce was shot in the jaw on December 14, 2006. She called 911 from her home telephone, and the County Sheriff's Department, Alpine and Viejas responded a few minutes later.

During the next hour, sheriff's deputies, as well as employees of Alpine and Viejas, all attended to Kristin. Kristin was not taken to the hospital and she received grossly negligent medical treatment, as a result of which she asphyxiated on her own blood and died. What occurred during this hour of "chaos and disorder" – the locking down of the scene, the seizing and holding of Kristin, the refusal to allow her to go to the hospital, the refusal to allow her parents to do anything to help her, and the grossly negligent medical care – are the operative facts upon which all of Plaintiffs' claims against the County, Alpine and Viejas are based, except the sixth and seventh causes of action for the County's use of excessive force and battery against Jim Maxwell.

Viejas' motion to dismiss, like Alpine's and the County's, completely ignores all of the events during that hour of "chaos and disorder." Instead, Viejas focuses solely on Deputy Bruce's actions as the basis for Plaintiffs' §1983 claims against the County, and ignores all of the critical events that transpired between Kristin's initial injury and her death. Plaintiffs clearly allege that the majority of the constitutional violations alleged against the County occurred at the same time as Viejas' and Alpine's gross negligence, and were inextricably connected with Alpine's and Viejas' actions.

The two most obvious examples of how the claims against Viejas, Alpine and the County are interconnected are the factual allegations regarding the refusal to transport Kristin to the hospital and Kristin's asphyxiation on her own blood. Viejas', Alpine's and the County's respective roles in causing these two events obviously will be significant factors in

- 8 -     Case No. 07cv2385-JAH (WMc)
Plaintiffs' Memo of Points and Authorities In Opposition to Defendant
Viejas Fire Department's Motion to Dismiss

determining each Defendant's liability or level of fault. Viejas, Alpine and the County were all at the scene, and all were acting at the same time. The combined actions of all Defendants caused Kristin's death. (Complaint, ¶¶ 3, 53, 54, 56, 57.) It is not possible to neatly separate Viejas' actions from Alpine's or the County's actions. For these reasons, the claims against the County, Alpine and Viejas arise from a common nucleus of operative facts. Accordingly, the Court has supplemental jurisdiction over Plaintiffs' state law claims against Alpine and Viejas, and the Court should deny Viejas' motion to dismiss.

### 3. The Principles of Judicial Economy, Convenience And Fairness All Favor Adjudicating the Claims Against Viejas, Alpine and the County In a Single Lawsuit.

Principles of judicial economy, convenience and fairness should guide the Court in determining whether to exercise supplemental jurisdiction. <u>City of Chicago v. Int'l College of Surgeons</u>, 522 U.S. 156, 172 (1997). In this case, judicial economy, convenience and fairness all weigh heavily in favor of trying the claims against the County, Alpine and Viejas in a single action.

<u>First</u>, judicial economy and convenience will be best served, because the majority of the actions that give rise to liability occurred during the hour between Kristin's initial injury and her death, an hour during which all of the Defendants were present at the scene and responsible in some manner for what happened. This is true whether the claims are based on state law of federal statutory or constitutional law. Whether there is one trial or two, the witnesses – employees of the County, Alpine and Viejas – will all be the same. These witnesses will testify about the events that occurred during that hour whether there is one trial or two. In addition, the third and fourth causes of action for wrongful death and survival action are asserted against <u>all</u> defendants, including the County, Alpine and Viejas. It the Court was to grant Viejas' motion, these two claims would have to be adjudicated twice, in separate proceedings. Thus, the factors of judicial economy and convenience favor a single trial.

<u>Second</u>, the principle of convenience also favors adjudication of Plaintiffs' claims in a single proceeding. Adjudication of the claims against Viejas will necessarily involve testimony regarding the events that occurred during the hour between Kristin's initial injury and her

- 9 -    Case No. 07cv2385-JAH (WMc)
Plaintiffs' Memo of Points and Authorities In Opposition to Defendant
Viejas Fire Department's Motion to Dismiss

1  death. These same witnesses will be required to testify about the same events with respect to
2  the claims against the County. The claims will also involve the same issues of damages. It
3  would be highly inconvenient – and it would serve no purpose except to needlessly increase the
4  cost of litigation – to require the same witnesses to testify about the same issues and events,
5  possibly in deposition and in trial, at two separate proceedings.

6  <u>Third</u>, the principle of fairness also dictates that there should be a single trial for these
7  claims. Two trials would present a risk of inconsistent or contradictory testimony given by a
8  witness as to the same events, leading to inconsistent outcomes. In addition, separate trials
9  would allow the defendants to attempt to shift blame to the absent defendant or defendants,
10 which, in turn, could result in inconsistent outcomes. For example, if the County is the sole
11 defendant in federal court, it is likely that it will attempt to assign blame to Alpine and Viejas,
12 whereas in a separate state court trial Alpine and Viejas will likely attempt to assign blame to
13 the County. A federal jury could thus find that Alpine and Viejas were responsible for
14 Kristin's death, while a state court jury could find that the County was to blame. This would
15 lead to the unfair result of separate state and federal juries finding against the three Defendants,
16 but Plaintiffs losing both cases. This outcome would not be possible if all claims are
17 adjudicated in a single proceeding.

