PHILLIP C. SAMOURIS, ESQ. (Bar No. 163303)
samouris@higgslaw.com
MICHELLE L. GRANT, ESQ. (Bar No. 220083)
grantm@higgslaw.com
401 West "A" Street, Suite 2600
San Diego, CA  92101-7913
TEL:  619.236.1551
FAX:  619.696.1410

Attorneys for Specially Appearing Defendant
VIEJAS BAND OF KUMEYAAY INDIANS, a
federally recognized Indian tribe, erroneously sued
as "VIEJAS FIRE DEPARTMENT"

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM MAXWELL and KAY MAXWELL, individually and as guardians of TREVOR ALLEN BRUCE and KELTEN TANNER BRUCE; and JIM MAXWELL, as executor of the ESTATE OF KRISTEN MARIE MAXWELL-BRUCE,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; ALPINE FIRE PROTECTION DISTRICT; VIEJAS FIRE DEPARTMENT; DEPUTY LOWELL BRYAN "SAM" BRUCE; DOES 1-50,<br><br>Defendants. | CASE NO. 07 CV 2385 JAH WMC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS FILED BY SPECIALLY APPEARING DEFENDANT VIEJAS BAND OF KUMEYAAY INDIANS**<br><br>CASE FILED:  December 19, 2007<br>IC JUDGE:  Hon. John A. Houston<br>DEPT:  11 (2nd Floor)<br>DATE:  March 3, 2008<br>TIME:  2:30 p.m. |

Specially Appearing Defendant VIEJAS BAND OF KUMEYAAY INDIANS (hereinafter the "Viejas Band" or the "Band"), a federally recognized Indian tribe, erroneously sued as the "VIEJAS FIRE DEPARTMENT" (hereinafter "Viejas Fire Department"), respectfully submits the following reply brief in support of its motion to dismiss for lack of subject matter jurisdiction.

HIGGS, FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

846340.1

Maxwell v. VFD / Case No. 07 CV 2385 JAH WMc
Reply in Support of Motion to Dismiss

## I.

## **REPLY**

**A. Plaintiffs Erroneously Rely On Their Pleadings In Support Of Their Contention That Jurisdiction Is Proper**

Federal courts are courts of limited jurisdiction, and the party asserting jurisdiction bears the burden of establishing jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). When a defendant files a motion attacking subject matter jurisdiction based upon extrinsic evidence, as the Viejas Band has done in the instant motion, the allegations of the Complaint are *not* presumed true. "The presumption of correctness that we accord to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the Court's jurisdiction into question." Commodity Trend Service, Inc. v. Commodity Futurist Trading Comm'n., 149 F.3d 679, 685 (7th Cir. 1998). In such a case, the plaintiff must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. Savage v. Glendale Union High School, 343 F.3d 1036, 1039, n.2 (9th Cir. 2003).

In the instant case, Plaintiffs incorrectly allege without any factual support that Viejas Fire Department entered into a "mutual aid agreement" with the Alpine Fire District and that by doing so, the Band supposedly waived sovereign immunity. Plaintiffs' argument lacks foundation and must be rejected. Plaintiffs have not submitted any evidence to corroborate the existence of the supposed "mutual aid agreement." Again, Plaintiffs cannot simply rely on the allegations raised in their Complaint. A motion to dismiss for lack of subject matter jurisdiction may be based on evidence outside of the pleadings. Gould Electronics, Inc. v. United States, 220 F.3d 169, 176 (3rd Cir. 2000). In such case, no presumption of truthfulness attaches to a plaintiff's allegations. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977).

Based on the foregoing, the Viejas Band's motion to dismiss is proper and should be granted. Plaintiffs have not, and cannot, establish that the Court has jurisdiction over the Viejas Band.

**B.  The State Legislature Cannot Rescind The Band's Sovereign Immunity**

Sovereign immunity is a long-established federal doctrine. Absent a clear waiver by the tribe, only *Congress* may abrogate sovereign immunity. Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe, 498 U.S. 505, 509, 111 S.Ct. 905, 909 (1991). Accordingly, the California state legislature cannot revoke sovereign immunity, as that authority rests solely with Congress. As such, Plaintiffs cannot rely on California Health and Safety Code section 13863 in support of their incorrect contention that the Viejas Band is not immune from suit in this case. As Congress has not passed any law subjecting Indian tribes to suit based upon claims arising out of the provision of government services, like emergency response, Congress has not abrogated the Viejas Band's immunity.

**C.  California Health and Safety Code Section 13863 Confers, Rather Than Limits, Immunity**

The Fire Protection District Law of 1987 recognized the need for local communities to establish fire protection districts in order to provide fire protection and emergency medical services to the public. California Health and Safety Code section 13863(a) permits local communities to contract with federal and state agencies; cities; counties, special districts; federally recognized Indian tribes; private firms; and corporations in order to do so.

Pursuant to California Health and Safety Code section 13863(b), when a fire district enters into a mutual aid agreement with another entity for fire protection services, that entity shall have *at least* the same immunity from liability for civil damages on account of personal injury to or death of any person or damage to property resulting from acts or omissions of its fire department personnel in the performance of the provisions of the mutual aid agreement as is provided by law for

the district and its employees, except when the act or omission occurs on property under the control of that entity.

Based on the foregoing, even assuming that Viejas Fire Department had entered into a "mutual aid agreement" with the Alpine Fire District, which they did not, the existence of any such agreement would not abrogate the Band's immunity. The intent of the statute is to provide the entity which has contracted with the fire district with *at least* the same immunity as the traditional public entity. Accordingly, the effect of the statute is to confer, rather than limit or waive, immunity to an entity that enters into a mutual aid agreement with a fire district. Thus, Plaintiffs' claim that the statute results in a waiver of immunity is incorrect. The Viejas Band has not waived immunity.

