JOHN J. SANSONE, County Counsel (State Bar No. 103060)
County of San Diego
By MORRIS G. HILL, Senior Deputy (State Bar No. 97621)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-4877;  Fax: (619) 531-6005
E-mail: morris.hill@sdcounty.ca.gov

Attorneys for Defendant County of San Diego

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM MAXWELL and KAY MAXWELL, individually and as guardians of TREVER ALLEN BRUCE and KELTEN TANNER BRUCE; and JIM MAXWELL, as executor of the ESTATE OF KRISTIN MARIE MAXWELL-BRUCE,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF SAN DIEGO; ALPINE FIRE PROTECTION DISTRICT; VIEJAS FIRE DEPARTMENT; DEPUTY LOWELL BRYAN "SAM" BRUCE; Does 1-50,<br><br>　　　　Defendants. | No. 07-cv-2385-JAH(WMc)<br><br>ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT COUNTY OF SAN DIEGO; DEMAND FOR JURY TRIAL |

　　　　Defendant County of San Diego answers plaintiffs' complaint by admitting, denying and alleging, as follows:

　　　　1.　　The allegations of paragraphs 2, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 45, 46, 47, 48, 49, 50, and 51 require no answer due to partial grant of defendant's motion to dismiss portions of the complaint.  To the extent answer is required, those allegations are provisionally denied.

　　　　2.　　In answer to the allegations of paragraph 3 and 36, defendant admits that Bruce fatally shot Kristin, that after being shot she walked to a phone and called "911,"

that the Sheriff's Department responded to "911" calls, that Bruce was a Sheriff's employee, that access to the Maxwell residence was restricted by peace officers during the hours after the shooting, that emergency medical responders from Alpine Fire and Viejas Fire agencies were present at the Maxwell residence while access was restricted, and that Kristin was pronounced dead within an hour after she called "911." Except as expressly admitted, defendant denies the allegations of those paragraphs.

3. In answer to the allegations of paragraph 4, 37, 67, and 72, defendant admits that Jim and Kay Maxwell were separated from each other outside the Maxwell residence by peace officers until they were interviewed, and that a peace officer intentionally pepper-sprayed Jim Maxwell in response to Jim Maxwell's behavior while they were separated. Except as expressly admitted, defendant denies the allegations of those paragraphs.

4. Defendant denies the allegations of paragraphs 5, 38, 41, 42, 43, 53,54, 56, 57, 66, 68, 69, 75, 78, 79, 81, 84, and 85.

5. Defendant presently lacks information sufficient to admit or deny the allegations of paragraphs 6, 8, 9, 11, 12, 13, 14, 15, 16, 33, 39, 59, 60, 61, 62, 63, 64, 71, 73, 74, 77, 80, and 83, and on that basis provisionally denies those allegations.

6. In answer to the allegations of paragraph 10, defendant admits that Bruce was a Corrections Deputy with the Sheriff's Department, and that he resided in the judicial district. Except as expressly admitted, defendant denies the allegations of that paragraph.

7. In answer to the allegations of paragraph 34, defendant admits that Bruce placed a phone call to his supervisor at the Sheriff's Department some time after the shooting. Except as expressly admitted, defendant denies the allegations of that paragraph.

8. In answer to the allegations of paragraph 40, 44, 52, 55, 58, 65, 70, 76, and 82, defendant incorporates by reference the denials and other responses to the complaint's allegations.

## AFFIRMATIVE DEFENSES

### 1

As a first, separate and distinct affirmative defense, answering defendant alleges that the complaint fails to allege an actionable claim against defendant.

### 2

As a second, separate and distinct affirmative defense, answering defendant alleges that it is not subject to liability for exemplary or punitive damages.

### 3

As a third, separate and distinct affirmative defense, answering defendant alleges that any detention or arrest was reasonable and justified.

### 4

As a fourth, separate and distinct affirmative defense, answering defendant alleges that any use of force was reasonable and justified.

### 5

As a fifth, separate and distinct affirmative defense, answering defendant alleges that to the extent plaintiffs allege any form of negligence against defendant, the negligence and other conduct of other parties contributed to or caused the alleged injuries and damages.

WHEREFORE, said defendant prays as follows:

1. That the action be dismissed with prejudice;
2. That plaintiffs take nothing by their action;

///
///
///
///
///
///
///

3. That defendant recover its costs of suit incurred herein, including attorneys' fees; and

4. For such other and further relief as the Court deems proper and just.

DATED: June 13, 2008            JOHN J. SANSONE, County Counsel

By: s/ MORRIS G. HILL, Senior Deputy
Attorneys for Defendant County of San Diego
E-mail: morris.hill@sdcounty.ca.gov

**JURY TRIAL DEMAND**

Defendant hereby demands a trial by jury.

DATED: June 13, 2008            JOHN J. SANSONE, County Counsel

By: s/ MORRIS G. HILL, Senior Deputy
Attorneys for Defendant County of San Diego
E-mail: morris.hill@sdcounty.ca.gov

Declaration of Service

I, the undersigned, declare:

That I am over the age of eighteen years and not a party to the case; I am employed in, or am a resident of, the County of San Diego, California where the service occurred; and my business address is: 1600 Pacific Highway, Room 355, San Diego, California.

On June 13, 2008, I served the following documents: **Answer To Complaint On Behalf Of Defendant County Of San Diego; Demand For Jury Trial** in the following manner:

☐ By personally delivering copies to the person served.

☐ By placing a copy in a separate envelope, with postage fully prepaid, for each addressee named below and depositing each in the U. S. Mail at San Diego, California.

☒ By electronic filing, I served each of the above referenced documents by E-filing, in accordance with the rules governing the electronic filing of documents in the United States District Court for the Southern District of California, as to the following parties:

| | | |
|---|---|---|
| Charles G. La Bella, Esq.<br>Steven T. Coopersmith, Esq.<br>La Bella & McNamara, LLP<br>401 West "A" Street, #1150<br>San Diego, CA 92101<br>(619) 696-9200<br>(619) 696-9269 (fax)<br>charleslabella@labellamcnamara.com<br>scoopersmith@labellamcnamara.com<br>(Attorneys for Plaintiffs) | Todd D. Thibodo, Esq.<br>16133 Ventura Blvd., #580<br>Encino, CA 91436<br>(818) 907-5769<br>(818) 907-5793 (fax)<br>toddthibodo@charter.net<br>(Attorneys for Plaintiffs) | Kevin Osterberg, Esq.<br>Stephen Michael Caine, Esq.<br>Haight Brown and Bonesteel<br>6080 Center Drive, # 800<br>Los Angeles, CA 90045<br>(310) 215-7728<br>(310) 215-7300 (fax)<br>caines@hbblaw.com<br>(Attorneys for Defendant<br>Alpine Fire Protection Dist.) |

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 13, 2008, at San Diego, California.

By: s/ MORRIS G. HILL
E-mail: morris.hill@sdcounty.ca.gov

(Jim Maxwell, et al. v. County of San Diego, et al.; USDC No. 07-cv-2385-JAH(WMc))