1  Kevin M. Osterberg (Bar No. 138760)
   Stephen M. Caine (Bar No. 119590)
2  HAIGHT BROWN & BONESTEEL LLP
   3750 University Avenue, Suite 240
3  Riverside, California 92501-3313
   Telephone: 951.341.8300
4  Facsimile: 951.341.8309
   Email: kosterberg@hbblaw.com
5  Email: scaine@hbblaw.com

6  Attorneys for Defendant Alpine Fire Protection
   District

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

| 11 | JIM MAXWELL and KAY MAXWELL, individually and as guardians of TREVER ALLEN BRUCE and KELTEN TANNER BRUCE; and JIM MAXWELL, as executor of the ESTATE OF KRISTIN MARIE MAXWELL-BRUCE, | Case No. 07 CV 2385 JAH (WMc) |
|---|---|---|
| 12 | | **ANSWER OF DEFENDANT ALPINE FIRE PROTECTION DISTRICT TO PLAINTIFFS' COMPLAINT** |
| 13 | | |
| 14 | Plaintiffs, | **DEMAND FOR JURY TRIAL** |
| 15 | vs. | [Assigned to Judge Hon. John A. Houston] |
| 16 | COUNTY OF SAN DIEGO; ALPINE FIRE PROTECTION DISTRICT; VIEJAS FIRE DEPARTMENT; DEPUTY LOWELL BRYAN "SAM" BRUCE; DOES 1-50, | Ctrm: 11 |
| 17 | | Complaint Filed: December 19, 2007 |
| 18 | | |
| 19 | Defendants. | |

20

21     COMES NOW, Defendant Alpine Fire Protection District ("Alpine") and answers

22  the Complaint of Plaintiffs Jim Maxwell and Kay Maxwell, individually and as guardians

23  of Trever Allen Bruce and Kelten Tanner Bruce; and Jim Maxwell, as executor of the

24  Estate of Kristin Marie Maxwell-Bruce, and pursuant to F.R.C.P. Rule 8, admits, denies

25  and alleges as follows:

26  ///

27  ///

28  ///

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Riverside

GC11-0000021
3401929.1                      1

07 CV 2385 JAH (WMc)
Answer of Def. Alpine Fire Protection District to
Plaintiffs' Complaint, Demand for Jury Trial

# INTRODUCTION

1. In response to paragraph 1 of the Complaint, Alpine is without sufficient knowledge or information to form a belief as to the truth of all the allegations contained therein, and on that basis, denies each and every allegation contained therein.

2. In response to paragraph 2 of the Complaint, Alpine is without sufficient knowledge or information to form a belief as to the truth of all the allegations contained therein, and on that basis, denies each and every allegation contained therein.

3. In response to paragraph 3 of the Complaint, Alpine denies that sheriff's deputies refused to let Kristin Marie Maxwell-Bruce be taken to the hospital, and denies that anyone allowed Kristin Marie Maxwell-Bruce to suffocate and drown in her own blood. Alpine is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein, and on that basis, denies each and every remaining allegation contained therein.

4. In response to paragraph 4 of the Complaint, Alpine is without sufficient knowledge or information to form a belief as to the truth of all the allegations contained therein, and on that basis, denies each and every allegation contained therein.

5. In response to paragraph 5 of the Complaint, Alpine denies that it caused any catastrophe with regard to the death of Kristin Marie Maxwell-Bruce, and denies that any of the Plaintiffs claims have any merit as against Alpine. Alpine is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein, and on that basis, denies each and every remaining allegation contained therein.

# THE PARTIES

6. In response to paragraph 6 of the Complaint, Alpine is without sufficient knowledge or information to form a belief as to the truth of all the allegations contained therein, and on that basis, denies each and every allegation contained therein.

///
///

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Riverside

GC11-0000021
3401929.1

2

07 CV 2385 JAH (WMc)
Answer of Def. Alpine Fire Protection District to
Plaintiffs' Complaint, Demand for Jury Trial

7. In response to paragraph 7 of the Complaint, Alpine admits that the County of San Diego is a political subdivision of the State of California, and that the County of San Diego is within this judicial district.

