FILED

MAY 1 1 2015

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

1
2
3
4
5
6
7
8
9

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM MAXWELL and KAY MAXWELL, individually and as guardians of TREVER ALLEN BRUCE and KELTEN TANNER BRUCE; and JIM MAXWELL, as executor of the ESTATE OF KRISTIN MARIE MAXWELL-BRUCE, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SAN DIEGO; ALPINE FIRE PROTECTION DISTRICT; VIEJAS FIRE DEPARTMENT; DEPUTY LOWELL; BRYAN "SAM" BRUCE; DOES 1-50. <br><br> Defendants. | Civil No. 07cv2385 JAH(JLB) <br><br> **VERDICT** |

07cv2385

We the jury in the above-entitled action, unanimously find as follows:

*Start with Question 1.  After you answer each question, follow the instructions that are placed in italics to determine which question to answer next.*

## PLAINTIFFS' CLAIMS CONCERNING KRISTIN'S AMBULANCE

**Question 1.**  Are Defendants Michael Knobbe and/or Jeffrey Jackson liable to Plaintiffs under section 1983 in the manner described in Court's Instruction No. 20?

Yes      No

_____    **X**   As to Defendant Michael Knobbe.

_____    **X**   As to Defendant Jeffrey Jackson.


*If you answered "Yes" as to any Defendant, go to Question 2.  If you answered "No" as to both Defendants, go to Question 3.*


**Question 2.**   Are Defendants Gregory Reynolds and/or Anthony Salazar liable to Plaintiffs under section 1983 in the manner described in Court's Instruction No. 19 with regard to the liability described in Court's Instruction No. 20?

Yes      No

_____    _____   As to Defendant Gregory Reynolds.

_____    _____   As to Defendant Anthony Salazar.

*Go to Question 2(a).*

**Question 2(a).** *Answer this question as to the claim as to which your answer was "Yes" in response to Questions 1-2.* What is the amount of economic and non-economic damages that Plaintiffs proved by a preponderance of the evidence as to these claims? (*See Court's Instruction No. 33 regarding calculating damages and Court's Instruction No. 37 regarding mitigation.*)

$_____ to the Estate of Kristin Maxwell-Bruce

$_____ to Trever Bruce

$_____ to Kelten Bruce

$_____ to Jim Maxwell

$_____ to Kay Maxwell

*If the amount of damages you awarded is $0, go to Question 2(b). Otherwise, go to Question 3.*

07cv2385

**Question 2(b).**  What amount of nominal damages do you award to Plaintiffs as to these claims?  (*See Court's Instruction No. 36 regarding nominal damages.*)

$_____ to the Estate of Kristin Maxwell-Bruce (*Nominal damages must be $1.00 or less.*)

$_____ to Trever Bruce  (*Nominal damages must be $1.00 or less.*)

$_____ to Kelten Bruce  (*Nominal damages must be $1.00 or less.*)

$_____ to Jim Maxwell  (*Nominal damages must be $1.00 or less.*)

$_____ to Kay Maxwell  (*Nominal damages must be $1.00 or less.*)

*Go to Question 3.*

**Question 3.**   Are Defendants Michael Knobbe, Jeffrey Jackson, Gregory Reynolds, and/or Anthony Salazar liable to Plaintiffs under state law in the manner described in Court's Instruction No. 27?

Yes      No

____   _X_  As to Defendant Michael Knobbe.

____   _X_  As to Defendant Jeffrey Jackson.

____   _X_  As to Defendant Gregory Reynolds.

____   _X_  As to Defendant Anthony Salazar.

3

07cv2385

*If you answered "Yes" to Question 3 as to any Defendant, answer Question 4. If you answered "No" to Question 3 as to all Defendants, go to Question 6.*

**Question 4.**  *Answer this question if your answer was "Yes" in response to Question 3.  Your damages award in Question 2(a) may or may not be duplicative of the damages award in response to this question.  You should consider damages separately as to each claim.  Any duplication of damages should be addressed in Question 4(a).*  What is the amount of economic and non-economic damages that Plaintiffs proved by a preponderance of the evidence as to these claims? (*See Court's Instruction No. 33 regarding calculating damages and Court's Instruction No. 37 regarding mitigation.*)

$_____ to the Estate of Kristin Maxwell-Bruce

$_____ to Trever Bruce

$_____ to Kelten Bruce

$_____ to Jim Maxwell

$_____ to Kay Maxwell

*If you award damages, go to Question 4(a). If the amount of damages you awarded is $0, go to Question 5.*

4

07cv2385

**Question 4(a).** If there is an overlap in the damages award in response to Questions 2(a) and 4, state the amount of overlap below:

$_____ to the Estate of Kristin Maxwell-Bruce

$_____ to Trever Bruce

$_____ to Kelten Bruce

$_____ to Jim Maxwell

$_____ to Kay Maxwell

*Go to Question 6.*


**Question 5.**  What amount of nominal damages do you award to Plaintiffs as to these claims?  (*See Court's Instruction No. 36 regarding nominal damages.*)

$_____ to the Estate of Kristin Maxwell-Bruce (*Nominal damages must be $1.00 or less.*)

$_____ to Trever Bruce  (*Nominal damages must be $1.00 or less.*)

$_____ to Kelten Bruce  (*Nominal damages must be $1.00 or less.*)

$_____ to Jim Maxwell  (*Nominal damages must be $1.00 or less.*)

$_____ to Kay Maxwell  (*Nominal damages must be $1.00 or less.*)

*Go to Question 6.*

07cv2385

## JIM MAXWELL'S CLAIMS FOR EXCESSIVE FORCE AND BATTERY

**Question 6.**     Is Defendant Gary Kneeshaw liable to Plaintiff Jim Maxwell under section 1983 in the manner described in Court's Instruction No. 22? *(Also consider Court's Instructions Nos. 21 and 25 in assessing liability as to this claim.)*

_____   Yes.

**X**   No.

*Go to Question 7.*

**Question 7.**     Is Defendant Gary Kneeshaw liable to Plaintiff Jim Maxwell under state law in the manner described in Court's Instruction No. 26?