## IV.  **CONCLUSION**

19 For all of the foregoing reasons, Plaintiffs respectfully request that the Court deny
20 Defendant's Motion to Dismiss.

21 Dated: February 15, 2008             CHARLES G. LA BELLA
                                       STEVEN T. COOPERSMITH
22                                     LA BELLA & MCNAMARA, LLP

23                                     TODD D. THIBODO
                                       LAW OFFICES OF TODD D. THIBODO
24                                     A PROFESSIONAL CORPORATION

25                                     By: <u>/s/Steven T. Coopersmith</u>
                                           Steven T. Coopersmith
26                                         Charles G. La Bella
                                           Attorney for PLAINTIFFS
27                                         Email: scoopersmith@labellamcnamara.com
28                                                clabella@labellamcnamara.com

- 10 -   Case No. 07cv2385-JAH (WMc)
Plaintiffs' Memo of Points and Authorities In Opposition to Defendant
Viejas Fire Department's Motion to Dismiss

PROOF OF SERVICE

*Maxwell v. County of San Diego, et al.*
United States District Court of the Southern District of California
Case Number: 07 CV-2385-JAH (WMc)

I, Allison M. Trask, declare as follows:

    I am an employee of a member of the bar of this Court at whose direction was made in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 401 West "A" Street, Suite 1150, San Diego, California 92101.

    On February 15, 2008, I served the foregoing document(s) described as:

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT VIEJAS FIRE DEPARTMENT'S MOTION TO DISMISS**

on interested parties in this action by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelopes as follows:

| | |
|---|---|
| Phillip C. Samouris<br>Michelle L. Grant<br>Higgs, Fletcher & Mack LLP<br>401 West "A" Street, Suite 2600<br>San Diego, CA 92101-7913<br>Email: samouris@higgslaw.com<br>         grantm@higgslaw.com | *Counsel for Defendant Viejas Fire Department* |
| Kevin Osterberg<br>Stephen M. Caine<br>Haight Brown & Bonesteel LLP<br>3750 University Avenue, Suite 240<br>Riverside, CA 92501-3313<br>Email: kosterberg@hbblaw.com<br>         scaine@hbblaw.com | *Counsel for Defendant Alpine Fire Protection District* |
| John J. Sansone, County Counsel<br>Morris G. Hill, Senior Counsel<br>1600 Pacific Highway, Room 355<br>San Diego, CA 92101-2469<br>Email: morris.hill@sdcounty.ca.gov | *Counsel for Defendant County of San Diego* |

☒ **BY EMAIL/ECF** by electronically filing the foregoing with the Clerk of the District Court

| | |
|---|---|
| 1 | using its ECF System, which electronically notifies them via email as indicated above. |
| 2 | ☒ **BY FIRST CLASS MAIL** I am readily familiar with the firm's practice of collection and |
| 3 | processing correspondence for mailing with the United States Postal Service. Under that |
| 4 | practice, it would be deposited with United States postal service on that same day with postage |
| 5 | thereon fully prepaid at San Diego, California in the ordinary course of business. The envelope |
| 6 | was sealed and placed for collection and mailing on that date following ordinary business |
| 7 | practices. |
| 8 | ☐ **BY OVERNIGHT DELIVERY** I am readily familiar with the firm's practice of collection and |
| 9 | processing correspondence for mailing with Overnite Express and Federal Express. Under that |
| 10 | practice, it would be deposited with Overnite Express and/or Federal Express on that same day |
| 11 | thereon fully prepaid at San Diego California in the ordinary course of business. The envelope |
| 12 | was sealed and placed for collection and mailing on that date following ordinary business |
| 13 | practices. |
| 14 | ☐ **BY FACSIMILE** Based on agreement of the parties to accept service by fax transmission, I |
| 15 | faxed the documents on this date to the person(s) at the fax numbers listed. No error was |
| 16 | reported by the fax machine that I used. A copy of the record of the fax transmission, which I |
| 17 | printed out, is attached. |
| 18 | ☐ **BY PERSONAL SERVICE** I served the documents by placing them in an envelope or |
| 19 | package addressed to the person(s) at the addresses listed and providing them to a professional |
| 20 | messenger service for service on this date. |
| 21 | ☐ (STATE) I declare under penalty of perjury under the laws of the State of California that |
| 22 | the above is true and correct. |
| 23 | ☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this |
| 24 | court at whose direction the service was made. |
| 25 | Executed February 15, 2008, in San Diego, California. |

/s/ Allison M. Trask
Allison M. Trask