**D.  The Viejas Band Has Not Made Any Express Waiver Of Sovereign Immunity**

A waiver of sovereign immunity may not be implied, but must be unequivocally expressed. Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58, 98 S.Ct. 1670, 1676 (1978). "Nothing short of an express and unequivocal waiver can defeat the sovereign immunity of an Indian nation." American Indian Agric. Credit Consortium, Inc. v. Standing Rock Sioux Tribe, 780 F.2d 1374, 1379 (8th Cir. 1985).

Plaintiffs cite C & L Enterprises, Inc. v. Citizen Band of Potawatomi Indian Tribe of Oklahoma, 532 U.S. 411 (2001), and Smith v. Hopland Band of Pomo Indians, 95 Cal.App. 4th 1 (2002) in support of their contention that by entering into the alleged "mutual aid agreement" with the Alpine Fire District, the Viejas Band waived immunity. However, Plaintiffs' contention is, once again, misplaced. In both C & L and Smith, the tribes entered into contracts in which the tribes consented to jurisdiction and waived immunity from suit. Here, there is no such contract, and there has been no waiver of immunity by the Viejas Band.

**E.     The Court Lacks Subject Matter Jurisdiction Over The Viejas Band**

Plaintiffs cannot overcome the Viejas Band's immunity. Moreover, the Court does not possess federal question jurisdiction or supplemental jurisdiction in this case, as set forth in the Band's moving papers.

Although Plaintiffs do not deny that the Court lacks federal question jurisdiction over the Band, Plaintiffs contend that the Court possesses supplemental jurisdiction over the Band. Plaintiffs allege that the events that form the basis of Plaintiffs' federal claims against the County of San Diego (hereinafter the "County") occurred during the same hour as the events that form the basis of Plaintiffs' state claims against the Viejas Band, and that therefore, a common nucleus of operative fact exists between Plaintiffs' federal and state claims sufficient to permit the Court to exercise supplemental jurisdiction over the Viejas Band. However, Plaintiffs' contention is incorrect.

Plaintiffs' federal claims are based on the County's decision to hire of Lowell Bryan Bruce as a deputy, and on the allegation that the County's deputies used excessive force when they responded to the scene of the incident. Plaintiffs' state claim against the Viejas Band is based on whether Viejas Fire Department acted with the requisite standard of care in providing emergency medical services to Kristin Maxwell-Bruce. Accordingly, the facts related to the County's hiring process and the conduct of the County's deputies are distinct from the facts related to the standard of care exercised by Viejas Fire Department. As such, there is no basis for the Court to extend supplemental jurisdiction over the Band.

Plaintiffs also contend that the Court should exercise supplemental jurisdiction because it would be difficult to have separate trials against all of the Defendants. However, all of the Defendants in this matter have filed motions to dismiss. If any of those motions are granted, then the number of issues at trial will be reduced, and trial will be simplified. As a result, the Court would have little, if any, interest in retaining supplemental jurisdiction.

## II.

## CONCLUSION

For these reasons, the Viejas Band respectfully requests that the Court dismiss all claims against its fire department for lack of jurisdiction.

DATED: February 25, 2008                HIGGS, FLETCHER & MACK LLP


By: /S/ Phillip C. Samouris
PHILLIP C. SAMOURIS, ESQ.
MICHELLE L. GRANT, ESQ.
Attorneys for Specially Appearing Defendants Viejas Band of Kumeyaay Indians

HIGGS, FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

846340.1                            6

Maxwell v. VFD / Case No. 07 CV 2385 JAH WMc
Reply in Support of Motion to Dismiss

# CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document

**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS FILED BY SPECIALLY APPEARING DEFENDANT VIEJAS BAND OF KUMEYAAY INDIANS**

was served on counsel as indicated below by CM/ECF:

| Attorney for Plaintiffs | Attorney for Defendant Alpine Fire District |
|---|---|
| Charles G. La Bella, Esq. | Stephen M. Caine, Esq. |
| Steven T. Coopersmith, Esq. | Haight Brown & Bonesteel LLP |
| La BELLA & McNAMARA LLP | 3750 University Avenue, Ste. 240 |
| 401 West A Street, Suite 1150 | Riverside, CA 92501-3313 |
| San Diego, CA 92101 | Telephone: (951) 341-8300 |
| Phone: Telephone (619) 696-9200 | Fax: (951) 341-8309 |
| Fax: Facsimile: (619) 696-9269 | email: scaine@hbblaw.com |
| Email: scoopersmith@labellamcnamara.com | |

| Attorney for Defendant County of San Diego | Attorney for Defendant Lowell Bryan "Sam" Bruce |
|---|---|
| Morris G. Hill, Esq. | UNKNOWN AT THIS TIME |
| County of San Diego Office of County Counsel | |
| 1600 Pacific Highway, Rm. 355 | |
| San Diego, CA 92101-2469 | |
| Telephone: (619) 531-5649 | |
| Fax: (619) 531-6005 | |
| Email: morris.hill@sdcounty.ca.gov | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 25, 2008, at San Diego, California.

/s/ Phillip C. Samouris
Phillip C. Samouris

HIGGS, FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

846340.1

7

Maxwell v. VFD / Case No. 07 CV 2385 JAH WMc
Reply in Support of Motion to Dismiss