8. In response to paragraph 8 of the Complaint, Alpine admits that it is a fire protection district organized and existing pursuant to California Health and Safety Code §§ 13800 et seq., and that it is headquartered within this judicial district.

9. In response to paragraphs 9, 10, 11, 12 and 13 of the Complaint, Alpine is without sufficient knowledge or information to form a belief as to the truth of all the allegations contained therein, and on that basis, denies each and every allegation contained therein.

## JURISDICTION AND VENUE

10. In response to paragraph 14 of the Complaint, Alpine admits that pursuant to this Court's Order dated June 3, 2008, this Court has exercised its supplemental jurisdiction over the state law claims alleged against Alpine.

11. In response to paragraph 15 of the Complaint, Alpine admits that venue is proper at this time.

12. In response to paragraph 16 of the Complaint, Alpine is without sufficient knowledge or information to form a belief as to the truth of all the allegations contained therein, as to all Defendants, and on that basis, denies each and every allegation contained therein.

## GENERAL ALLEGATIONS

13. In response to paragraphs 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29 and 30 of the Complaint, Alpine is without sufficient knowledge or information to form a belief as to the truth of all the allegations contained therein, and on that basis, denies each and every allegation contained therein.

## THE NIGHT OF DECEMBER 14, 2006

14. In response to paragraphs 31, 32, 33 and 34 of the Complaint, Alpine is without sufficient knowledge or information to form a belief as to the truth of all the

LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
Riverside

GC11-0000021
3401929.1

3

07 CV 2385 JAH (WMc)
Answer of Def. Alpine Fire Protection District to Plaintiffs' Complaint, Demand for Jury Trial

1  truth of all the allegations contained therein, and on that basis, denies each and every
2  allegation contained therein.
3      15.   In response to paragraph 35 of the Complaint, Alpine admits that it
4  responded to the Maxwell residence, and upon arrival, Kristin Marie Maxwell-Bruce was
5  alive. Alpine also admits that the San Diego County Sheriff's Department and Viejas Fire
6  Department also responded to the Maxwell residence.
7      16.   In response to paragraph 36 of the Complaint, Alpine denies that anyone
8  refused to allow Kristin Marie Maxwell-Bruce be taken to the hospital, and denies that
9  Kristin Marie Maxwell-Bruce died at the Maxwell residence scene an hour after she called
10 for help.
11     17.   In response to paragraph 37 of the Complaint, Alpine is without sufficient
12 knowledge or information or form a belief as to the truth of all the allegations contained
13 therein, and on that basis, denies each and every allegation contained therein.
14     18.   In response to paragraph 38 of the Complaint, Alpine denies that it caused
15 the death of Kristin Marie Maxwell-Bruce, and denies that it performed emergency
16 medical services, first aid, medical treatment, rescue procedures, transportation, and other
17 emergency medical services in a grossly negligent manner. Alpine is without sufficient
18 knowledge or information to form a belief as to the truth of the remaining allegations
19 contained therein, and on that basis, denies each and every remaining allegation contained
20 therein.
21     19.   In response to paragraph 39 of the Complaint, Alpine is without sufficient
22 knowledge or information to form a belief as to the truth of all the allegations contained
23 therein, and on that basis, denies each and every remaining allegation contained therein.
24 ///
25 ///
26 ///
27 ///
28 ///

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Riverside

GC11-0000021
3401929.1

4

07 CV 2385 JAH (WMc)
Answer of Def. Alpine Fire Protection District to
Plaintiffs' Complaint, Demand for Jury Trial

## FIRST CAUSE OF ACTION

(Violation of 42 U.SC. § 1983 (Right of Association) –

against Defendants County of San Diego, DOES 1-25

San Diego County Employees and DOES 26-100)

20.     In response to paragraph 40 of the Complaint, Alpine incorporates by reference, its response to paragraphs 1 through 39 of the Complaint, as if fully set forth herein.

21.     In response to paragraphs 41, 42 and 43 of the Complaint, Alpine is without sufficient knowledge or information to form a belief as to the truth of all the allegations contained therein, and on that basis, denies each and every allegation contained therein.