_____   Yes.

**X**   No.

*If you answered "Yes" to Question 7, go to Question 8.  If you answered "No," skip Question 8 and go to the instructions preceding Question 9.*

**Question 8.**   Was the conduct of Defendant Gary Kneeshaw permissible in the manner described in Court's Instruction No. 29?

_____   Yes.

_____   No.

6

07cv2385

*If you answered "Yes" to Question 6, go to Question 9.*

*If you answered "Yes" to Question 7 <u>and</u> "No" to Question 8, go to Question 9.*

*Otherwise, go to Question 11.*

**Question 9.**  *Answer this question as to claims as to which your answer was "Yes" in response to Questions 6-7, and only include damages as to the claim covered in Question 7 if you also answered "No" to Question 8.*  What is the amount of economic and non-economic damages that Plaintiff Jim Maxwell proved by a preponderance of the evidence he suffered as to these claims?  (*See Court's Instruction No. 33 regarding calculating damages and Court's Instruction No. 37 regarding mitigation.*)

$ _____

*If the amount of damages you awarded is $0, go to Question 10.  Otherwise, go to Question 11.*

**Question 10.**  What amount of nominal damages do you award to Plaintiff Jim Maxwell as to these claims? (*See Court's Instruction No. 36 regarding nominal damages.*)

$_____ (*Nominal damages must be $1.00 or less.*)

*Go to Question 11.*

7

**JIM MAXWELL'S CLAIMS THAT HE WAS UNLAWFULLY SEIZED AND/OR SEPARATED FROM HIS FAMILY AFTER DEFENDANT KNOBBE TOLD HIM OF KRISTIN'S DEATH**

**Question 11.** Are Defendants Michael Knobbe and/or Gary Kneeshaw liable to Plaintiff Jim Maxwell under section 1983 in the manner described in Court's Instruction No. 24? (*Also consider Court's Instructions Nos. 21 and 22 in assessing liability as to this claim.*)

Yes     No

_____     **X**     As to Defendant Michael Knobbe.

_____     **X**     As to Defendant Gary Kneeshaw.


*Go to Question 12.*


**Question 12.** Are Defendants Michael Knobbe and/or Gary Kneeshaw liable to Plaintiff Jim Maxwell under section 1983 in the manner described in Court's Instruction No. 23?

Yes     No

_____     **X**     As to Defendant Michael Knobbe.

_____     **X**     As to Defendant Gary Kneeshaw.

*If you answered "Yes" as to any Defendant in response to Questions 11 and/or 12, go to Question 13. If you answered "No" as to all Defendants in response to Questions 11 and 12, go to Question 16.*

8

07cv2385

**Question 13**.   Are Defendants Gregory Reynolds and/or Anthony Salazar liable to Plaintiff Jim Maxwell under section 1983 in the manner described in Court's Instruction No. 19 with regard to the liability described in Court's Instruction Nos. 23 and/or 24?

Yes       No

____      ____   As to Defendant Gregory Reynolds.

____      ____   As to Defendant Anthony Salazar.


*Go to Question 14.*


**Question 14.** *Answer this question as to claims as to which your answer was "Yes" in response to Questions 11, 12, and 13.*   What is the amount of economic and non-economic damages that Plaintiff Jim Maxwell proved by a preponderance of the evidence he suffered as to these claims? *(See Court's Instruction No. 33 regarding calculating damages and Court's Instruction No. 37 regarding mitigation.)*

$_____

*If the amount of damages you awarded is $0, go to Question 15.  Otherwise, go to Question 16.*

07cv2385

**Question 15.**  What amount of nominal damages do you award to Plaintiff Jim Maxwell as to these claims?  (*See Court's Instruction No. 36 regarding nominal damages.*)


$\_\_\_\_\_  (*Nominal damages must be $1.00 or less.*)


*Go to Question 16.*


## JIM MAXWELL'S CLAIMS THAT HE WAS UNLAWFULLY SEIZED AND/OR SEPARATED FROM HIS FAMILY AT ANY TIME *OTHER THAN* AFTER DEFENDANT KNOBBE TOLD HIM OF KRISTIN'S DEATH

**Question 16.**  Are Defendants Michael Knobbe, Gary Kneeshaw, Jeffrey Jackson, and/or William Reilly liable to Plaintiff Jim Maxwell under section 1983 in the manner described in Court's Instruction No. 21?

Yes       No

\_\_\_\_      **X**   As to Defendant Michael Knobbe.

\_\_\_\_      **X**   As to Defendant Gary Kneeshaw.

\_\_\_\_      **X**   As to Defendant Jeffrey Jackson.