## SECOND CAUSE OF ACTION

(Violation of 42 U.S.C. § 1983

(Monell Liability) –

against Defendant County of San Diego

22.     In response to paragraph 44 of the Complaint, Alpine incorporates by reference, its response to paragraphs 1 through 43 of the Complaint, as if fully set forth herein.

23.     In response to paragraphs 45, 46, 47, 48, 49, 50 and 51 of the Complaint, Alpine is without sufficient knowledge or information to form a belief as to the truth of all the allegations contained therein, and on that basis, denies each and every allegation contained therein.

## THIRD CAUSE OF ACTION

(Wrongful death – By Jim Maxwell and Kay Maxwell, as guardians of

Trever Allen Bruce and Kelton Tanner Bruce – against all Defendants)

24.     In response to paragraph 52 of the Complaint, Alpine incorporates by reference, its response to paragraphs 1 through 51 of the Complaint, as if fully set forth herein.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Riverside

GC11-0000021
3401929.1

5

07 CV 2385 JAH (WMc)
Answer of Def. Alpine Fire Protection District to
Plaintiffs' Complaint, Demand for Jury Trial

25. In response to paragraphs 53 and 54 of the Complaint, Alpine denies the allegations contained therein.

### FOURTH CAUSE OF ACTION

(Survival action – By Jim Maxwell, as executor of the

Estate of Kristin Marie Maxwell-Bruce – against all Defendants)

26. In response to paragraph 55 of the Complaint, Alpine incorporates by reference, its response to paragraphs 1 through 54 of the Complaint, as if fully set forth herein.

27. In response to paragraph 56 of the Complaint, Alpine denies that it provided emergency medical services to Kristin Marie Maxwell-Bruce in a grossly negligent manner and denies that Kristin Marie Maxwell-Bruce died as a result of any acts and/or omissions of Alpine. Alpine is without sufficient knowledge or information to form a belief as to the truth of all the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

28. In response to paragraph 57 of the Complaint, Alpine denies the allegations contained therein.

### FIFTH CAUSE OF ACTION

(Gross Negligence – against Defendants

Alpine and Viejas and DOES 26-35)

29. In response to paragraph 58 of the Complaint, Alpine incorporates by reference, its response to paragraphs 1 through 57 of the Complaint, as if fully set forth herein.

30. In response to paragraphs 59, 60 and 61 of the Complaint, Alpine is without sufficient knowledge or information to form a belief as to the truth of all the allegations contained therein, and on that basis, denies each and every allegation contained therein.

31. In response to paragraphs 62, 63 and 64 of the Complaint, Alpine denies the allegations contained therein.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Riverside

GC11-0000021
3401929.1

6

07 CV 2385 JAH (WMc)
Answer of Def. Alpine Fire Protection District to
Plaintiffs' Complaint, Demand for Jury Trial

## SIXTH CAUSE OF ACTION

(42 U.S.C. § 1983 (Excessive Force) – by

Jim Maxwell against Defendant County of San Diego and

DOES 1-25 San Diego County employees)

32. In response to paragraph 65 of the Complaint, Alpine incorporates by reference, its response to paragraphs 1 through 64 of the Complaint, as if fully set forth herein.

33. In response to paragraphs 66, 67, 68 and 69 of the Complaint, Alpine is without sufficient knowledge or information to form a belief as to the truth of all the allegations contained therein, and on that basis, denies each and every allegation contained therein.

## SEVENTH CAUSE OF ACTION

(Battery – by Jim Maxwell against Defendants

County of San Diego and DOES 1-25 San

Diego County Employees)

34. In response to paragraph 70 of the Complaint, Alpine incorporates by reference, its response to paragraphs 1 through 69 of the Complaint, as if fully set forth herein.

35. In response to paragraphs 71, 72, 73, 74 and 75 of the Complaint, Alpine is without sufficient knowledge or information to form a belief as to the truth of all the allegations contained therein, and on that basis, denies each and every allegation contained therein.