\_\_\_\_      **X**   As to Defendant William Reilly.


*Go to Question 17.*

10

07cv2385

**Question 17.**   Are Defendants Michael Knobbe, Gary Kneeshaw, Jeffrey Jackson, and/or William Reilly liable to Plaintiff Jim Maxwell under section 1983 in the manner described in Court's Instruction No. 23?

Yes        No

_____      **X**    As to Defendant Michael Knobbe.

_____      **X**    As to Defendant Gary Kneeshaw.

_____      **X**    As to Defendant Jeffrey Jackson.

_____      **X**    As to Defendant William Reilly.


*If you answered "Yes" as to any Defendant as to Question 16 and/or 17, go to Question 18.  If you answered "No" as to all Defendants in response to Questions 16 and 17, go to Question 21.*


**Question 18.**   Are Defendants Gregory Reynolds and/or Anthony Salazar liable to Plaintiff Jim Maxwell under section 1983 in the manner described in Court's Instruction No. 19 with regard to the liability described in Court's Instruction Nos. 21 and/or 23?

Yes        No

_____      _____    As to Defendant Gregory Reynolds.

_____      _____    As to Defendant Anthony Salazar.


*Go to Question 19.*

11

07cv2385

**Question 19.** *Answer this question as to claims as to which your answer was "Yes" in response to Questions 16, 17, and 18.* What is the amount of economic and non-economic damages that Plaintiff Jim Maxwell proved by a preponderance of the evidence he suffered as to these claims? *(See Court's Instruction No. 33 regarding calculating damages and Court's Instruction No. 37 regarding mitigation.)*

$ \rule{3in}{0.4pt}

*If the amount of damages you awarded is $0, go to Question 20. Otherwise, go to Question 21.*

**Question 20.** What amount of nominal damages do you award to Plaintiff Jim Maxwell in connection as to these claims? (*See Court's Instruction No. 36 regarding nominal damages.*)

$ \_\_\_\_\_ (*Nominal damages must be $1.00 or less.*)

*Go to Question 21.*

12

## KAY MAXWELL'S CLAIMS THAT SHE WAS UNLAWFULLY SEIZED AND/OR SEPARATED FROM HER FAMILY

**Question 21.**   Are Defendants Michael Knobbe, Gary Kneeshaw, Jeffrey Jackson, and/or William Reilly liable to Plaintiff Kay Maxwell under section 1983 in the manner described in Court's Instruction No. 21?

Yes          No

____     **X**    As to Defendant Michael Knobbe.

____     **X**    As to Defendant Gary Kneeshaw.

____     **X**    As to Defendant Jeffrey Jackson.

____     **X**    As to Defendant William Reilly.

*Go to Question 22.*

**Question 22.**   Are Defendants Michael Knobbe, Gary Kneeshaw, Jeffrey Jackson, and/or William Reilly liable to Plaintiff Kay Maxwell under section 1983 in the manner described in Court's Instruction No. 23?

Yes          No

____     **X**    As to Defendant Michael Knobbe.

____     **X**    As to Defendant Gary Kneeshaw.

____     **X**    As to Defendant Jeffrey Jackson.

____     **X**    As to Defendant William Reilly.

*If you answered "Yes" as to any Defendant as to Question 21 and/or 22, go to*

*If you answered "Yes" as to any Defendant as to Question 21 and/or 22, go to Question 23. If you answered "No" as to all Defendants in response to Questions 21 and 22, go to Question 26.*

**Question 23.**   Are Defendants Gregory Reynolds and/or Anthony Salazar liable to Plaintiff Kay Maxwell under section 1983 in the manner described in Court's Instruction No. 19 with regard to the liability described in Court's Instruction Nos. 21 and/or 23?

Yes        No

_____     _____   As to Defendant Gregory Reynolds.

_____     _____   As to Defendant Anthony Salazar.

*Go to Question 24.*

**Question 24.**   *Answer this question as to claims as to which your answer was "Yes" in response to Questions 21, 22, and 23.*   What is the amount of economic and non-economic damages that Plaintiff Kay Maxwell proved by a preponderance of the evidence she suffered as to these claims? *(See Court's Instruction No. 33 regarding calculating damages and Court's Instruction No. 37 regarding mitigation.)*

$ _____

14

*If the amount of damages you awarded is $0, go to Question 25.  Otherwise, go to Question 26.*

**Question 25.**  What amount of nominal damages do you award to Plaintiff Kay Maxwell as to these claims?  (*See Court's Instruction No. 36 regarding nominal damages.*)

$_____  (*Nominal damages must be $1.00 or less.*)

*Go to Question 26.*

15

# JIM MAXWELL'S CLAIMS FOR INFLICTION
## OF EMOTIONAL DISTRESS

**Question 26.** Are Defendants Michael Knobbe, Gary Kneeshaw, Jeffrey Jackson, William Reilly, Gregory Reynolds, and/or Anthony Salazar liable to Plaintiff Jim Maxwell under state law in the manner described in Court's Instruction No. 28?