## EIGHTH CAUSE OF ACTION

(Intentional Infliction of Emotional

Distress – against all Defendants)

36. In response to paragraph 76 of the Complaint, Alpine incorporates by reference, its response to paragraphs 1 through 75 of the Complaint, as if fully set forth herein.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Riverside

GC11-0000021
3401929.1

7

07 CV 2385 JAH (WMc)
Answer of Def. Alpine Fire Protection District to
Plaintiffs' Complaint, Demand for Jury Trial

37. In response to paragraph 77 of the Complaint, Alpine is without sufficient knowledge or information to form a belief as to the truth of all the allegations contained therein, and on that basis, denies each and every allegation contained therein.

38. In response to paragraph 78 of the Complaint, Alpine denies that it provided emergency medical services to Kristin Marie Maxwell-Bruce in a grossly negligent manner, and denies it engaged in conduct, acts or omissions resulting in mental anguish, emotional and physical distress, to Plaintiffs at all relevant times as alleged in the Complaint. Alpine is without sufficient knowledge or information to form a belief as to the truth of all the remaining allegations contained therein, and on that basis, denies each and every remaining allegation contained therein.

39. In response to paragraph 79 of the Complaint, Alpine denies it engaged in conduct, acts, or omissions causing Plaintiffs severe physical and emotional distress, and mental suffering. Alpine is without sufficient knowledge or information to form a belief as to the truth of all the remaining allegations contained therein, in on that basis, denies each and every remaining allegation contained therein

40. In response to paragraph 80 of the Complaint, Alpine denies it engaged in conduct, acts, or omissions resulting in Plaintiffs having to retain the services of medical professionals, and incurring expenses for the care and treatment of injuries, of any kind. Alpine is without sufficient knowledge or information to form a belief as to the truth of all the remaining allegations contained therein, and on that basis, denies each and every remaining allegation contained therein.

41. In response to paragraph 81 of the Complaint, Alpine is without sufficient knowledge or information to form a belief as to the truth of all the allegations contained therein, and on that basis, denies each and every allegation contained therein.

///
///
///
///

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Riverside

GC11-0000021
3401929.1

8

07 CV 2385 JAH (WMc)
Answer of Def. Alpine Fire Protection District to
Plaintiffs' Complaint, Demand for Jury Trial

## NINTH CAUSE OF ACTION

(Negligent Infliction of Emotional Distress – against all Defendants)

42. In response to paragraph 82 of the Complaint, Alpine incorporates by reference, its response to paragraphs 1 through 81 of the Complaint, as if fully set forth herein.

43. In response to paragraph 83 of the Complaint, Alpine is without sufficient knowledge or information to form a belief as to the truth of all the allegations contained therein, and on that basis, denies each and every allegation contained therein.

44. In response to paragraph 84 of the Complaint, Alpine denies that it provided emergency medical services to Kristin Marie Maxwell-Bruce in a grossly negligent manner, and denies it engaged in any conduct, acts, or omissions causing any injuries to Plaintiffs as alleged in the Complaint herein. Alpine is without sufficient knowledge or information to form a belief as to the truth of all the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

45. In response to paragraph 85 of the Complaint, Alpine denies that it engaged in any conduct, acts, or omissions that resulted in Plaintiffs suffering shock, and/or mental anguish, physical and emotional distress and mental suffering, or any injury, as alleged in the Complaint herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. As and for a first, separate and distinct affirmative defense, this answering Defendant alleges that the Complaint fails to state a cause of action against this Defendant.

### SECOND AFFIRMATIVE DEFENSE

2. As and for a second, separate and distinct affirmative defense, this answering Defendant alleges that the injuries alleged by Plaintiffs, if any, were proximately caused by the negligence and liability of other persons or entities, and this answering Defendant requests that all allocation of such negligence and liability be made among such other

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Riverside

GC11-0000021
3401929.1

9

07 CV 2385 JAH (WMc)
Answer of Def. Alpine Fire Protection District to
Plaintiffs' Complaint, Demand for Jury Trial

persons or entities, and that if any liability is found on the part of this Defendant, judgment against said Defendant be only in the amount which is proportionate to the extent and percentage by which this answering Defendant's acts or omissions contributed to Plaintiffs' injuries or damages.