Yes      No

____    __X__  As to Defendant Michael Knobbe.

____    __X__  As to Defendant Gary Kneeshaw.

____    __X__  As to Defendant Jeffrey Jackson.

____    __X__  As to Defendant William Reilly.

____    __X__  As to Defendant Gregory Reynolds.

____    __X__  As to Defendant Anthony Salazar.


*If you answered "Yes" to Question 26 as to any Defendant, go to Question 27. If you answered "No" as to all Defendants, go to Question 29.*

16

07cv2385

**Question 27**. Was the conduct of Defendants Michael Knobbe, Gary Kneeshaw, Jeffrey Jackson, William Reilly, Gregory Reynolds, and/or Anthony Salazar permissible in the manner described in Court's Instruction No. 29?

Yes     No

____   ____   As to Defendant Michael Knobbe.

____   ____   As to Defendant Gary Kneeshaw.

____   ____   As to Defendant Jeffrey Jackson.

____   ____   As to Defendant William Reilly.

____   ____   As to Defendant Gregory Reynolds.

____   ____   As to Defendant Anthony Salazar.

*If you answered "No" to any Defendants as to Question 27, go to Question 28.*

*If you answered "Yes" to all Defendants as to Question 27, go to Question 29.*

17

07cv2385

**Question 28.**  What is the amount of economic and non-economic damages that Plaintiff Jim Maxwell proved by a preponderance of the evidence he suffered in connection with the intentional infliction of emotional distress against him?  (*In calculating these damages, do __not__ include emotional distress damages you already awarded to Jim Maxwell in response to prior questions.  Only include additional damages for emotional distress, if any, that were not previously awarded.  Also, see Court's Instruction No. 33 regarding calculating damages and Court's Instruction No. 37 regarding mitigation.*)

$ _____

*Go to Question 29.*

07cv2385

**Question 29.**   Are Defendants Michael Knobbe, Gary Kneeshaw, Jeffrey Jackson, William Reilly, Gregory Reynolds, and/or Anthony Salazar liable to Plaintiff Jim Maxwell under state law in the manner described in Court's Instruction No. 30?

Yes      No

\_\_\_\_      **X**   As to Defendant Michael Knobbe.

\_\_\_\_      **X**   As to Defendant Gary Kneeshaw.

\_\_\_\_      **X**   As to Defendant Jeffrey Jackson.

\_\_\_\_      **X**   As to Defendant William Reilly.

\_\_\_\_      **X**   As to Defendant Gregory Reynolds.

\_\_\_\_      **X**   As to Defendant Anthony Salazar.

*Go to Question 30.*

07cv2385

**Question 30.**  Are Defendants Michael Knobbe, Gary Kneeshaw, Jeffrey Jackson, William Reilly, Gregory Reynolds, and/or Anthony Salazar liable to Plaintiff Jim Maxwell under state law in the manner described in Court's Instruction No. 31?

Yes      No

_____      __X__  As to Defendant Michael Knobbe.

_____      __X__  As to Defendant Gary Kneeshaw.

_____      __X__  As to Defendant Jeffrey Jackson.

_____      __X__  As to Defendant William Reilly.

_____      __X__  As to Defendant Gregory Reynolds.

_____      __X__  As to Defendant Anthony Salazar.


*If you answered "Yes" to Question 29 and/or 30 as to any Defendant, go to Question 31.  If you answered "No" as to all Defendants, go to Question 33.*

07cv2385

**Question 31.** Was the conduct of Defendants Michael Knobbe, Gary Kneeshaw, Jeffrey Jackson, William Reilly, Gregory Reynolds, and/or Anthony Salazar permissible in the manner described in Court's Instruction No. 29?

Yes      No

____    ____  As to Defendant Michael Knobbe.

____    ____  As to Defendant Gary Kneeshaw.

____    ____  As to Defendant Jeffrey Jackson.

____    ____  As to Defendant William Reilly.

____    ____  As to Defendant Gregory Reynolds.

____    ____  As to Defendant Anthony Salazar.


*If you answered "No" to any Defendants as to Question 31, go to Question 32. If you answered "Yes" to all Defendants as to Question 31, go to Question 33.*

07cv2385

**Question 32.**  What is the amount of economic and non-economic damages that Plaintiff Jim Maxwell proved by a preponderance of the evidence he suffered in connection with the negligent infliction of emotional distress against him?  (*In calculating these damages, do <u>not</u> include emotional distress damages you already awarded to Jim Maxwell in response to prior questions. Only include additional damages for emotional distress, if any, that were not previously awarded.  Also, see Court's Instruction No. 33 regarding calculating damages and Court's Instruction No. 37 regarding mitigation.*)

$ _____

*Go to Question 33.*

07cv2385

# KAY MAXWELL'S CLAIMS FOR INFLICTION
# OF EMOTIONAL DISTRESS

**Question 33.**   Are Defendants Michael Knobbe, Gary Kneeshaw, Jeffrey Jackson, William Reilly, Gregory Reynolds, and/or Anthony Salazar liable to Plaintiff Kay Maxwell under state law in the manner described in Court's Instruction No. 28?

Yes       No

____   **X**   As to Defendant Michael Knobbe.

____   **X**   As to Defendant Gary Kneeshaw.

____   **X**   As to Defendant Jeffrey Jackson.

____   **X**   As to Defendant William Reilly.

____   **X**   As to Defendant Gregory Reynolds.

____   **X**   As to Defendant Anthony Salazar.

*If you answered "Yes" to Question 33 as to any Defendant, go to Question 34. If you answered "No" as to all Defendants, go to Question 36.*

23

**Question 34**. Was the conduct of Defendants Michael Knobbe, Gary Kneeshaw, Jeffrey Jackson, William Reilly, Gregory Reynolds, and/or Anthony Salazar permissible in the manner described in Court's Instruction No. 29?