### THIRD AFFIRMATIVE DEFENSE

3. As and for a third, separate and distinct affirmative defense, this answering Defendant alleges that Plaintiffs are barred from recovery herein by reason of the voluntary assumption of the risk of Plaintiffs, and/or others, which is imputed to the Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

4. As and for a fourth, separate and distinct affirmative defense, this answering Defendant alleges that Alpine and any Alpine employees referred to in the Complaint, at all times herein relevant, acted in good faith and without malice.

### FIFTH AFFIRMATIVE DEFENSE

5. As and for a fifth, separate and distinct affirmative defense, this answering Defendant alleges that any injuries to Plaintiffs were due to and caused by the negligence and omissions of Plaintiffs, which carelessness, negligence and omissions were the proximate cause of the damage, if any, to the Plaintiffs herein.

### SIXTH AFFIRMATIVE DEFENSE

6. As and for a sixth, separate and distinct affirmative defense, this answering Defendant alleges that any injury or damage suffered by Plaintiffs was caused solely by reason of Plaintiffs' wrongful acts and conduct, and not by reason of any acts or omissions by this Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

7. As and for a seventh, separate and distinct affirmative defense, this answering Defendant alleges that the actions of this Defendant were in good faith, reasonable, proper and legal.

///

LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
Riverside

GC11-0000021
3401929.1

10

07 CV 2385 JAH (WMc)
Answer of Def. Alpine Fire Protection District to Plaintiffs' Complaint, Demand for Jury Trial

## EIGHTH AFFIRMATIVE DEFENSE

8. As and for an eighth, separate and distinct affirmative defense, this answering Defendant alleges that a public employee is not liable for his or her act or omission, while exercising due care in the execution or enforcement of any law.

## NINTH AFFIRMATIVE DEFENSE

9. As and for a ninth, separate and distinct affirmative defense, this answering Defendant alleges that a public employee is not liable for any injury caused by the act or omission of another person.

## TENTH AFFIRMATIVE DEFENSE

10. As and for a tenth, separate and distinct affirmative defense, this answering Defendant alleges that a public employee is not liable for an injury resulting from his or her act or omission where the act or omission was the result of the exercise of the discretion vested in him or her.

## ELEVENTH AFFIRMATIVE DEFENSE

11. As and for an eleventh, separate and distinct affirmative defense, this answering Defendant alleges that Plaintiffs have failed to comply with applicable sections of the California Government Code relating to tort claims and actions against public entities and public employees.

## TWELFTH AFFIRMATIVE DEFENSE

12. As and for a twelfth, separate and distinct affirmative defense, this answering Defendant alleges that public employees are immune from liability for acts undertaken in an official capacity, in good faith and in accordance with clearly established law.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. As and for a thirteenth, separate and distinct affirmative defense, this answering Defendant alleges that Defendant owes no statutory, constitutional or other duty to Plaintiffs and that no special relationship existed with this Defendant.

///
///

LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
Riverside

GC11-0000021
3401929.1

11

07 CV 2385 JAH (WMc)
Answer of Def. Alpine Fire Protection District to Plaintiffs' Complaint, Demand for Jury Trial

### FOURTEENTH AFFIRMATIVE DEFENSE

14. As and for a fourteenth, separate and distinct affirmative defense, this answering Defendant alleges that all Alpine-related Defendants were adequately trained, hired and retained.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. As and for a fifteenth, separate and distinct affirmative defense, this answering Defendant alleges that this Defendant did not violate, or conspire to violate, any civil rights held by Plaintiffs.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. As and for a sixteenth, separate and distinct affirmative defense, this answering Defendant alleges that Plaintiffs' Complaint, to the extent that it seeks exemplary or punitive damages, violates this answering Defendant's right to procedural and substantive due process under the Fifth and Fourteenth Amendments of the United States Constitution, and the Constitution of the State of California, and the purported claim for punitive or exemplary damages is therefore barred. Also, this public entity Defendant is immune from punitive damages liability pursuant to statute and case law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. As and for a seventeenth, separate and distinct affirmative defense, this answering Defendant alleges that to the extent the Plaintiffs' Complaint purports to state causes of action not specifically allowed by the Government Code, Defendant is immune from liability pursuant to Government Code § 815.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. As and for an eighteenth, separate and distinct affirmative defense, this answering Defendant alleges that to the extent that the injury, if any, allegedly resulted from an act or omission of Defendant's employees who were immune from liability by reason of the immunities alleged in this Answer, or any immunity provided by statute, Defendant is also immune from liability under Government Code § 815.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Riverside