Yes       No

_____   _____   As to Defendant Michael Knobbe.

_____   _____   As to Defendant Gary Kneeshaw.

_____   _____   As to Defendant Jeffrey Jackson.

_____   _____   As to Defendant William Reilly.

_____   _____   As to Defendant Gregory Reynolds.

_____   _____   As to Defendant Anthony Salazar.

*If you answered "No" to any Defendants as to Question 34, go to Question 35. If you answered "Yes" to all Defendants as to Question 34, go to Question 36.*

07cv2385

**Question 35.**  What is the amount of economic and non-economic damages that Plaintiff Kay Maxwell proved by a preponderance of the evidence she suffered in connection with the intentional infliction of emotional distress against her?  (*In calculating these damages, do <u>not</u> include emotional distress damages you already awarded to Kay Maxwell in response to prior questions.  Only include additional damages for emotional distress, if any, that were not previously awarded.  Also, see Court's Instruction No. 33 regarding calculating damages and Court's Instruction No. 37 regarding mitigation.*)

$ _____

*Go to Question 36.*

25

**Question 36.**   Are Defendants Michael Knobbe, Gary Kneeshaw, Jeffrey Jackson, William Reilly, Gregory Reynolds, and/or Anthony Salazar liable to Plaintiff Kay Maxwell under state law in the manner described in Court's Instruction No. 30?

Yes      No

____      **X**   As to Defendant Michael Knobbe.

____      **X**   As to Defendant Gary Kneeshaw.

____      **X**   As to Defendant Jeffrey Jackson.

____      **X**   As to Defendant William Reilly.

____      **X**   As to Defendant Gregory Reynolds.

____      **X**   As to Defendant Anthony Salazar.


*Go to Question 37.*

26

**Question 37.**  Are Defendants Michael Knobbe, Gary Kneeshaw, Jeffrey Jackson, William Reilly, Gregory Reynolds, and/or Anthony Salazar liable to Plaintiff Kay Maxwell under state law in the manner described in Court's Instruction No. 31?

Yes      No

____    __**X**__  As to Defendant Michael Knobbe.

____    __**X**__  As to Defendant Gary Kneeshaw.

____    __**X**__  As to Defendant Jeffrey Jackson.

____    __**X**__  As to Defendant William Reilly.

____    __**X**__  As to Defendant Gregory Reynolds.

____    __**X**__  As to Defendant Anthony Salazar.


*If you answered "Yes" to Question 36 and/or 37 as to any Defendant, go to Question 38.  If you answered "No" as to all Defendants, go to Question 40.*

27

07cv2385

**Question 38**. Was the conduct of Defendants Michael Knobbe, Gary Kneeshaw, Jeffrey Jackson, William Reilly, Gregory Reynolds, and/or Anthony Salazar permissible in the manner described in Court's Instruction No. 29?

Yes      No

____    ____   As to Defendant Michael Knobbe.

____    ____   As to Defendant Gary Kneeshaw.

____    ____   As to Defendant Jeffrey Jackson.

____    ____   As to Defendant William Reilly.

____    ____   As to Defendant Gregory Reynolds.

____    ____   As to Defendant Anthony Salazar.


*If you answered "No" to any Defendants as to Question 38, go to Question 39.*

*If you answered "Yes" to all Defendants as to Question 38, go to Question 40.*

07cv2385

**Question 39.**  What is the amount of economic and non-economic damages that Plaintiff Kay Maxwell proved by a preponderance of the evidence she suffered in connection with the negligent infliction of emotional distress against her?  (*In calculating these damages, do <u>not</u> include emotional distress damages you already awarded to Kay Maxwell in response to prior questions.  Only include additional damages for emotional distress, if any, that were not previously awarded.  Also, see Court's Instruction No. 33 regarding calculating damages and Court's Instruction No. 37 regarding mitigation.*)


$ _____


*Go to Question 40.*

29

07cv2385

## TREVER BRUCE'S CLAIMS FOR INFLICTION
## OF EMOTIONAL DISTRESS

**Question 40.**   Are Defendants Michael Knobbe, Gary Kneeshaw, Jeffrey Jackson, William Reilly, Gregory Reynolds, and/or Anthony Salazar liable to Plaintiff Trever Bruce under state law in the manner described in Court's Instruction No. 28?

Yes       No

____      **X**   As to Defendant Michael Knobbe.

____      **X**   As to Defendant Gary Kneeshaw.

____      **X**   As to Defendant Jeffrey Jackson.

____      **X**   As to Defendant William Reilly.

____      **X**   As to Defendant Gregory Reynolds.

____      **X**   As to Defendant Anthony Salazar.

*If you answered "Yes" to Question 40 as to any Defendant, go to Question 41. If you answered "No" as to all Defendants, go to Question 43.*

07cv2385

**Question 41**.  Was the conduct of Defendants Michael Knobbe, Gary Kneeshaw, Jeffrey Jackson, William Reilly, Gregory Reynolds, and/or Anthony Salazar permissible in the manner described in Court's Instruction No. 29?