GC11-0000021
3401929.1

12

07 CV 2385 JAH (WMc)
Answer of Def. Alpine Fire Protection District to
Plaintiffs' Complaint, Demand for Jury Trial

### NINETEENTH AFFIRMATIVE DEFENSE

19. As and for a nineteenth, separate and distinct affirmative defense, this answering Defendant alleges that to the extent the injury, if any, allegedly resulted from Defendant's failure to discharge a mandatory duty, Defendant is immune from liability by reason of its exercise of reasonable diligence in discharging its duty under the provisions of Government Code § 815.

### TWENTIETH AFFIRMATIVE DEFENSE

20. As and for a twentieth, separate and distinct affirmative defense, this answering Defendant alleges that the acts or omissions complained of in the Complaint resulted from the exercise of discretion vested in public employees while acting in the scope of their public employment, and whether or not such discretion was abused, Defendant is immune from liability under Government Code §§ 820.2 and 815.2(b).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. As and for a twenty-first, separate and distinct affirmative defense, this answering Defendant alleges that to the extent the plaintiffs receive collateral source payments before the trial of this action, Defendant reserves its right to move for a reduction of any verdict rendered against it in the amount of the collateral source payments pursuant to Government Code § 985.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. As and for a twenty-second, separate and distinct affirmative defense, this answering Defendant alleges that since the present action under the Tort Claims Act is not brought or maintained in good faith, Defendant prays an award of all reasonable defense costs, including attorneys' fees, pursuant to Code of Civil Procedure §§ 1038 and 128.5.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. As and for a twenty-third, separate and distinct affirmative defense, this answering Defendant alleges that to the extent the alleged injuries to Plaintiffs were caused during the rendering of emergency medical services by Defendant and/or its employees, Defendant and/or its employees are immune from liability and not liable for civil damages

LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
Riverside

GC11-0000021
3401929.1

13

07 CV 2385 JAH (WMc)
Answer of Def. Alpine Fire Protection District to Plaintiffs' Complaint, Demand for Jury Trial

pursuant to Health and Safety Code §§ 1799.100, 1799.104, 1799.105, 1799.106, 1799.107, 1799.108 and 1799.110.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. As and for a twenty-fourth, separate and distinct affirmative defense, this answering Defendant alleges that any alleged acts or omissions were by public employees exercising due care and acting in good faith in the performance of emergency medical services and Defendant and its employees are therefore immune from liability and damages under Health and Safety Code §§ 1799.100 through 1799.110, inclusive.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. As and for a twenty-fifth, separate and distinct affirmative defense, this answering Defendant alleges that Defendant is entitled to all other applicable immunities provided by state and federal law not specifically set forth herein and specifically reserves the right to add to or amend this Answer prior to the date of the Pre-Trial Conference in order to conform the pleadings to established evidence.

WHEREFORE, this Defendant prays for judgment against the Plaintiffs herein as follows:

1. That the Complaint be dismissed with prejudice;
2. That the Plaintiffs take nothing by way of their Complaint;
3. For attorneys' fees pursuant to Code of Civil Procedure §§ 128.5 and 1038;
4. For costs of suit incurred herein; and
5. For such other and further relief as this Court may deem just and proper.