Yes      No

____      ____   As to Defendant Michael Knobbe.

____      ____   As to Defendant Gary Kneeshaw.

____      ____   As to Defendant Jeffrey Jackson.

____      ____   As to Defendant William Reilly.

____      ____   As to Defendant Gregory Reynolds.

____      ____   As to Defendant Anthony Salazar.


*If you answered "No" to any Defendants as to Question 41, go to Question 42. If you answered "Yes" to all Defendants as to Question 41, go to Question 43.*

31

**Question 42.**   What is the amount of economic and non-economic damages that Plaintiff Trever Bruce proved by a preponderance of the evidence he suffered in connection with the intentional infliction of emotional distress against him?   (*In calculating these damages, do <u>not</u> include emotional distress damages you already awarded to Trever Bruce in response to prior questions.   Only include additional damages for emotional distress, if any, that were not previously awarded.   Also, see Court's Instruction No. 33 regarding calculating damages and Court's Instruction No. 37 regarding mitigation.*)

$ _____

*Go to Question 43.*

07cv2385

**Question 43.**   Are Defendants Michael Knobbe, Gary Kneeshaw, Jeffrey Jackson, William Reilly, Gregory Reynolds, and/or Anthony Salazar liable to Plaintiff Trever Bruce under state law in the manner described in Court's Instruction No. 30?

Yes      No

_____   __X__ As to Defendant Michael Knobbe.

_____   __X__ As to Defendant Gary Kneeshaw.

_____   __X__ As to Defendant Jeffrey Jackson.

_____   __X__ As to Defendant William Reilly.

_____   __X__ As to Defendant Gregory Reynolds.

_____   __X__ As to Defendant Anthony Salazar.

*If you answered "Yes" to Question 43 as to any Defendant, go to Question 44. If you answered "No" as to all Defendants, go to Question 46.*

33

**Question 44**. Was the conduct of Defendants Michael Knobbe, Gary Kneeshaw, Jeffrey Jackson, William Reilly, Gregory Reynolds, and/or Anthony Salazar permissible in the manner described in Court's Instruction No. 29?

Yes      No

\_\_\_\_      \_\_\_\_    As to Defendant Michael Knobbe.

\_\_\_\_      \_\_\_\_    As to Defendant Gary Kneeshaw.

\_\_\_\_      \_\_\_\_    As to Defendant Jeffrey Jackson.

\_\_\_\_      \_\_\_\_    As to Defendant William Reilly.

\_\_\_\_      \_\_\_\_    As to Defendant Gregory Reynolds.

\_\_\_\_      \_\_\_\_    As to Defendant Anthony Salazar.


*If you answered "No" to any Defendants as to Question 44, go to Question 45.*
*If you answered "Yes" to all Defendants as to Question 44, go to Question 46.*

34

07cv2385

**Question 45.**  What is the amount of economic and non-economic damages that Plaintiff Trever Bruce proved by a preponderance of the evidence he suffered in connection with the negligent infliction of emotional distress against him?  (*In calculating these damages, do <u>not</u> include emotional distress damages you already awarded to Trever Bruce in response to prior questions. Only include additional damages for emotional distress, if any, that were not previously awarded.  Also, see Court's Instruction No. 33 regarding calculating damages and Court's Instruction No. 37 regarding mitigation.*)

$ _____

*Go to Question 46.*

35

# KELTEN BRUCE'S CLAIMS FOR INFLICTION OF EMOTIONAL DISTRESS

**Question 46.** Are Defendants Michael Knobbe, Gary Kneeshaw, Jeffrey Jackson, William Reilly, Gregory Reynolds, and/or Anthony Salazar liable to Plaintiff Kelten Bruce under state law in the manner described in Court's Instruction No. 28?

Yes      No

_____   **X**   As to Defendant Michael Knobbe.

_____   **X**   As to Defendant Gary Kneeshaw.

_____   **X**   As to Defendant Jeffrey Jackson.

_____   **X**   As to Defendant William Reilly.

_____   **X**   As to Defendant Gregory Reynolds.

_____   **X**   As to Defendant Anthony Salazar.


*If you answered "Yes" to Question 46 as to any Defendant, go to Question 47. If you answered "No" as to all Defendants, go to Question 49.*

07cv2385

**Question 47**.  Was the conduct of Defendants Michael Knobbe, Gary Kneeshaw, Jeffrey Jackson, William Reilly, Gregory Reynolds, and/or Anthony Salazar permissible in the manner described in Court's Instruction No. 29?

Yes      No

\_\_\_\_      \_\_\_\_   As to Defendant Michael Knobbe.

\_\_\_\_      \_\_\_\_   As to Defendant Gary Kneeshaw.

\_\_\_\_      \_\_\_\_   As to Defendant Jeffrey Jackson.

\_\_\_\_      \_\_\_\_   As to Defendant William Reilly.

\_\_\_\_      \_\_\_\_   As to Defendant Gregory Reynolds.

\_\_\_\_      \_\_\_\_   As to Defendant Anthony Salazar.

*If you answered "No" to any Defendants as to Question 47, go to Question 48. If you answered "Yes" to all Defendants as to Question 47, go to Question 49.*

07cv2385

**Question 48.**  What is the amount of economic and non-economic damages that Plaintiff Kelten Bruce proved by a preponderance of the evidence he suffered in connection with the intentional infliction of emotional distress against him?  (*In calculating these damages, do <u>not</u> include emotional distress damages you already awarded to Kelten Bruce in response to prior questions.  Only include additional damages for emotional distress, if any, that were not previously awarded.  Also, see Court's Instruction No. 33 regarding calculating damages and Court's Instruction No. 37 regarding mitigation.*)

$_____

*Go to Question 49.*

**Question 49.**   Are Defendants Michael Knobbe, Gary Kneeshaw, Jeffrey Jackson, William Reilly, Gregory Reynolds, and/or Anthony Salazar liable to Plaintiff Kelten Bruce under state law in the manner described in Court's Instruction No. 30?