Dated: June 13, 2008                            HAIGHT BROWN & BONESTEEL LLP

By: ___/ S / Kevin M. Osterberg___
Kevin M. Osterberg
Stephen M. Caine
Attorneys for Defendant
Alpine Fire Protection District

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Riverside

GC11-0000021
3401929.1

14

07 CV 2385 JAH (WMc)
Answer of Def. Alpine Fire Protection District to
Plaintiffs' Complaint, Demand for Jury Trial

# DEMAND FOR JURY TRIAL

Defendant Alpine Fire Protection District hereby demands a trial by jury in the above-referenced matter.

Dated: June 13, 2008                               HAIGHT BROWN & BONESTEEL LLP


                                                   By:      / S /  Kevin M. Osterberg
                                                       Kevin M. Osterberg
                                                       Stephen M. Caine
                                                       Attorneys for Defendant
                                                       Alpine Fire Protection District

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Riverside

GC11-0000021
3401929.1

15

07 CV 2385 JAH (WMc)
Answer of Def. Alpine Fire Protection District to
Plaintiffs' Complaint, Demand for Jury Trial

# PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA      )
                         ) ss.:
COUNTY OF RIVERSIDE      )

*JIM MAXWELL and KAY MAXWELL vs. COUNTY OF SAN DIEGO; ALPINE FIRE PROTECTION DISTRICT; VIEJAS FIRE DEPARTMENT; DEPUTY LOWELL BRYAN "SAM" BRUCE; DOES 1-50*
USDC No.: 07 CV 2385 JAH WMc

      I am employed in the County of Riverside, State of California. I am over the age of 18 and not a party to the within action. My business address is 3750 University Avenue, Suite 240, Riverside, CA 92501-3313.

      On June 13, 2008, I served on interested parties in said action the within:

**ANSWER OF DEFENDANT ALPINE FIRE PROTECTION DISTRICT TO PLAINTIFFS' COMPLAINT**

**DEMAND FOR JURY TRIAL**

by placing a true copy thereof in sealed envelope(s) addressed as stated below and causing such envelope(s) to be deposited in the U.S. Mail at Riverside, California.

| | |
|---|---|
| Charles G. La Bella<br>Steven T. Coopersmith<br>La Bella & McNamara LLP<br>401 West "A" Street, Suite 1150<br>San Diego, California 92101<br><br>Telephone No.: (619) 696-9200<br>Facsimile No.: (619) 696-9269<br>*Attorneys for Plaintiffs* | Todd D. Thibodo<br>Law Offices of Todd D. Thibodo APC<br>16133 Ventura Boulevard, Suite 580<br>Encino, California 91436<br><br>Telephone No.: (818) 907-5769<br>Facsimile No.: (818) 907-5793<br>*Attorneys for Plaintiffs* |
| Philip Samouris<br>Higgs Fletcher & Mack LLP<br>401 West A Street, Suite 2600<br>San Diego, California 92101-7910<br><br>Telephone no.: (619) 236-1551<br>Facsimile no.: (619) 696-1410<br>Email: samouris@higgslaw.com<br>*Attorneys for co-defendant Viejas Fire Dept.* | Morris G. Hill, Senior Deputy<br>Office of County Counsel<br>1600 Pacific Highway, Room 355<br>San Diego, CA 92101-2469<br>E-Mail: morris.hill@sdcounty.ca.gov<br>Telephone No.: (619) 531-4877<br>Facsimile No.: (619) 531-6005<br>*Attorneys for Defendant, County of San Diego* |

      I deposited such envelope in the mail at Riverside, California. The envelope was mailed with postage thereon fully prepaid.

      Executed on June 13, 2008, at Riverside, California.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Riverside

GC11-0000021
3401929.1

16

07 CV 2385 JAH (WMc)
Answer of Def. Alpine Fire Protection District to
Plaintiffs' Complaint, Demand for Jury Trial

1  I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true
2  and correct.

3

| Cecilia Gonzalez | / S / Cecilia Gonzalez |
|---|---|
| (Type or print name) | (*Original Signed*) |

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Riverside

GC11-0000021
3401929.1

17

07 CV 2385 JAH (WMc)
Answer of Def. Alpine Fire Protection District to
Plaintiffs' Complaint, Demand for Jury Trial