Yes       No

____      **X**   As to Defendant Michael Knobbe.

____      **X**   As to Defendant Gary Kneeshaw.

____      **X**   As to Defendant Jeffrey Jackson.

____      **X**   As to Defendant William Reilly.

____      **X**   As to Defendant Gregory Reynolds.

____      **X**   As to Defendant Anthony Salazar.

*If you answered "Yes" to Question 49 as to any Defendant, go to Question 50. If you answered "No" as to all Defendants, go to Question 52.*

**Question 50**. Was the conduct of Defendants Michael Knobbe, Gary Kneeshaw, Jeffrey Jackson, William Reilly, Gregory Reynolds, and/or Anthony Salazar permissible in the manner described in Court's Instruction No. 29?

Yes     No

_____   _____   As to Defendant Michael Knobbe.

_____   _____   As to Defendant Gary Kneeshaw.

_____   _____   As to Defendant Jeffrey Jackson.

_____   _____   As to Defendant William Reilly.

_____   _____   As to Defendant Gregory Reynolds.

_____   _____   As to Defendant Anthony Salazar.


*If you answered "No" to any Defendants as to Question 50, go to Question 51. If you answered "Yes" to all Defendants as to Question 50, go to Question 52.*

40

07cv2385

**Question 51.**   What is the amount of economic and non-economic damages that Plaintiff Trever Bruce proved by a preponderance of the evidence he suffered in connection with the negligent infliction of emotional distress against him?   (*In calculating these damages, do <u>not</u> include emotional distress damages you already awarded to Trever Bruce in response to prior questions. Only include additional damages for emotional distress, if any, that were not previously awarded.   Also, see Court's Instruction No. 33 regarding calculating damages and Court's Instruction No. 37 regarding mitigation.*)

$ _____

*Go to Question 52.*

07cv2385

# KRISTIN'S CLAIMS FOR INFLICTION OF EMOTIONAL DISTRESS

**Question 52.**   Are Defendants Michael Knobbe, Gary Kneeshaw, Jeffrey Jackson, William Reilly, Gregory Reynolds, and/or Anthony Salazar liable to the Estate of Kristin Maxwell-Bruce under state law in the manner described in Court's Instruction No. 28?

Yes      No

_____   **X**   As to Defendant Michael Knobbe.

_____   **X**   As to Defendant Gary Kneeshaw.

_____   **X**   As to Defendant Jeffrey Jackson.

_____   **X**   As to Defendant William Reilly.

_____   **X**   As to Defendant Gregory Reynolds.

_____   **X**   As to Defendant Anthony Salazar.


*If you answered "Yes" to Question 52 as to any Defendant, go to Question 53. If you answered "No" as to all Defendants, go to Question 55.*

42

07cv2385

**Question 53**.  Was the conduct of Defendants Michael Knobbe, Gary Kneeshaw, Jeffrey Jackson, William Reilly, Gregory Reynolds, and/or Anthony Salazar permissible in the manner described in Court's Instruction No. 29?

Yes      No

_____    _____    As to Defendant Michael Knobbe.

_____    _____    As to Defendant Gary Kneeshaw.

_____    _____    As to Defendant Jeffrey Jackson.

_____    _____    As to Defendant William Reilly.

_____    _____    As to Defendant Gregory Reynolds.

_____    _____    As to Defendant Anthony Salazar.


*If you answered "No" to any Defendants as to Question 53, go to Question 54. If you answered "Yes" to all Defendants as to Question 53, go to Question 55.*

07cv2385

**Question 54.**  What is the amount of economic and non-economic damages that the Estate of Kristin Maxwell-Bruce proved by a preponderance of the evidence Kristin suffered in connection with the intentional infliction of emotional distress against her?  (*In calculating these damages, do <u>not</u> include emotional distress damages you already awarded to the Estate of Kristin Maxwell-Bruce in response to prior questions.  Only include additional damages for emotional distress, if any, that were not previously awarded.  Also, see Court's Instruction No. 33 regarding calculating damages and Court's Instruction No. 37 regarding mitigation.*)

$ _____

*Go to Question 55.*

44

**Question 55.**   Are Defendants Michael Knobbe, Gary Kneeshaw, Jeffrey Jackson, William Reilly, Gregory Reynolds, and/or Anthony Salazar liable to the Estate of Kristin Maxwell-Bruce under state law in the manner described in Court's Instruction No. 30?

Yes       No

_____     **X**   As to Defendant Michael Knobbe.

_____     **X**   As to Defendant Gary Kneeshaw.

_____     **X**   As to Defendant Jeffrey Jackson.

_____     **X**   As to Defendant William Reilly.

_____     **X**   As to Defendant Gregory Reynolds.

_____     **X**   As to Defendant Anthony Salazar.


*If you answered "Yes" to Question 55 as to any Defendant, go to Question 56. If you answered "No" as to all Defendants, go to Question 58.*

07cv2385

**Question 56**. Was the conduct of Defendants Michael Knobbe, Gary Kneeshaw, Jeffrey Jackson, William Reilly, Gregory Reynolds, and/or Anthony Salazar permissible in the manner described in Court's Instruction No. 29?

Yes     No

\_\_\_\_     \_\_\_\_     As to Defendant Michael Knobbe.

\_\_\_\_     \_\_\_\_     As to Defendant Gary Kneeshaw.

\_\_\_\_     \_\_\_\_     As to Defendant Jeffrey Jackson.

\_\_\_\_     \_\_\_\_     As to Defendant William Reilly.

\_\_\_\_     \_\_\_\_     As to Defendant Gregory Reynolds.

\_\_\_\_     \_\_\_\_     As to Defendant Anthony Salazar.


*If you answered "No" to any Defendants as to Question 56, go to Question 57. If you answered "Yes" to all Defendants as to Question 56, go to Question 58.*

46

07cv2385

**Question 57.**  What is the amount of economic and non-economic damages that the Estate of Kristin Maxwell-Bruce proved by a preponderance of the evidence Kristin suffered in connection with the negligent infliction of emotional distress against her?  (*In calculating these damages, do <u>not</u> include emotional distress damages you already awarded to the Estate of Kristin Maxwell-Bruce in response to prior questions.  Only include additional damages for emotional distress, if any, that were not previously awarded.  Also, see Court's Instruction No. 33 regarding calculating damages and Court's Instruction No. 37 regarding mitigation.*)

$ _____

*Go to Question 58.*

47

# PUNITIVE DAMAGES

**Question 58.**  As to any claim under section 1983 as to which you found a Defendant liable, have the Plaintiffs proved by a preponderance of the evidence they are entitled to punitive damages as set out in Court's Instruction No. 34?  (*In answering this question, apply the "preponderance of the evidence" standard for section 1983 claims set forth in Court's Instruction No. 34.*)

Yes      No

\_\_\_\_      **X**   As to Defendant Michael Knobbe.

\_\_\_\_      **X**   As to Defendant Gary Kneeshaw.

\_\_\_\_      **X**   As to Defendant Jeffrey Jackson.

\_\_\_\_      **X**   As to Defendant William Reilly.

\_\_\_\_      **X**   As to Defendant Gregory Reynolds.

\_\_\_\_      **X**   As to Defendant Anthony Salazar.


*If you answered "Yes" as to any Defendant, go to Question 59.  If you answered "No" as to all Defendants, go to Question 60.*

07cv2385

**Question 59.** *Only answer this question as to Defendants you answered "Yes" to in Question 58.* What amount of punitive damages do you award to Plaintiffs as to the section 1983 claims under Court's Instruction No. 34? (*In determining the amount of punitive damages, apply the "preponderance of the evidence" standard for section 1983 claims set forth in Court's Instruction No. 34.*)

$_____ in punitive damages against Defendant Michael Knobbe.

$_____ in punitive damages against Defendant Gary Kneeshaw.

$_____ in punitive damages against Defendant William Reilly.

$_____ in punitive damages against Defendant Jeffrey Jackson.

$_____ in punitive damages against Defendant Gregory Reynolds.

$_____ in punitive damages against Defendant Anthony Salazar.


*Go to Question 60.*

07cv2385

**Question 60.**  As to any claim under state law as to which you found a Defendant liable, have the Plaintiffs proved by clear and convincing evidence they are entitled to punitive damages as set out in Court's Instruction No. 34?  (*In answering this question, apply the "clear and convincing" standard for state law claims set forth in Court's Instruction No. 34.*)

Yes     No

\_\_\_\_     **X**  As to Defendant Michael Knobbe.

\_\_\_\_     **X**  As to Defendant Gary Kneeshaw.

\_\_\_\_     **X**  As to Defendant Jeffrey Jackson.

\_\_\_\_     **X**  As to Defendant William Reilly.

\_\_\_\_     **X**  As to Defendant Gregory Reynolds.

\_\_\_\_     **X**  As to Defendant Anthony Salazar.


*If you answered "Yes" as to any Defendant, go to Question 61.  If you answered "No" as to all Defendants, go to the end of the verdict form.  The foreperson should sign and date it where indicated.*

07cv2385

**Question 61.**  *Only answer this question as to Defendants you answered "Yes" to in Question 60.*  What amount of punitive damages do you award to Plaintiffs as to the state law claims under Court's Instruction No. 34?  (*In determining the amount of punitive damages, apply the "clear and convincing" standard for state law claims set forth in Court's Instruction No. 34.  Additionally, if you have awarded punitive damages against any Defendant in response to Question 59, do* <u>not</u> *include any duplicative award of punitive damages as to that Defendant here.  Only award punitive damages as to such a Defendant if those damages are additional to any punitive damages awarded as to Question 59.*)

$_____ in punitive damages against Defendant Michael Knobbe.

$_____ in punitive damages against Defendant Gary Kneeshaw.

$_____ in punitive damages against Defendant William Reilly.

$_____ in punitive damages against Defendant Jeffrey Jackson.

$_____ in punitive damages against Defendant Gregory Reynolds.

$_____ in punitive damages against Defendant Anthony Salazar.


*This is the end of the verdict form.  Once you have answered the questions as instructed, the foreperson should sign and date the verdict form where indicated below.*

Date:  _____5/11/15_____

_____
Foreperson of the Jury

51

07cv2385